# EXHIBIT 2

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) ) Case No. 25-10006 (TMH) |
| Debtors. | ) ) (~~Joint Administration Requested~~Jointly Administered) |
| | ) |

**ORDER AUTHORIZING PAYMENT OF THE**
**AST TRANSACTION BREAK-UP FEE AND BREAK-UP REIMBURSEMENTS**

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order authorizing allowance as a super-priority administrative expense and payment of the Break-Up Fee and Break-Up Reimbursements in connection with the AST Transaction, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the RSA, as applicable.

RLF1 32280882v.1

the Motion, the First Day Declaration, and the Mendelsohn Declaration (and ~~having~~any supplements filed with respect thereto), and this Court having reviewed the Objection of the United States Trustee dated January 23, 2025, and such Objection having been withdrawn based on the revisions to this Order as contained herein, and the Court having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY FOUND AND DETERMINED THAT**:

       A.     The Debtors have articulated good, compelling, sufficient, and sound business reasons for the Court to grant the relief requested in the Motion, including, without limitation, to authorize and approve the Break-Up Fee and the Break-Up Reimbursements.

       B.     All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

**Findings with Respect to the Break-Up Fee and Break-Up Reimbursements**

       C.     The Debtors have demonstrated and proven that their performance of the obligations related to the RSA and the AST Transaction with respect to the Break-Up Fee and Break-Up Reimbursements are in the best interests of the Debtors, their creditors, their estates, and all parties in interest, and that the foregoing represents a sound exercise of the Debtors' business judgment. The Debtors have articulated good, sufficient, and sound business justifications for performance of the obligations under the RSA, including obligations related to the Break-Up Fee and Break-Up Reimbursements, and the legal and factual bases set forth in the Motion, the First

Day Declaration, and the Mendelsohn Declaration (including the supplement thereto) establish just and sufficient cause to grant the relief requested in the Motion. Namely, among other things, (a) the Break-Up Fee and Break-Up Reimbursements were negotiated by the Debtors, AST, Consenting Stakeholders, and their respective advisors at arms'-length and in good faith; (b) are necessary to ensure that AST will continue to pursue, and, ultimately, consummate the AST Transaction and the RSA; and (c) each is fair, reasonable, and appropriate, including in light of the size, nature, and complexity of the AST Transaction and the RSA and the significant efforts that have been and will continue to be expended by AST in connection therewith.

D. The Break-Up Fee and Break-Up Reimbursements are each approved in their entirety and the Debtors are authorized to pay the Break-Up Fee and Break-Up Reimbursements in accordance with the terms and subject to the conditions set forth herein and in the RSA.

E. Each of the Break-Up Fee and Break-Up Reimbursements (a) is an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; and (b) commensurate to the real and material benefits conferred upon the Debtors' estates by AST, the AST Transaction and the RSA. The Break-Up Fee and Break-Up Reimbursements were material inducements for, and conditions of, AST's execution of the RSA. AST is unwilling to remain obligated to consummate the AST Transaction or otherwise be bound under the RSA absent approval of the Break-Up Fee and Break-Up Reimbursements. Further, each of the ~~proposed AST Transaction~~ Break-Up Fee and Break-Up Reimbursements was negotiated by the parties at arm's length and in good faith by the Debtors and AST.

F. The ~~Break-Up Fee and~~ Break-Up Reimbursements ~~shall each~~constitute an extension of credit to the Debtors and shall have the status of an allowed super-priority

3

administrative expense claim against the Debtors' estates pursuant <u>to</u> sections 105(a), 503(b) and 507(b) of the Bankruptcy Code, with priority over all other administrative expense claims of the kind specified in section 503(b) of the Bankruptcy Code, including any claims granted under the *Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [D.I. [●]<u>104</u>] (together with any final order granting similar relief, the "<u>DIP Order</u>"); *provided*<u>, *however*,</u> that the ~~Break-Up Fee and the~~ Break-Up Reimbursements shall <u>each</u> be subject to the Carve-Out (as defined in the DIP Order).

<u>G.    The Break-Up Fee shall have the status of an allowed administrative expense claim against the Debtors' estates pursuant sections 105(a), 503(b) and 507(b) of the Bankruptcy Code, *pari passu* with all other administrative claims against the Debtors; *provided*, *however*, that DIP lenders have agreed (and, therefore, it is hereby ordered) that any administrative claims or super-priority administrative claims granted or arising under the DIP Order shall be subordinated fully and in all respects to the Break-Up Fee and the Break-Up Reimbursements; *provided*, *further*, that the Break-Up Fee shall be subject to the Carve-Out (as defined in the DIP Order).</u>

