## EXHIBIT 1

**Proposed Order**

Case 25-10006-TMH    Doc 154-1    Filed 01/31/25    Page 1 of 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) ) | Case No. 25-10006 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | **D.I. 11, 91 & 103** |

## FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of a final order: (i) authorizing, but not directing, the Debtors to satisfy, pay, or use credits to offset, the Taxes and Fees that arose prior to the Petition Date (whether due and owing before or after the Petition Date), including all Taxes subsequently determined by audit or otherwise to be owed for periods prior to the Petition Date and to satisfy, pay, or use credits to offset any postpetition amounts that become due to the Authorities in the ordinary course of business during these cases; (ii) authorizing banks and financial institutions to receive, process, honor, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the foregoing; and (iii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and of the opportunity to be heard at the hearing thereon were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and argument in support of the relief requested at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at any Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis as set forth herein (this "Final Order").

2. The Debtors are authorized, but not directed, to remit and pay, or use credits to offset, Taxes and Fees, including all Taxes and Fees subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, in the ordinary course of business during the course of these cases, in the aggregate amount not to exceed $160,000, including all Taxes and Fees that (i) accrued and were unpaid (in whole or in part) as of the Petition Date; (ii) were paid by the Debtors prepetition, but such payment was lost or not otherwise received in full by the Authorities; (iii) were incurred for prepetition periods but did not become due until after the Petition Date; or (iv) were inadvertently not paid in the ordinary course of business prior to the Petition Date. To the extent that the Debtors have overpaid any Taxes or Fees, the Debtors are authorized to seek a refund or credit on account of any such Taxes or Fees.

3. In the event the Debtors make a payment with respect to any Taxes for periods that begin prepetition and end postpetition ("Straddle Taxes"), and if the Court subsequently

determines that any portion of such Straddle Taxes is not entitled to treatment as a priority or administrative tax claim under Bankruptcy Code section 507(a)(8) or 503(b)(1)(B), the Debtors may, in their sole discretion (but shall not be required to), seek an order from the Court requiring a return of such amounts and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4. The Debtors are authorized, but not directed, to continue the Debtors' offsetting practices with respect to any Taxes or Fees in the ordinary course during these cases.

5. Prior to making a payment to any of the Authorities under the Motion, the Debtors are authorized, but not directed, to settle some or all of the Taxes and Fees for less than their face amount without further notice or hearing. Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes or Fees on any grounds they deem appropriate or the Debtors' ability to request further relief related to the Taxes and Fees in the future.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to: (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

7. The Debtors are authorized, but not directed, to issue postpetition checks, and to issue postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the filing of these cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vii) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

9.  Notice of the Motion as described therein is deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Final Order.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.