**EXHIBIT 1**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) Case No. 25-10006 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 13, 92 & 105** |

**FINAL ORDER (I) APPROVING THE PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES AND
RELATED PROCEDURES, (II) PROHIBITING UTILITY COMPANIES TO ALTER,
REFUSE, OR DISCONTINUE SERVICES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of a final order: (i) approving the proposed adequate assurance of payment for future Utility Services and the Adequate Assurance Procedures; (ii) prohibiting Utility Companies to alter, refuse, or discontinue services to the Debtors; and (iii) granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Debtors' notice of the Motion and of the opportunity to be heard in connection with the relief sought in the Motion were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements and arguments in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis as set forth in this order (this "Final Order").

2. The Adequate Assurance Deposit, together with the Debtors' ability to pay for postpetition Utility Services in the ordinary course of business, subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3. The Debtors are directed to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these chapter 11 cases. No liens shall encumber the Adequate Assurance Deposit or the Adequate Assurance Account.

4. The following Adequate Assurance Procedures are hereby approved on a final basis:

    a. The Debtors will serve a copy of the Motion and this Final Order on each Utility Company listed on the Utility Services List as soon as practicable following entry of this Final Order in accordance with Local Rule 9013-1(m)(iv).

    b. Within twenty (20) business days after entry of the Interim Order, the Debtors shall have deposited $70,000 into the Adequate Assurance Account to serve as the Adequate Assurance Deposit.

    c. If any amount on account of postpetition Utility Services is unpaid, and remains unpaid beyond any applicable grace period, the applicable Utility

        Company may request a disbursement from the Adequate Assurance Account by giving notice to: (i) the Debtors, 10802 Parkridge Boulevard, Reston, VA 20191; (ii) proposed counsel to the Debtors, (1) Milbank LLP, (x) 55 Hudson Yards, New York, NY 10001, Attn: Dennis F. Dunne (ddunne@milbank.com), Matthew L. Brod (mbrod@milbank.com), and Lauren C. Doyle (ldoyle@milbank.com), and (y) 1850 K Street, NW, Suite 1100, Washington, DC 20006, Attn: Andrew M. Leblanc (aleblanc@milbank.com), and (2) Richards, Layton & Finger, PA, 920 North King Street, Wilmington, DE 19801, Attn: Mark D. Collins (collins@rlf.com), Michael J. Merchant (merchant@rlf.com), and Amanda R. Steele (steele@rlf.com); (iii) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Wilmington, DE 19801, Attn: Benjamin Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel for the Ad Hoc Cross-Holder Group, Kirkland and Ellis, LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Brian Schartz (brian.schartz@kirkland.com), and Derek Hunter (derek.hunter@kirkland.com); (v) counsel for Ad Hoc First Lien Group, Sidley Austin LLP One South Dearborn, Chicago, Illinois 60603, Attn: Stephen E. Hessler (shessler@sidley.com), Jason Hufendick (jhufendick@sigley.com), and Dennis M. Twomey (dtwomey@sidley.com); and (vi) counsel for any statutory committee appointed in these chapter 11 cases (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date on which they receive the request, unless the Debtors and the requesting Utility Company resolve the issues raised in such request without resorting to disbursement from the Adequate Assurance Account. To the extent a Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount so disbursed.

d.    Any Utility Company desiring additional assurance of payment in the form of deposits, prepayments, or otherwise must serve an Additional Assurance Request on the Adequate Assurance Notice Parties.

e.    Any Additional Assurance Request must (i) be in writing; (ii) identify the location(s) for which the applicable Utility Services are being provided and the applicable account number(s); (iii) provide evidence that the Debtors have a direct obligation to the Utility Company; (iv) summarize the Debtors' payment history relevant to the affected account(s) for the past twelve (12) months, including the outstanding overdue amount; (v) certify that the Utility Company is not being paid in advance for its services; and (vi) set forth the Utility Company's reasons for believing that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.    Any Utility Company that does not file an Additional Assurance Request shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of

