**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| LIGADO NETWORKS LLC, *et al.*,[1] ) | Case No. 25-10006 (TMH) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Re: Docket No. 177** |

**CERTIFICATION OF NO OBJECTION REGARDING DEBTORS' APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF MILBANK LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE AS THE PETITION DATE**

The undersigned hereby certifies that the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") have received no answer, objection or any other responsive pleading with respect to the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Milbank LLP as Counsel for the Debtors and Debtors in Possession Effective as the Petition Date* [Docket No. 177] (the "Application") filed by the Debtors with the United States Bankruptcy Court for the District of Delaware (the "Court") on February 4, 2025.

The undersigned further certifies that no answer, objection, or other responsive pleading to the Application has appeared on the Court's docket in the above-captioned chapter 11 cases. Pursuant to the *Notice of Application and Hearing* filed with the Application, objections to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).  The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

the Application were to be filed no later than February 18, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").[1]

WHEREFORE, the Debtors respectfully request that an order, substantially in the form attached hereto as **Exhibit 1**, be entered at the earliest convenience of the Court.

[*Remainder of page intentionally left blank*]

---

[1] Prior to the Objection Deadline, the Debtors received an informal inquiry (the "Inquiry") from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") regarding the Proposed Order. The Debtors and the U.S. Trustee have resolved the Inquiry without the need to revise the Proposed Order.

| | |
|---|---|
| Dated: February 19, 2025<br>Wilmington, Delaware | */s/ Emily R. Mathews*<br>Mark D. Collins, Esq. (Bar No. 2981)<br>Michael J. Merchant, Esq. (Bar No. 3854)<br>Amanda R. Steele, Esq. (Bar No. 5530)<br>Emily R. Mathews, Esq. (Bar. No. 6866)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone:   (302) 651-7700<br>Facsimile:   (302) 651-7701<br>Email:   collins@rlf.com<br>         merchant@rlf.com<br>         steele@rlf.com<br>         mathews@rlf.com<br><br>-and-<br><br>Dennis F. Dunne, Esq. (admitted *pro hac vice*)<br>Matthew L. Brod, Esq. (admitted *pro hac vice*)<br>Lauren C. Doyle, Esq. (admitted *pro hac vice*)<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:   (212) 530-5000<br>Facsimile:   (212) 530-5219<br>Email:   ddunne@milbank.com<br>         mbrod@milbank.com<br>         ldoyle@milbank.com<br><br>Andrew M. Leblanc, Esq. (admitted *pro hac vice*)<br>**MILBANK LLP**<br>1850 K Street, NW,<br>Suite 1100<br>Washington DC 20006<br>Telephone:   (202) 835-7500<br>Facsimile:   (202) 263-7586<br>Email:   aleblanc@milbank.com<br><br>*Proposed Co-Counsel for Debtors in Possession* |

3

## EXHIBIT 1

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) ) ) | Case No. 25-10006 (TMH) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: Docket No. 177** |

**ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF**
**MILBANK LLP AS COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 9013-1(f), authorizing the Debtors to employ and retain Milbank as their attorneys, effective as of the Petition Date; and the Court having jurisdiction over this Application and to enter this Order pursuant to 28 U.S.C. § 1334; and these Chapter 11 Cases having been referred to this Court pursuant to 28 U.S.C. § 157(a) by the Amended Standing Order of Reference, *In re Standing Order of Reference re: Title 11* (D. Del. Feb. 29, 2012) (Sleet, C.J.); and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Application and of the opportunity to be heard at the hearing thereon were appropriate under the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined in this Order shall have the respective meanings ascribed to such terms in the Application or the First Day Declaration, as applicable.

RLF1 32437873v.1

circumstances and that no other notice need be provided; and this Court having reviewed the Application and the Supporting Declarations and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court; and this Court having determined that the legal and factual bases set forth in the Application and at any hearing establish just cause for granting the requested relief on a final basis; and the relief requested in the Application being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Application is granted and approved as set forth herein.

2. In accordance with sections 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1, 2016-1, 9013-1(f), the Debtors are hereby authorized to employ and retain Milbank as their attorneys in these Chapter 11 Cases, effective as of the Petition Date.

3. Milbank is authorized to provide the Debtors with the professional services described in the Application. Should the Debtors request that Milbank undertake specific matters beyond the scope of such services, and should Milbank agree to undertake any such specific matters, the Debtors are authorized to employ Milbank for such matters.

4. Milbank shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, any case-specific fee protocols approved by the Court and any Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by this Court, and any other applicable procedures and orders of the Court. Milbank also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and any additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* Effective as of November 1, 2013 (the "UST Guidelines"), both in connection with the

Application and the interim and final fee applications to be filed by Milbank in these Chapter 11 Cases.

5. Prior to any increase in Milbank's hourly rates, Milbank shall file a supplemental affidavit with the Court and provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any statutory committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to such rate increases.

6. Milbank is authorized, but not obligated, to apply a portion of the Retainer against its fees and expenses as they become payable in accordance with the orders of this Court, prior to seeking payment of such fees and expenses from the Debtors.

7. Milbank shall make a reasonable effort to avoid duplication of services provided by any of the other Debtors' professionals retained in these Chapter 11 Cases.

8. Milbank retains all rights to reply to any objection received on the Application, Order, Brod Declaration, McPherson Declaration, or any supplemental declarations pertaining to the Application and Order.

9. Notwithstanding anything in the Application to the contrary, Milbank shall (a) to the extent that Milbank uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Milbank pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors are subject to the same conflicts checks as required for Milbank; and (d) file with this Court such disclosures required by Bankruptcy Rule 2014.

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall control.

11. Notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a).

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon its entry.

13. The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

4

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

RLF1 32437873V.1