## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: April 18, 2025 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: April 28, 2025 at 2:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR ENTRY OF
ORDER (I) APPROVING PROPOSED DISCLOSURE
STATEMENT AND FORM AND MANNER OF NOTICE OF
DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING
SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING
CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION, AND (V) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors," and together with their non-Debtor affiliates, the "Company"), respectfully state as follows in support of this motion (the "Motion"):

### Background

1. On January 5, 2025 (the "Petition Date"), each Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") with this Court. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

2.    Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in (a) the *Declaration of Douglas Smith, Chief Executive Officer of Ligado Networks LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] (the "First Day Declaration"),[2] filed on the Petition Date, and (b) the *Disclosure Statement for Joint Chapter 11 Plan of Ligado Networks LLC, and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented, the "Disclosure Statement") filed contemporaneously herewith and incorporated herein by reference.

### Jurisdiction and Venue

3.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the

---

[2]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      The bases for the relief requested herein are sections 341, 502, 1125, 1126, 1128, and 105 of the Bankruptcy Code, Rules 2002, 3003, 3017, 3020, and 9006 of the Bankruptcy Rules, and Local Rules 2002-1, 3017-1, and 9006-1.

## **Relief Requested**

6.      By this Motion, the Debtors request entry of an order (the "Order"):

i.      approving the proposed Disclosure Statement and the form and manner of notice thereof;

ii.     scheduling a hearing (the "Confirmation Hearing") to consider confirmation of the proposed *Joint Chapter 11 Plan of Ligado Networks LLC and Its Affiliated Debtors and Debtors in Possession* (as may be amended, modified, or supplemented, the "Plan") and form and manner of notice thereof;

iii.    approving the solicitation and voting procedures for the Plan;

iv.     approving the form of Ballots that the Debtors will send to Holders of Claims or Interests that are entitled to vote on the Plan, substantially in the form attached to the Order as **Exhibit 2**;

v.      approving the form of Notice of Non-Voting Status (as defined below) and the third-party release opt-out form that the Debtors will send to Holders of Claims or Interests that are not entitled to vote on the Plan, substantially in the form attached to the Order as **Exhibit 3**; and

vi.     approving the confirmation procedures.

7.      A proposed Order granting the relief requested herein is annexed hereto as **Exhibit A**.

| For the Court's convenience, the below chart provides the proposed key dates: | |
|---|---|
| Voting Record Date | **March 21, 2025** |
| Disclosure Statement Objection Deadline | **April 18, 2025, at 4:00 p.m. (prevailing Eastern Time)** |
| Disclosure Statement Hearing | **April 28, 2025 at 2:00 p.m. (prevailing Eastern Time)** |
| Solicitation Date | **As soon as practicable after entry of the Order, but in no event more than three (3) business days thereafter** |
| Publication Notice Date | **As soon as practicable after entry of the Order, but in no event more than three (3) business days thereafter** |
| Plan Supplement Filing Date | **The date that is seven (7) days before the Voting Deadline** |
| Voting Deadline | **May 29, 2025 at 4:00 p.m. (prevailing Eastern Time)** |
| Plan Confirmation Objection Deadline | **May 29, 2025 at 4:00 p.m. (prevailing Eastern Time)** |
| Deadline to File (a) Reply to Plan Objection(s), (b) Brief in Support of Plan Confirmation, (c) Declarations in Support of Confirmation, and (d) Voting Certification | **Three business days prior to the Confirmation Hearing, at 4:00 p.m. (prevailing Eastern Time)** |
| Confirmation Hearing | **June 10, 2025, at 10:00 a.m. (prevailing Eastern Time), subject to the Court's availability** |

I.      **Approval of the Disclosure Statement**

9.      Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed chapter 11 plan.   Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

10.     Accordingly, a disclosure statement must provide sufficient information to impaired creditors and equity holders entitled to vote on the plan to permit them to make an informed voting decision.  *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan.").  The essential requirement of a disclosure statement is that it "'clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *In re Keisler*, No. 08-34321, 2009 WL 1851413, at *4 (Bankr. E.D. Tenn. June 29, 2009) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).

