IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGADO NETWORKS LLC *et al.*,[1] | ) ) | Case No. 25-10006 (TMH) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Re: Docket No. 383** |

## **ORDER (I) APPOINTING A MEDIATOR AND (II) GRANTING RELATED RELIEF**

Upon the certification of counsel (the "Certification of Counsel")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), regarding appointment of a mediator; and this Court having jurisdiction to consider this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of these Chapter 11 Cases; and this Court having determined that there is good and sufficient cause for the relief requested in the Certification of Counsel, therefore,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Declaration of Douglas Smith, Chief Executive Officer of Ligado Networks LLC, In Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 2].

**IT IS HEREBY ORDERED THAT:**

1. The Debtors, the Ad Hoc First Lien Group, the Ad Hoc Crossholder Group, AST & Science, LLC ("AST"), and Inmarsat Global Limited (the "Inmarsat") (each, a "Mediation Party", and collectively, the "Mediation Parties") agree to commence non-binding mediation (the "Mediation").

2. The terms of Mediation shall be governed by this Order.

3. The Court authorizes and appoints Judge Robert Drain (Ret.) to serve as mediator (the "Mediator") and conduct the Mediation with the Mediation Parties regarding the terms of a potential settlement of all disputes arising from or related to the Cooperation Agreement and these Chapter 11 Cases by and between the Debtors and Inmarsat, including, but not limited to, (i) Inmarsat's *Motion to Compel Ligado Networks LLC and Ligado Networks (Canada)'s Compliance with 11 U.S.C. §§ 365(d)(5) and 503(b)* [Docket No. 193], (ii) the complaint filed in New York County Supreme Court under the caption *Ligado Networks LLC, and Ligado Networks (Canada) Inc., v. Inmarsat Global Limited*, on March 19, 2025, and the claims asserted therein, (iii) the Debtors' *Motion for Entry of an Order Authorizing the Debtors to Enter into the AST Definitive Documents* (the "AST Motion") [Docket No. 360], and (iv) the proposed assumption of the Cooperation Agreement under the Debtors' proposed plan or otherwise, (such disputes, collectively, the "Cooperation Agreement Disputes").

4. The Mediation shall be governed by Rule 9019-5(d) of the Local Rules.

5. All existing confidentiality agreements, nondisclosure agreements, and any other agreements addressing the disclosure or sharing of confidential information entered into between any of the Mediation Parties shall remain in full force and effect.

6. Any Mediation Party in possession of confidential information that is subject to (a) the terms and conditions of a confidentiality agreement, or other similar agreement, executed (or agreed to via email) with any other Mediation Party or (b) an order of this Court entered in connection with these Chapter 11 Cases, may disclose such information to the Mediator as though the Mediator was subject to such agreement or order preserving the confidentiality of the information or documents, *provided that* the Mediation Party disclosing such information notifies the Mediator of the confidential nature of such information.

7. Nothing in this Order shall be construed to limit or waive any applicable privilege or similar protection of the Mediation Parties, with all such privileges and protections fully preserved. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "<u>Privileged Information</u>"). The party producing such documents and/or information to the Mediator (the "<u>Producing Party</u>") must designate such documents and/or information as Privileged Information. Any inadvertent failure to designate Privileged Information as such shall be entitled to the protections of Rule 502(b) of the Federal Rules of Evidence. By providing Privileged Information solely to the Mediator and any party assisting the Mediator, no Mediation Party nor its respective professionals intend to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to such Privileged Information, and such Privileged Information shall remain privileged and be entitled to the maximum possible protection under Rule 502(d) of the Federal Rules of Evidence. Disclosure of Privileged Information to the Mediator shall not be deemed to evidence the Producing Party's or its respective

professional's intent to waive, and shall not be deemed to waive, any such privileges and protections, rights, or immunities. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the Producing Party and other parties holding the privilege, as applicable (except that the Mediator may disclose Privileged Information to any person assisting the Mediator in the performance of the Mediator's duties, in which event such assistant shall be subject to the same restrictions as the Mediator with respect to such Privileged Information).

