IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 352, 359, 360, 462, 559** |
| | ) | |

### ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO THE AST DEFINITIVE DOCUMENTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order (this "Order"), pursuant to sections 105(a) and 363 of the Bankruptcy Code, (i) approving the Debtors' entry into and performance under the AST Definitive Documents and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the Smith Declaration;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to enter into, and perform all obligations contemplated by, the AST Definitive Documents, and the AST Definitive Documents are approved in all respects.

3. The Debtors are authorized, but not directed, to take other actions that are reasonably necessary or desirable in the Debtors' business judgment to effectuate or implement the AST Transaction and otherwise permit the Debtors to operate their business following the AST Transaction, including, but not limited to, obtaining any regulatory or other authorizations or consents, entering into ancillary agreements related to the AST Transaction described in the AST Definitive Documents, entering into any transactions in connection with the monetization of any consideration received in connection with the AST Transaction, and taking all actions reasonably necessary or appropriate to consummate the AST Transaction; *provided* that, prior to the effective date of the Plan, the Debtors shall not enter into any additional documents in connection with the AST Transaction that are not already described in the AST Definitive Documents without further Court approval.

4. The Debtors, with the written consent of AST and, as required pursuant to the RSA, the consent of the Required Consenting Creditors (as defined therein), are authorized to amend, supplement, or modify the AST Definitive Documents without further order of the Court; *provided* that, prior to the effective date of the Plan, the Debtors must seek Court approval to make any material amendments, supplements, or modifications to such AST Definitive Documents.

5. With respect to AST, the Debtors' right to deliver a notice pursuant to Section 12.06 of the RSA (or otherwise terminate the RSA) in respect of its fiduciary out shall terminate upon entry of this Order.

6. The Mediation Parties[3] and Viasat, Inc., have agreed to the terms set forth in the Mediated Agreement, attached as **Exhibit 1** hereto (the "Mediated Agreement"). The Mediated Agreement is approved in its entirety and the parties agree to perform in accordance with and be bound by the terms set forth therein. Subject to and pursuant to the terms of the Mediated Agreement, the Amended Inmarsat Cooperation Agreement shall be assumed pursuant to section 365 of the Bankruptcy Code.

7. The Debtors and Inmarsat are authorized to enter into an amendment to the Cooperation Agreement on terms consistent with the term of this Order (including, for the avoidance of doubt, Exhibit 1 attached hereto).

8. To the extent that there may be any inconsistency between the terms of the Motion and the terms of this Order, the terms of this Order shall govern.

9. In the event of any conflict between the Plan or the order confirming the Plan and this Order, the terms of this Order shall govern unless the Plan or the order confirming the Plan expressly provides otherwise.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice.

---

[3] The term "Mediation Parties" shall have the meaning ascribed to it in the *Order (I) Appointing a Mediator and (II) Granting Related Relief* [Docket No. 384].

11.    Notwithstanding the provisions of Bankruptcy Rule 6004(h) or any other provision of the Bankruptcy Code or Bankruptcy Rules, this Order shall be immediately effective and enforceable upon its entry.

12.    The Debtors are authorized to take all actions that are reasonably necessary or appropriate to effectuate the relief granted in this Order.

13.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including enforcement of the Mediated Agreement.

*Thomas M. Horan*

**Dated: June 23rd, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**