**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC *et al.*,[1] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 350 & 653** |

**ORDER (I) APPROVING
PROPOSED DISCLOSURE STATEMENT AND
FORM AND MANNER OF NOTICE OF DISCLOSURE
STATEMENT HEARING, (II) ESTABLISHING SOLICITATION
AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION
HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF PROPOSED PLAN, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Ligado Networks LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (a) approving the Disclosure Statement and the form and manner of notice of the hearing to consider the same, (b) scheduling the Confirmation Hearing and the form and manner of notice thereof, (c) approving the procedures for soliciting votes and voting on the Plan, (d) approving the form of Ballots that the Debtors will send to Holders of Claims or Interests that are entitled to vote on the Plan, (e) approving the form of Notice of Non-Voting Status and third-party release opt-out form that the Debtors will send to Holders of Claims

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

or Interests that are not entitled to vote on the Plan, (f) approving the notice and objection procedures for the Plan, and (g) seeking certain related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409*;* and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections to the Motion having been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

                **IT IS FOUND AND DETERMINED THAT:**

        A.        <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  Notice of the hearing to consider approval of the Disclosure Statement (the "<u>Disclosure Statement Hearing</u>") and the deadline for filing objections to the Disclosure Statement, as set forth in the Motion, provided due, proper, and adequate notice, comported with due process, and complied with Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1, 3017-1, and 9006-1.  No further notice is required.

B.  <u>The Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.  All objections to the approval of the Disclosure Statement not previously withdrawn are overruled on the merits.

C.  <u>Balloting and Voting Procedures</u>.  The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Plan are fair and equitable and consistent with section 1126 of the Bankruptcy Code.

D.  <u>Ballots</u>.  The Ballots substantially in the form annexed hereto as **Exhibits 2.A–2.H**, including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

E.  <u>Master Ballots and Beneficial Holder Ballots</u>.  The Master Ballots, substantially in the form annexed hereto as **Exhibits 2.A and 2.E**, and the Beneficial Holder Ballots, substantially in the form annexed hereto as **Exhibits 2.B and 2.F**, including all instructions provided therein, address the particular needs of these chapter 11 cases, and are adequate.  No further information or instructions are necessary.

F.  <u>Parties Entitled to Vote</u>.  Pursuant to the Plan, the holders of Claims and/or Interests in the following Classes are entitled to vote on the Plan: (i) Class 3 (First Lien Claims), (ii) Class 4 (1.5 Lien Claims), (iii) Class 5 (Second Lien Notes Claims), (iv) Class 9 (Existing Series A-0 Preferred Units), and (v) Class 10 (Existing Series A-1 Preferred Units).

G.  <u>Parties Not Entitled to Vote</u>.  Pursuant to the Plan, the holders of Claims and/or Interests in the following Classes are not entitled to vote on the Plan: (i) Class 1 (Priority Non-Tax Claims), (ii) Class 2 (Other Secured Claims), (iii) Class 6 (General Unsecured Claims),

(iv) Class 7 (Intercompany Claims), (v) Class 8 (Intercompany Interests), (vi) Class 11 (Existing Series A-2 Preferred Units), (vii) Class 12 (Existing Series B Preferred Units), (viii) Class 13 (Existing Series C Preferred Units), (ix) Class 14 (Existing Series A Common Units), and (x) Class 15 (Existing Series B Common Units).  Likewise, holders of unclassified General Administrative Claims, Priority Tax Claims, DIP Claims, and Professional Fee Claims are not entitled to vote.

        H.      **Notices of Non-Voting Status**.  The Notices of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 3**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice and, where applicable, the Disclosure Statement and the Plan, provide adequate notice to the Non-Voting Holders of their non-voting status.

        I.      **Solicitation**.  The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.  The period proposed by the Debtors during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and for the holders of Claims and Interests entitled to vote (or their Nominees) to timely return their Ballots or Master Ballots, as applicable, evidencing such decision.