**IT IS HEREBY ORDERED THAT:**

1.    The Relief requested in this Motion is GRANTED.

2.    The Break-Up Fee and the Break-Up Reimbursements, as set forth in the RSA, are hereby approved in their entirety and shall ~~by~~<u>be</u> payable by the Debtors in accordance with, and subject to the terms of~~,~~ the RSA and this Order, as applicable, without further order of the Court~~.~~<u>, subject to the following with respect to payment of the Break-Up Fee:</u>

4

    a.    In the event any Party terminates the RSA during a time when the Debtors could not have terminated the RSA pursuant to Section 10.04(f), the Company shall only be required to pay the Break-Up Fee if the Company subsequently consummates a Qualifying Transaction (as defined in Section 15.01(c)(ii) of the RSA) that constitutes a higher or better transaction relative to the AST Transaction. For the sake of clarity, the prior sentence shall not apply if the Debtors validly terminate the RSA pursuant to Section 10.04(f) of the RSA, or any Party validly terminates the RSA at a time when the Debtors could have terminated the RSA in accordance with Section 10.04(f) of the RSA, in each case to accept a Superior Commercial Transaction Proposal.

    b.    In the event the RSA is validly terminated solely due to a failure of the Parties to receive applicable regulatory approvals for the AST Transaction, the Break-Up Fee shall only be payable if all other requirements with respect to payment of the Break-Up Fee are satisfied and the Debtors subsequently consummate a Qualifying Transaction that also constitutes a higher or better transaction relative to the AST Transaction.

3.    The conditions and requirements explicitly set forth herein are intended to supplement all other conditions and requirements set forth in the RSA with respect to payment of the Break-Up Fee which are unchanged unless explicitly set forth herein.

4.    The Debtors shall be obligated to pay the Break-Up Reimbursements pursuant to Section 15.02 of the RSA under the circumstances described therein.

5. Nothing in this Order shall affect any party's rights or obligations with respect to the Call Option (as defined in Section 17 of the RSA).

6. ~~3.~~ The Debtors are authorized and directed to pay the Break-Up Fee and the Break-Up Reimbursements, if and when due, in accordance with the terms of the RSA and this Order, without further order of this Court.

7. ~~4.~~ AST shall not be required to file any interim or final application with the Court as a condition precedent to the Debtors' obligation to pay the Break-Up Fee and the Break-Up Reimbursements.

8. ~~5.~~ The Debtors' obligations to pay the Break-Up Fee and the Break-Up Reimbursements shall not be discharged, modified, or otherwise affected by any plan of reorganization in these Chapter 11 cases.

9. ~~6.~~ The Debtors' obligations to pay the Break-Up Fee and the Break-Up Reimbursements shall not be subject to avoidance under sections 542, 547 or 548 of the Bankruptcy Code.

10. ~~7.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. ~~8.~~ To the extent payable in accordance with this Order, the Break-Up ~~Fee and the Break-Up~~ Reimbursements ~~shall each~~ constitute an extension of credit to the Debtors and shall constitute an allowed super-priority administrative expense claim against the Debtors' estates pursuant to sections 105(a), 503(b) and 507(b) of the Bankruptcy Code, with priority over all other administrative expense claims of the kinds specified in sections 503(b) and 507(b) of the Bankruptcy Code, including any claims granted under the DIP Order, including the DIP Superpriority Claims, but subject to the Carve-Out.

6

12. To the extent payable in accordance with this Order, the Break-Up Fee shall constitute an allowed administrative expense claim against the Debtors' estates pursuant to sections 105(a), 503(b) and 507(b) of the Bankruptcy Code, with priority over all administrative claims and super-priority administrative claims and any other claims of any kind or nature granted under the DIP Order, including the DIP Superpriority Claims, but subject to the Carve-Out.

13. ~~9.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, without further delay, take any action and perform any act authorized under this Order.

14. ~~10.~~ The automatic stay set forth in section 362 of the Bankruptcy Code is modified, to the extent necessary, to permit the delivery of any notices of termination of the RSA and the termination of the RSA, if applicable, pursuant to its terms.

15. ~~11.~~ Without limiting the approval of each of the Break-Up Fee and the Break-Up Reimbursements, including priority ~~granted thereto~~ thereof of all claims arising under the DIP Order, nothing in this final Order constitutes (a) an admission as to the validity of any other claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any other claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any other claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code to the extent such assumption is unrelated to the applicable transaction; or (f) an admission as to the validity, priority,

enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

16.    ~~12.~~ In the event of any inconsistency between the terms of the DIP Order and the terms of this Order, the terms of this Order shall control.

17.    The provisions of this Order do not address or otherwise constitute an adjudication with respect to the "Break-Up Fee" referenced and defined in the AST Term Sheet (under the heading "Takings Litigation").

18.    ~~13.~~ Notice of the Motion as described therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

19.    ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.