3

      the Bankruptcy Code and (ii) prohibited from (1) discontinuing, altering, refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or (2) requiring any assurance of payment other than the Proposed Adequate Assurance.

g.     Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall have thirty (30) calendar days from the receipt thereof (the "Resolution Period") to negotiate a resolution of such Additional Assurance Request.

h.     The Debtors may, in consultation with counsel to the Ad Hoc Cross-Holder Group and counsel to the Ad Hoc First Lien Group, and without further order of the Court, (i) resolve any Additional Assurance Request by mutual agreement with the applicable Utility Company and (ii) in connection with any such agreement, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, or another form of security.

i.     If the Debtors determine, in consultation with counsel to the Ad Hoc Cross-Holder Group and counsel to the Ad Hoc First Lien Group, that the Additional Assurance Request is not reasonable and are unable to reach a resolution with the applicable Utility Company during the Resolution Period, they shall, during the Resolution Period or immediately thereafter, request a hearing before the Court to determine the adequacy of the Proposed Assurance of Payment with respect to such Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code.

j.     Pending resolution of the Additional Assurance Request by the Court, the applicable Utility Company shall be prohibited to alter, refuse, or discontinue its Utility Services to the Debtors on account of unpaid charges for prepetition services, a pending Adequate Assurance Request, or any objections to the Proposed Adequate Assurance.

k.     Without a further order of the Court, (i) the portion of the Adequate Assurance Deposit attributable to any Utility Company shall be returned to the Debtors (1) on the date on which the Debtors reconcile and pay such Utility Company's final invoice in accordance with applicable non-bankruptcy law following the termination of the Utility Services provided by such Utility Company and (2) when there are no outstanding disputes related to postpetition payments due to such affected Utility Company and (ii) the Adequate Assurance Account may be closed, and any remaining portion of the Adequate Assurance Deposit returned to the Debtors, on the earlier of the effective date of the their chapter 11 plan or such other time that the applicable chapter 11 case is closed. Any funds returned to the Debtors pursuant to this provision shall be subject to the terms and conditions of any then-applicable debtor-in-possession financing or cash collateral order.

5. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6. Unless and until a Utility Company serves an Additional Assurance Request on the Debtors and the other Adequate Assurance Notice Parties, such Utility Company shall be: (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code and (ii) prohibited from (a) discontinuing, altering, refusing services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or (b) requiring any assurance of payment other than the Proposed Adequate Assurance.

7. The inclusion of any entity in, or the omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8. The Debtors are authorized, in consultation with counsel to the Ad Hoc Cross-Holder Group and counsel to the Ad Hoc First Lien Group, to amend the Utility Services List to add or remove any Utility Company, and this Final Order shall apply in all respects to any Utility Company that is subsequently added to the Utility Services List. For those Utility Companies that are subsequently added to the Utility Services List, the Debtors shall cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such Utility Companies, along with an amended Utility Services List that includes such Utility Companies. The Debtors shall, as soon as possible after any Utility Company is added to the Utility Services List, increase the aggregate amount of the Adequate Assurance Deposit by the cost of two weeks of services provided by such subsequently added Utility Company, calculated as a historical average during

the twelve (12) month period prior to the Petition Date. A Utility Company added to the Utility Services List shall be permitted to make an Additional Assurance Request pursuant to the Adequate Assurance Procedures.

9. Upon the termination of Utility Services by any Utility Company, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount equal to the lesser of (i) the estimated two-week cost of the Utility Services being discontinued and (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Company. The Debtors may amend the Utility Services List to remove a Utility Company only after the Debtors have provided two weeks' advance notice to such Utility Company and have not received any objection from such Utility Company. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Company may agree upon.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the postpetition invoices of the Utility Companies in the ordinary course of business as approved herein are authorized to: (i) receive, process, honor, and pay all such checks and electronic payment requests when presented for payment and (ii) rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any other party's right to dispute any claim; (iii) a promise or requirement to pay any particular

claim; (iv) an admission that any particular claim is of a type described in the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vii) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

12. Notice of the Motion as described therein is deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Final Order.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.