11.    Whether a disclosure statement contains adequate information "is not governed by any otherwise applicable nonbankruptcy law, rule, or regulation." 11 U.S.C. § 1125(d). Instead, bankruptcy courts have broad discretion to determine the adequacy of the information contained in a disclosure statement. *See, e.g.*, *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement." (citing *In re River Village Assoc.,* 181 B.R. 795, 804 (E.D. Pa. 1995)); *In re Phoenix Petroleum Co*., 278 B.R. at 393 (noting that the determination of what is adequate information is "largely within the discretion of the bankruptcy court" (quoting *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp*.), 844 F.2d 1142, 1157 (5th Cir. 1988)). Congress granted bankruptcy courts such wide discretion in determining the adequacy of a disclosure statement to facilitate effective reorganizations of debtors in a broad range of businesses, taking into account the various circumstances that accompany chapter 11 cases. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408–09 (1977); *see also In re Copy Crafters Quickprint Inc*., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (noting that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties"). Accordingly, the determination of whether a disclosure statement contains adequate information is made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

12.     In  determining  whether  a  disclosure  statement  contains  adequate

information, courts generally examine a list of factors, including, but not limited to, whether the

disclosure statement contains the following types of information:

(a) the circumstances that gave rise to the filing of the bankruptcy petition;

(b) an explanation of the available assets and their value;

(c) the anticipated future of the debtor(s);

(d) the source of the information provided in the disclosure statement;

(e) the condition and performance of the debtor while in chapter 11;

(f) information regarding claims against the estate;

(g) a liquidation analysis setting forth estimated return that creditors and equity holders would receive under chapter 7;

(h) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(i) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(j) a summary of the plan;

(k) any financial information, valuations, or *pro forma* projections that would be relevant to the determination of whether to accept or reject the plan;

(l) information relevant to the risks involved;

(m) the existence, likelihood, and possible success of non-bankruptcy litigation; and

(n) the tax and securities laws consequences of the plan.

*See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also*

*In re Oxford Homes, Inc.*, 204 B.R. 264, 269 n.17 (Bankr. D. Me. 1997) (using a similar list).  This

list is not meant to be comprehensive and a debtor is not required to provide all the information on

the list.  Rather, the bankruptcy court must decide what is appropriate in each case in light of the

particular facts and circumstances.  *See Ferretti*, 128 B.R. at 18–19 (adopting a similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. at 393 (making use of a similar list but cautioning that "no one list of categories will apply in every case").

13.     The Disclosure Statement provides all of the relevant types of information identified in the above list, including:

(a) an overview of the Plan (Article I);

(b) the description of the Debtors' businesses and capital structure (Articles II.A & II.B);

(c) key events leading to the commencement of the Debtors' chapter 11 cases (Article II.C);

(d) a liquidation analysis (Exhibit E);

(e) risk factors (Article IX);

(f) requirements for Plan confirmation (Article VI.B, C);

(g) description of alternatives to the Plan (Article X); and

(h) tax and securities laws consequences of the Plan (Articles VIII and IX).

14.     Based on the foregoing, the Debtors submit that the Disclosure Statement contains sufficient information for the Debtors' creditor and interest holders entitled to vote on the Plan to make informed judgments regarding whether to vote to accept or reject the Plan. Accordingly, the Debtors respectfully request that the Court approve the Disclosure Statement as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

## II.     The Disclosure Statement Provides Adequate Notice of Release, Exculpation, and Injunction Provisions of the Plan

15.     Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be

enjoined and identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c).

16. In Article IV.F, the Disclosure Statement describes in detail the release provisions in the Plan (including consensual third-party releases), the entities providing such releases, the entities being released, and the Claims and Causes of Action so released. In Article IV.F, the Disclosure Statement discusses the terms of the exculpation provision in the Plan, and in Article IV.F, describes the injunction implementing the release and exculpation provisions of the Plan. Each of the foregoing Articles is set forth in conspicuous, bold print.