8.   No Mediation Party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

9.   Any Mediation Party may engage in *ex parte* communications with any other Mediation Party and with the Mediator and shall not be obligated to disclose the substance of such communications to any other Mediation Party or the Mediator.

10.  It is essential to the mediation process that the Mediation Parties minimize the expense and distraction of litigation and discovery with respect to the Cooperation Agreement Disputes. Accordingly, the Debtors will adjourn the hearing seeking entry of the AST Motion to April 22 at 10:00 a.m. (ET) and the objection deadline with respect to the AST Motion to April 11, 2025 at 4:00 p.m. (ET), without prejudice to further requests to adjourn these dates by any party.

11.  The Mediator shall consult with the Mediation Parties on the matters concerning the Mediation, including, without limitation: (a) the timing, general content, and manner of any submissions to the Mediator, and (b) the structure and timing of Mediation procedures, including, the attendance of specific Mediation Parties at particular Mediation sessions, *provided* that, unless otherwise expressly required by the Mediator in advance, the Ad Hoc Cross-Holder Group and the

Ad Hoc First Lien Group may attend each meeting through a representative of their advisors (which may be counsel).  Subject to the agreement of the Mediation Parties, the Mediator may conduct the Mediation as the Mediator sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation, subject to the terms of this Order.  Subject to the agreement of the Mediation Parties, the Mediator may allow any other party to become a Mediation Party, which additional Mediation Parties shall be bound by this Order.

12. No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Mediation Parties; *provided*, *however*, that the Mediator and any person assisting the Mediator in the performance of their mediation duties shall be entitled to keep such records and take such notes as the Mediator deems necessary or helpful to carry out such duties.

13. The Mediation Parties are hereby authorized to enter into a mediation engagement agreement with the Mediator. Without limiting the applicability of Local Rule 9019-5(c)(i), the Mediator shall be entitled to compensation for the Mediator's services, as well as reimbursement for reasonable costs (which may include the provision of other legal personnel at the Mediator's firm without further order of the Court, in the absence of any dispute relating thereto).  The Mediator will be paid an hourly rate for the Mediation services and personnel at the Mediator's firm shall be paid at their regular hourly rates, plus reasonable out-of-pocket expenses (the "Mediation Fees"). The Mediation Fees will be paid by the Debtors and Inmarsat in equal proportion.

14. Subject to entry of this Order, the Debtors are authorized to pay the Mediation Fees without further application to the Court. The Mediation shall commence on a date to be determined by the Mediation Parties and the Mediator.

15. All costs and expenses of each Mediation Party shall be borne by such Mediation Party *provided*, *however*, that the Debtors' estates will bear the costs and expenses of: (a) the Debtors and their respective retained professionals in accordance with the applicable provisions of the Bankruptcy Code and the *Order Establishing Procedures for Compensation and Reimbursement of Professionals*, entered on February 7, 2025 [Docket No. 195] and their respective Orders authorizing retention, and (b) the costs and expenses of (i) the advisors to the Ad Hoc Cross-Holder Group; and (ii) the advisors to the Ad Hoc First Lien Group in accordance with the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Granting Adequate Protection; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Docket No. 188].

16. Other than as provided in this Order and the Local Rules, the Mediator shall have no communications with the Court relating to the substance of the Mediation or matters occurring during the Mediation.

17. Participating in the Mediation shall not subject any party to the jurisdiction of any federal or state court. By participating in the Mediation, no Mediation Party waives any defenses in any current or future proceeding in federal or state court proceeding, including but not limited to the Debtors' bankruptcy proceedings or any current or future proceeding in federal or state court, and a Mediation Party's participation in the Mediation shall not be used as evidence in opposition to any such defense.

18. In addition to the protections of Local Bankruptcy Rule 9019-2(e)(iv) and all rights of immunity to which the Mediator is entitled as a judicial officer, the Mediator and any personnel who assist the Mediator with the Mediation shall be immune from claims arising out of acts or omissions incident to the service as Mediator in these Chapter 11 Cases.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

20. Notwithstanding the possible applicability of any Federal Rule of Bankruptcy Procedure requiring a stay of an order, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

21. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**Dated: March 31st, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**