        J.      **Notice of Confirmation Hearing and Plan Objection Deadline**.  The form of the notice of the time, date, and place of the Confirmation Hearing and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.

K.     <u>Sufficient Notice</u>.  Other than the notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notices with respect to all matters pertinent to the relief requested in the Motion.  No further notice is required.

L.     <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is granted as set forth herein.

**I.   Disclosure Statement**

2.     The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

3.     All objections, if any, to the Disclosure Statement that have not been withdrawn or resolved as provided for in the record of the hearing are overruled on the merits.

4.     The form and manner of notice of the hearing on the Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5.     The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in accordance with Bankruptcy Rule 3016(c).

**II.   Solicitation and Voting Procedures**

**A.  The Voting Record Date.**

6.     The Voting Record Date shall be **June 20, 2025**.  Only holders of Claims in the Voting Classes as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

7. With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer; and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan and election with respect to the Third-Party Release made by the holder of such Claim as of the Voting Record Date.

**B. Solicitation Packages.**

8. The contents of the Solicitation Packages are **APPROVED**.

9. The Debtors shall mail the Solicitation Packages no later than **three (3) business days following the date of entry of the Disclosure Statement Order** (the "Solicitation Date") to the U.S. Trustee and holders of Claims and Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

10. Solicitation Packages shall contain:

   a. Instructions, including a QR code, for accessing the Disclosure Statement Order, the Disclosure Statement, and the Plan;

   b. *Notice of (I) Hearing on Confirmation of the Proposed Plan, (II) Procedures for Objecting to the Confirmation of the Proposed Plan, and (III) Procedures and Deadline for Voting on the Proposed Plan*, substantially in the form attached as **Exhibit 1** to the proposed Order (the "Confirmation Hearing Notice");

   c. a customized Ballot and a postage-prepaid return envelope; and

   d. if the recipient is a Nominee, the applicable Master Ballots, together with a sufficient number of Beneficial Holder Ballots to be distributed to each Nominee's Beneficial Holders.

11. Any holder of a Claim or an Interest may request an additional copy of the Disclosure Statement (and attachments) in electronic format on a USB flash drive or paper format by telephone or by written request. Upon receipt of a telephonic or written request, the Debtors will provide such holder with a paper copy of the Plan and the Disclosure Statement at no cost to the creditor within five (5) business days thereafter.

12. The Debtors shall not be required to send Solicitation Packages to creditors whose Allowed Claims have already been paid in full; *provided*, *however*, that if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors shall send such creditor a Solicitation Package in accordance with the procedures set forth herein. The Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those addresses from which Solicitation Packages have been returned as undeliverable by the United States Postal Service unless the Debtors are provided with accurate addresses for the relevant parties before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such parties shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not violate Bankruptcy Rule 3017.

C. **Notices of Non-Voting Status.**

13. The Notices of Non-Voting Status are **APPROVED**.

14. To the Non-Voting Holders, the Debtors shall send the Notice of Non-Voting Status substantially in the form attached hereto as **Exhibit 3**.

15. The Debtors do not have to serve any notices in connection with solicitation of votes on the Plan to the holders of Intercompany Claims in Class 7 or Intercompany Interests in Class 8.

**D. Ballots and Master Ballots.**

16. The forms of Ballots, substantially in the form attached hereto as **Exhibits 2.A–2.H**, and of Master Ballots, substantially in the form attached hereto as **Exhibits 2.A and 2.E**, are **APPROVED**.

17. The Debtors are authorized to make non-substantive changes to the Ballots and Master Ballots without further order of the Court, including ministerial changes to correct typographical and grammatical errors prior to mailing.