17. Consistent with the procedures described herein, holders of Claims and Interests in the Voting Classes will be given an opportunity to opt out of the third-party releases by checking a box on their respective Ballots or manifest their consent thereto by not checking such box. Likewise, the Non-Voting Holders will be given an opportunity to opt out of the third-party releases on the form attached to the Notice of Non-Voting Status or manifest their consent thereto by not opting out. As will be further developed on the record at the Confirmation Hearing, the third-party releases are consensual and an essential element of the Plan and the global settlement underlying the Debtors' contemplated restructuring transaction.

18. Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c).

### III. Approval of Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline

19. In accordance with Bankruptcy Rules 3017(a) and 2002, and Local Rules 2002-1, 3017-1, and 9006-1 in connection with the filing of this Motion, the Debtors have served notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement, as set forth in this Motion (the "Disclosure Statement

Notice"), in the form annexed hereto as **Exhibit B**, by electronic transmission and/or by first class mail on: (i) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") (Attn: Benjamin Hackman, Esq.); (ii) all holders of Claims and Interests; (iii) Foley & Lardner LLP, as counsel to U.S. Bank National Association, in its capacities as Prepetition First Lien Notes Trustee, Prepetition First Lien Notes Collateral Trustee, First Lien Collateral Trustee, First Lien Representative, Prepetition First Lien Loan Administrative Agent, Prepetition First Lien Loan Collateral Agent, Prepetition 1.5 Lien Collateral Agent, Initial Additional Pari Collateral Agent, Initial Additional Authorized Representative for the Notes Secured Parties, Senior Collateral Trustee, Junior Lien Representative, Junior Collateral Trustee, and DIP Agent; (iv) Seward & Kissel LLP, as counsel to Wilmington Savings Fund Society, in its capacity as Prepetition Second Lien Trustee and Prepetition Second Lien Collateral Trustee; (v) Jones Day LLP, as counsel to Jefferies Finance LLC, in its capacity as Prepetition 1.5 Lien Administrative Agent, Senior Lien Representative, and Junior Lien Representative; (vi) Sidley Austin LLP, as counsel to the Ad Hoc First Lien Group; (vii) Kirkland & Ellis LLP, as counsel to an Ad Hoc Cross-Holder Group; (viii) the Federal Communication Commission; (ix) the United States Securities and Exchange Commission; (x) the Internal Revenue Service; (xi) the state attorneys general for all states in which the Debtors conduct business; (xii) the United States Attorney's Office for the District of Delaware; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

       20.    Copies of the Disclosure Statement and the Plan are also available free-of-charge on the Debtors' claims agent's website at https://omniagentsolutions.com/Ligado.

21.     The Debtors submit that the foregoing provided adequate notice of the Disclosure Statement Hearing and the deadline for objecting to the approval of the Disclosure Statement and, accordingly, request that the Court approve such procedures as adequate.

## IV.    Solicitation Procedures.

22.     The Debtors propose to implement the following solicitation and balloting procedures (the "Solicitation Procedures"):

### A.    Voting Record Date.

23.     Bankruptcy Rule 3017(d) provides, in relevant part, that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders [must] include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).

24.     The Debtors request that the Court set **March 21, 2025** as the date for determining which creditors and equity holders are entitled to vote on the Plan (the "Voting Record Date").

25.     To the extent a Claim in a Voting Class is transferred pursuant to Bankruptcy Rule 3001(e), the transferee will be entitled to vote such Claim on the Plan only if: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim will be bound by the vote on the Plan, if any, made by the holder of such Claim as of the Voting Record Date.

26. The Debtors believe that establishing the Voting Record Date is appropriate as it facilitates the determination of which holders of Claims and Interest are entitled to vote on the Plan or, in the case of Non-Voting Holders, to receive the Notice of Non-Voting Status.

**B.  Parties Entitled to Vote.**

27. The following classes (the "<u>Voting Classes</u>") are impaired and entitled to receive distributions under the Plan and, accordingly, the holders of Claims and Interests in such Classes as of the Voting Record Date may vote to accept or reject the Plan:

| Class | Description |
|---|---|
| Class 3 | First Lien Claims |
| Class 4 | 1.5 Lien Claims |
| Class 5 | Second Lien Notes Claims |
| Class 9 | Existing Series A-0 Preferred Units |
| Class 10 | Existing Series A-1 Preferred Units |

28. The remaining classes are unimpaired under the Plan and, pursuant to section 1126(f) of the Bankruptcy Code, the holders of Claims and Interests in such classes (the "<u>Non-Voting Holders</u>") are presumed to accept the Plan and are not entitled to vote.