18. The Voting Deadline shall be **July 24, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

19. All Ballots (including Beneficial Holder Ballots) and Master Ballots must be properly executed, completed, and delivered to Omni by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Omni no later than the Voting Deadline. In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots (but not Master Ballots and non-pre-validated Beneficial Holder Ballots) via electronic, online transmission of Ballots at the following website: https://omniagentsolutions.com/Ligado-Ballots (the "E-Ballot Portal"). Parties who so elect may fill out a Ballot and electronically submit the Ballot utilizing the E-Ballot Portal. Instructions for electronic, online transmission of Ballots will be set forth on the E-Ballot Portal. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**E. Tabulation Procedures.**

20. The following tabulation procedures are **APPROVED**.

(a) Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Court, the Debtors will reject the Ballots and Master Ballots that are not submitted on or prior to the Voting Deadline as invalid and will not count the votes submitted by such untimely Ballots or Master Ballots in connection with confirmation of the Plan.

(b) Whenever a party casts more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline will be deemed to reflect such party's intent, and thus, supersede any prior Ballot(s).

(c) Whenever a properly completed, executed and timely returned Ballot (including Beneficial Holder Ballot) does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

(d) Whenever a properly completed, executed, and timely returned Ballot (including Beneficial Holder Ballot) indicates both an acceptance and rejection of the Plan, the Ballot will not be counted.

(e) A holder of a Claim or Interests, as applicable, in a Voting Class will be deemed to have voted the full amount of its Claim or Interest in such Class and will not be entitled to split its vote. Any Ballot that partially accepts and partially rejects the Plan will not be counted.

(f) Ballots cast by the same party that are received by Omni on the same day which are voted inconsistently will not be counted.

(g) Additionally, the following Ballots will not be counted:

   i. Any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

   ii. Any Ballot cast by a party that does not hold a Claim or Interest, as applicable, in one of the Voting Classes;

   iii. Any unsigned Ballot or Master Ballot;

   iv. Any Ballot which the Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   v. Any Ballot or Master Ballot transmitted to Omni by means not specifically approved herein.

(h) If a Ballot (including Beneficial Holder Ballot) is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person

    must indicate such capacity when signing and, if requested by Omni, the applicable Nominee, the Debtors, or the Court, must submit proper evidence to so act on behalf of the holder of the relevant Claim or Interest, as applicable. In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the applicable Ballot. Any Ballot (including Beneficial Holder Ballot) cast by a person or entity not entitled to vote, even if such person or entity casts a Ballot on account of a Claim or Interest, as applicable, in one of the Voting Classes.

 (i) The Debtors, and except as otherwise provided by order of the Court, may waive any defect or irregularity as to any particular Ballot or Master Ballot at any time, either before or after the Voting Deadline, and any such waiver will be documented in the voting certification to be filed by Omni (the "<u>Voting Certification</u>").

 (j) Neither the Debtors, nor any other person or entity, including Nominees, will have any duty to provide notification of defects or irregularities with respect to the delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

 (k) Unless waived by the Debtors, and except as otherwise provided by order of the Court, any defects, or irregularities in connection with deliveries of Ballots or Master Ballots must be cured prior to the Voting Deadline or such Ballots or Master Ballots, as applicable, will not be counted.

 (l) The Debtors are authorized to enter into stipulations or other agreements with the holders of Claims and Interests agreeing to the amount of their Claims or Interests for voting purposes.

  21. To assist in the solicitation process, Omni may contact parties that submit incomplete or otherwise deficient Ballots or Master Ballots to make a reasonable effort to cure such deficiencies; *provided*, *however*, that Omni is not obligated to do so.

 **F. The Confirmation Hearing.**

  22. The Confirmation Hearing shall be held on **August 7, 2025 at 2:00 p.m. (prevailing Eastern Time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned or continued from time to time without further notice, including adjournments announced in open

10

court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

**G. Plan Supplement.**

23. The Debtors shall file and serve the Plan Supplement on or before **the date that is seven (7) days before the Voting Deadline**. If the Voting Deadline or the Plan Objection Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the earlier of seven (7) days prior to such extended Voting Deadline or Plan Objection Deadline, as applicable.