**C.  Approval of Forms of Ballots and Master Ballots.**

29. Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Bankruptcy Form No. B 314, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).[3] The Debtors propose to distribute to holders of Claims and Interests in the Voting Classes ballots substantially in the form attached to the proposed Order as **Exhibits 2.A-2.G** (collectively, the "<u>Ballots</u>").  Although the

---

[3]  Official Bankruptcy Form No. B 314 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.

Ballots are based on Official Bankruptcy Form No. B 314, they have been modified to address the specific circumstances of these Chapter 11 Cases and to include certain additional information that the Debtors believe is relevant and appropriate.  The Debtors request that the Court approves the proposed forms of Ballots.

30.    Certain holders of Claims in Classes 3 and 5 may hold the underlying securities through custodians, brokers, banks, dealers, or other agents and nominees (collectively, the "Nominees") that hold such securities of record on behalf of such holders (the "Beneficial Holders").  As only holders of record are entitled to vote on the Plan, the Debtors intend to provide such Nominees with master ballots, substantially in the form attached to the proposed Order as **Exhibits 2.A and 2.D** (collectively, the "Master Ballots"), together with a sufficient number of Class 3 or Class 5 Ballots, as applicable, substantially in the form attached to the proposed Order as **Exhibits 2.B and 2.E** (the "Beneficial Holder Ballots"), to be distributed to each Nominee's Beneficial Holders with instructions on how to vote on the Plan.

### D.  Approval of Notices of Non-Voting Status.

31.    Bankruptcy Rule 3017(d) permits the Court to excuse the Debtors from mailing the Plan and Disclosure Statement to Non-Voting Holders.  In lieu thereof, the Court may order that "notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, [and] notice of the time fixed for filing objections to and the hearing on confirmation" be mailed to such classes.

32.    Because the Non-Voting Holders are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, they are not entitled to vote. Therefore, in accordance with Bankruptcy Rule 3017(d), the Debtors propose to send to the Non-

Voting Holders a notice of their non-voting status, substantially in the form annexed to the proposed Order as **Exhibit 3** ("Notice of Non-Voting Status").

33.     Each Notice of Non-Voting Status provides (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Plan, (c) notice of the recipient's non-voting status, (d) an opportunity to opt out of the third-party releases set forth in the Plan, and (e) information on how to obtain copies of the Disclosure Statement and the proposed Plan. The Debtors submit that the proposed notice satisfies the requirements of Bankruptcy Rule 3017(d).

### E.    Solicitation Packages.

34.     Bankruptcy Rule 3017(d) lists the materials that must be provided to holders of Claims and Interests for the purpose of soliciting their votes on a chapter 11 plan. Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> [u]pon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (a)    the plan or a court-approved summary of the plan;
>
> (b)    the disclosure statement approved by the court;
>
> (c)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (d)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

35.     As required by Bankruptcy Rule 3017(d), the Debtors propose to mail or cause to be mailed packages ("Solicitation Packages") containing the information described below

as soon as practicable after entry of the order approving the Disclosure Statement (the "Disclosure Statement Order"), but not later than three (3) business days after the date of entry of the Disclosure Statement Order (the date of such mailing, the "Solicitation Date") to all holders of Claims and Interests in the Voting Classes.

36.     The Solicitation Packages will contain:

(a)     Instructions, including a QR code, for accessing the Disclosure Statement Order, the Disclosure Statement, and the Plan;

(b)     Confirmation Hearing Notice;

(c)     a customized Ballot and a postage-prepaid return envelope; and

(d)     if the recipient is a Nominee, the applicable Master Ballots, together with a sufficient number of Beneficial Holder Ballots to be distributed to each Nominee's Beneficial Holders.