24. The deadline to object or respond to confirmation of the Plan shall be **July 24, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

25. Objections and responses, if any, to confirmation of the Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (d) set forth the basis for the objection and the specific grounds therefor, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service.

26. Registered users of this Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

27. Pursuant to Bankruptcy Rule 3017, any objection or response also must be served upon and received by the following parties:

| | |
|---|---|
| **Debtors** | **Office of the U.S. Trustee** |
| Ligado Networks LLC | Office of the U.S. Trustee for |
| 10802 Parkridge Boulevard | the District of Delaware |
| Reston, VA 20191 | 844 King Street |
| Attn: Vicky McPherson | Suite 2207, Lockbox 35 |
| Email: vicky@ligado.com | Wilmington, Delaware 19801 |
| | Attn: Benjamin Hackman, Esq. |
| | Email: Benjamin.a.hackman@usdoj.gov |
| **Counsel to the Debtors** | **Co-Counsel to the Debtors** |
| Milbank LLP | Richards, Layton, & Finger, P.A. |
| 55 Hudson Yards | One Rodney Square |
| New York, New York 10001 | 920 North King Street |
| Attn: Dennis F. Dunne | Wilmington, Delaware 19801 |
| Matthew L. Brod | Attn: Mark D. Collins |
| Lauren C. Doyle | Michael J. Merchant |
| Telephone:   (212) 530-5000 | Amanda R. Steele |
| Facsimile:   (212) 530-5219 | Telephone: (302) 651-7700 |
| Email: ddune@milbank.com | Facsimile:   (302) 651-7701 |
| mbrod@milbank.com | Email: collins@rlf.com |
| ldoyle@milbank.com | merchant@rlf.com |
| | steele@rlf.com |
| **Counsel to the Ad Hoc Crossholder Group** | **Counsel to the Ad Hoc First Lien Group** |
| Kirkland & Ellis LLP | Sidley Austin LLP |
| 601 Lexington Avenue | One South Dearborn |
| New York, NY 10022 | Chicago, IL 60603 |
| Attn: Brian Schartz, P.C. | Attn: Jason L. Hufendick |
| Derek I. Hunter | Dennis Twomey |
| Email: brian.schartz@kirkland.com | Email: jhufendick@sidley.com |
| derek.hunter@kirkland.com | dtwomey@sidley.com |
| | |
| -and- | |
| | |
| Kirkland & Ellis LLP | |
| 300 North LaSalle | |
| Chicago, IL 60654 | |
| Attn: Patrick J. Nash, Jr., P.C. | |
| Alan McCormick | |
| Email: patrick.nash@kirkland.com | |
|   alan.mccormick@kirkland.com | |

28. Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

29. The Debtors are authorized to file and serve replies or an omnibus reply to any objections to the confirmation of the Plan along with a brief in support of confirmation (either separately or by a single, consolidated pleading), the Voting Certification and any affidavits or declarations in support of confirmation of the Plan on or before **the date that is three (3) business days prior to the Confirmation Hearing, at 4:00 p.m. (prevailing Eastern Time)** (the "Reply Deadline"). In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan on or before the Reply Deadline. If the Confirmation Hearing is adjourned, the Reply Deadline shall be 12:00 p.m. (prevailing Eastern Time) on the date that is two (2) business days prior to the date of the adjourned Confirmation Hearing.

### H. Confirmation Hearing Notice

30. The Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit 1** is **APPROVED.**

31. The Debtors shall publish the Publication Notice no later than three (3) business days after entry of this Order in the *New York Times* and *USA Today*.

### I. General

32. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Master Ballots, the Notice of Non-Voting Status, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

33. The Debtors are authorized to take all steps necessary or appropriate to carry out the provisions of this Order.

34. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

*signature: Thomas M. Horan*

**Dated: June 24th, 2025**  **THOMAS M. HORAN**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**