37.     The Plan and Disclosure Statement will be available at no charge via the internet at the website of the Debtors' claims and noticing agent, Omni Agent Solutions, Inc. ("Omni"), at https://omniagentsolutions.com/Ligado.  Any party wishing to receive a copy of the Plan and Disclosure Statement may request an electronic copy on a USB flash drive or paper copy by contacting Omni in writing at Ligado Networks LLC Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave. Suite 100, Woodland Hills, CA 91367, or by email to ligadoinquiries@omniagnt.com.  Upon receipt of such request, Omni will provide such party with the requested documents within five (5) business days.

38.     The Debtors anticipate that the United States Postal Service may return some Solicitation Packages as undeliverable.  The Debtors submit that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable.  Therefore, the Debtors request the Court to waive the strict notice rule and excuse the Debtors from mailing Solicitation Packages to addresses from which mailings are returned as

undeliverable, until the Debtors are provided with a new mailing address before the Voting Deadline.

39.     The Debtors further request authority to make non-substantive changes to the Disclosure Statement, the Plan, and the other materials in the Solicitation Packages without further order of the Court, such as changes to correct typographical and grammatical errors, prior to mailing.

40.     The Debtors submit that they have shown good cause for implementing the proposed Solicitation Procedures and request approval thereof.

**F.  The Voting Deadline.**

41.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c).

42.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots (but not Master Ballots and non-pre-validated Beneficial Holder Ballots) via electronic, online transmission of Ballots at the following website: https://omniagentsolutions.com/Ligado-Ballots (the "E-Ballot Portal").  Parties who so elect may submit completed Ballots utilizing the E-Ballot Portal. Instructions for electronic, online transmission of Ballots will be set forth on the E-Ballot Portal. The encrypted ballot data and audit trail created by such electronic submission will become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

43.     The Debtors anticipate completing substantially all mailing of the Solicitation Packages by the Solicitation Date.  The Debtors propose that, to be counted as a vote

16

to accept or reject the Plan, each properly executed and completed Ballot (or Master Ballot reflecting the vote transmitted by such Ballot) must be delivered to Omni: (a) by first-class mail (whether in the return envelope provided with each Ballot or otherwise); (b) by overnight courier; (c) by hand delivery, or (d) upload via the E-Ballot Portal (except for Master Ballots and non-pre-validated Beneficial Holder Ballots), in each case, so that it is actually received by Omni no later than **May 21, 2025 at 4:00 p.m.** (the "Voting Deadline").  The Debtors submit that the proposed period of at least 28 days is sufficient for creditors and Interest holders in the Voting Classes to make an informed decision as to whether accept or reject the Plan.

### G. Tabulation Procedures.

44.     The Debtors also request that the following procedures apply to tabulating votes:

(a)     Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Court, the Debtors will reject the Ballots and Master Ballots that are not submitted on or prior to the Voting Deadline as invalid and will not count the votes submitted by such untimely Ballots or Master Ballots in connection with confirmation of the Plan.

(b)     Whenever a party casts more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline will be deemed to reflect such party's intent, and thus, supersede any prior Ballot(s).

(c)     Whenever a properly completed, executed and timely returned Ballot (including Beneficial Holder Ballot) does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

(d)     Whenever a properly completed, executed, and timely returned Ballot (including Beneficial Holder Ballot) indicates both an acceptance and rejection of the Plan, the Ballot will not be counted.

(e)     A holder of a Claim or Interests, as applicable, in a Voting Class will be deemed to have voted the full amount of its Claim or Interest in such Class and will not be entitled to split its vote.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

(f)     Ballots cast by the same party that are received by Omni on the same day which are voted inconsistently will not be counted.

(g)     Additionally, the following Ballots will not be counted:

   i.      Any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

   ii.     Any Ballot cast by a party that does not hold a Claim or Interest, as applicable, in one of the Voting Classes;

   iii.    Any unsigned Ballot or Master Ballot;

   iv.     Any Ballot which the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   v.      Any Ballot or Master Ballot transmitted to Omni by means not specifically approved herein.

(h)     If a Ballot (including Beneficial Holder Ballot) is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person must indicate such capacity when signing and, if requested by Omni, the applicable Nominee, the Debtors, or the Court, must submit proper evidence to so act on behalf of the holder of the relevant Claim or Interest, as applicable.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the applicable Ballot. Any Ballot (including Beneficial Holder Ballot) cast by a person or entity not entitled to vote, even if such person or entity casts a Ballot on account of a Claim or Interest, as applicable, in one of the Voting Classes.

(i)     The Debtors, and except as otherwise provided by order of the Court, may waive any defect or irregularity as to any particular Ballot or Master Ballot at any time, either before or after the Voting Deadline, and any such waiver will be documented in the voting certification to be filed by Omni (the "Voting Certification").

(j)     Neither the Debtors, nor any other person or entity, including Nominees, will have any duty to provide notification of defects or irregularities with respect to the delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

(k)     Unless waived by the Debtors, and except as otherwise provided by order of the Court, any defects, or irregularities in connection with deliveries of

Ballots or Master Ballots must be cured prior to the Voting Deadline or such Ballots or Master Ballots, as applicable, will not be counted.

(l)     The Debtors are authorized to enter into stipulations or other agreements with the holders of Claims and Interests agreeing to the amount of their Claims or Interests for voting purposes.

45.     To assist in the solicitation process, the Debtors request that the Court grant Omni the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided*, *however*, that Omni is not obligated to do so.

46.     Based on all of the foregoing, the Debtors request approval of the proposed Solicitation Procedures.

## V.     Confirmation

### A. Confirmation Hearing.

47.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall . . . fix a date for the hearing on confirmation" of a chapter 11 plan. Fed. R. Bankr. P. 3017(c). Pursuant to Bankruptcy Rule 2002(b), creditors must receive at least twenty-eight (28) days' notice of a confirmation hearing. In accordance with these rules, and in view of the proposed solicitation schedule set forth above, the Debtors request that a hearing on the confirmation of the Plan (the "Confirmation Hearing") be scheduled for **June 10, 2025, at 10:00 a.m. (prevailing Eastern Time)**, or on such date and time as is convenient to the Court. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court. The Debtors request that the Court find that the proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules.

**B. Confirmation Hearing Notice.**

48.     Pursuant to Bankruptcy Rule 3017(d), notice of a confirmation objection deadline and hearing must be provided to all creditors and equity security holders in accordance with Bankruptcy Rule 2002.  Bankruptcy Rules 2002(b) and (d) require notice to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider confirmation of a plan.

49.     In accordance with the foregoing, the Debtors propose, no later than the Solicitation Date, to provide a copy of the Confirmation Hearing Notice setting forth, among other things, (a) the Voting Deadline; (b) the Plan Objection Deadline (as defined below) and procedures for filing objections and responses to the confirmation of the Plan; and (c) the time, date, and place for the Confirmation Hearing, with service provided by electronic and/or first class mail on the Notice Parties.

50.     The Debtors submit that the foregoing notice procedures comply with all requirements of Bankruptcy Rules 3017(d) and 2002(b) and (d).  Accordingly, the Debtors request that the Court find that such notice is due and proper, and no further notice is necessary.  Moreover, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."  Fed. R. Bankr. P. 2002(l).  The Debtors propose to publish the Confirmation Hearing Notice, with such modifications as the Debtors may deem appropriate for purposes of publication (the "Publication Notice"), no later than three (3) business days after entry of the Disclosure Statement Order, in the *New York Times* and *USA Today*.  The Debtors believe that such publication will give sufficient notice of the Confirmation Hearing to persons who do not receive individual notice by electronic or first-class mail.

### C. Objection Procedures.

51. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rule 2002(b) provides that parties must receive at least twenty-eight (28) days' notice of the deadline for filing objections to confirmation. Accordingly, the Debtors propose **May 29, 2025 at 4:00 p.m. (prevailing Eastern Time)** as the deadline to object to the confirmation of the Plan (the "Plan Objection Deadline").

52. The Debtors request that objections, if any, to the confirmation of the Plan: (a) be in writing; (b) comply with the applicable Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests asserted by the objecting party; (d) provide the basis for the objection and the specific grounds thereof; and (e) be timely filed, together with proof of service.

53. The Debtors further request that registered users of the Court's case filing file their objections and other responses electronically. All other parties in interest must file their objections and responses in writing with the Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

54. Any objection or response also must be served upon and received by the following parties no later than the Plan Objection Deadline:

(i) the Office of the U.S. Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (iii) Foley & Lardner LLP, as counsel to U.S. Bank National Association, in its capacities as Prepetition First Lien Notes Trustee, Prepetition First Lien Notes Collateral Trustee, First Lien Collateral Trustee, First Lien Representative, Prepetition First Lien Loan Administrative Agent, Prepetition First Lien Loan Collateral Agent, Prepetition 1.5 Lien Collateral Agent, Initial Additional Pari Collateral Agent, Initial Additional Authorized Representative for the Notes Secured Parties, Senior Collateral Trustee, Junior Lien Representative, Junior Collateral Trustee, and DIP Agent; (iv) Seward & Kissel LLP, as counsel to Wilmington Savings Fund Society, in its capacity as Prepetition Second Lien Trustee and Prepetition Second Lien Collateral Trustee; (v) Jones Day LLP, as counsel to

Jefferies Finance LLC, in its capacity as Prepetition 1.5 Lien Administrative Agent, Senior Lien Representative, and Junior Lien Representative; (vi) Sidley Austin LLP, as counsel to the Ad Hoc First Lien Group; (vii) Kirkland & Ellis LLP, as counsel to an Ad Hoc Cross-Holder Group; (viii) the Federal Communication Commission; (ix) the United States Securities and Exchange Commission; (x) the Internal Revenue Service; (xi) the state attorneys general for all states in which the Debtors conduct business; (xii) the United States Attorney's Office for the District of Delaware; and (xiii) any party that has requested notice pursuant to Bankruptcy Rule 2002.

55.    Pursuant to Bankruptcy Rule 3020(b), "[i]f no objection is timely filed, the [C]ourt may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."  Fed. R. Bankr. P. 3020(b)(2).

56.    The Debtors submit that, if any objections to the confirmation of the Plan are filed, the Debtors should be allowed to file a reply to any such objections to assist the Court and streamline the Confirmation Hearing.  The Debtors request that they be authorized to file and serve a reply to any confirmation objections on or before **the date that is three (3)-business days before the Confirmation Hearing** (the "Reply Deadline").

57.    The Debtors also request that the Reply Deadline also serve as the deadline for the Debtors to file their brief in support of the confirmation of the Plan, the Voting Certification, and any affidavits or declarations in support of the confirmation.  In addition, the Debtors request that any party in interest be permitted to file and serve a statement in support of the confirmation of the Plan and/or reply to any confirmation objections on or before the Reply Deadline.

58.     The Debtors respectfully request that the Court approve the foregoing procedures and deadlines and find that they comply with Bankruptcy Rules 2002, 3017, and Local Rules 2002-1, 3017-1, and 9006-1

### Notice

59.     Notice of this Motion will be provided to the Notice Parties.  The Debtors respectfully submit that no further notice is required.

60.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of this page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto, and grant such other relief as the Court deems appropriate under the circumstances.

Dated March 21, 2025
Wilmington, Delaware

*/s/ Michael J. Merchant*
Mark D. Collins, Esq. (Bar No. 2981)
Michael J. Merchant, Esq. (Bar No. 3854)
Amanda R. Steele, Esq. (Bar No. 5530)
Emily R. Mathews, Esq. (Bar No. 6866)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:           collins@rlf.com
                      merchant@rlf.com
                      steele@rlf.com
                      mathews@rlf.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Matthew L. Brod, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:     (212) 530-5000
Facsimile:      (212) 530-5219
Email:           ddunne@milbank.com
                      mbrod@milbank.com
                      ldoyle@milbank.com

Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington DC 20006
Telephone:     (202) 835-7500
Facsimile:      (202) 263-7586
Email:           aleblanc@milbank.com

*Co-Counsel for Debtors in Possession*