## EXHIBIT 1

### Confirmation Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: [August 7], 2025 at [2:00 p.m.] (ET)]** |

**NOTICE OF (I) HEARING ON THE CONFIRMATION OF THE PLAN,
(II) PROCEDURES FOR OBJECTION TO THE CONFIRMATION OF THE PLAN,
AND (III) PROCEDURES AND DEADLINE FOR VOTING ON THE PROPOSED PLAN**

**TO ALL PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT:**

1.      ***Approval of Disclosure Statement***.  On [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (Docket No. [●]) (the "Disclosure Statement Order") approving the *Disclosure Statement for Joint Chapter 11 Plan of Ligado Networks LLC, and Its Affiliated Debtors and Debtors in Possession* (Docket No. [●]) (the "Disclosure Statement")[2] in the above-captioned chapter 11 cases. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Ligado Networks LLC and Its Affiliated Debtors and Debtors in Possession*, filed on [●], 2025 (Docket No. [●]) (the "Plan").

2.      ***Confirmation Hearing***.   A hearing to consider confirmation of the Plan (the "Confirmation Hearing") has been scheduled before the Honorable Thomas M. Horan, United States Bankruptcy Judge, in the Bankruptcy Court, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, on **[August 7], 2025 at [2:00 p.m.] (prevailing Eastern Time)**. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

---

[1]     The "Debtors" in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2]     Capitalized terms used but not defined in this Notice have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

3.      *Voting Record Date*.  The holders of Claims and Interests in the following classes as of **[June 20], 2025** (the "Voting Record Date") are entitled to vote on the Plan:

| Class | Description |
|---|---|
| Class 3 | First Lien Claims |
| Class 4 | 1.5 Lien Claims |
| Class 5 | Second Lien Notes Claims |
| Class 9 | Existing Series A-0 Preferred Units |
| Class 10 | Existing Series A-1 Preferred Units |

4.      *Voting Deadline*.  All votes to accept or reject the Plan must be **actually received** by the Debtors' voting and tabulation agent, Omni Agent Solutions, Inc. ("Omni"), by no later than **[July 24], 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline").  Any failure to follow the voting instructions included with your Ballot may disqualify your vote.

5.      *Parties Not Entitled to Vote*.  Holders of Unimpaired Claims and Interests in classes 1, 2, 6, 7, 8, 11, 12, 13, 14, and 15 and of unclassified Claims are deemed to accept the Plan are not entitled to vote.  Such holders will not receive a Ballot and, instead, will receive a Notice of Non-Voting Status.

6.      *Objections to Confirmation*.  The deadline to object to the confirmation of the Plan is **[July 24], 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline").

7.      Objections, if any, to the confirmation of the Plan, must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests asserted by the objecting party; (d) provide the basis for the objection and the specific grounds therefor; and (e) be filed on or before the Plan Objection Deadline, together with proof of service.

8.      Registered users of the Bankruptcy Court's case filing system must file their objections and responses electronically.  All other parties must file their written objections and responses with the Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 to the attention of the chambers of the Honorable Thomas M. Horan, United States Bankruptcy Judge.

Any objections or responses must be served so that they are **actually received** by the following parties no later than the Plan Objection Deadline:

| | |
|---|---|
| **Debtors**<br>Ligado Networks LLC<br>10802 Parkridge Boulevard<br>Reston, VA 20191<br>Attn: Vicky McPherson<br>Email: vicky@ligado.com | **Office of the U.S. Trustee**<br>Office of the U.S. Trustee for<br>the District of Delaware<br>844 King Street<br>Suite 2207, Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Benjamin Hackman, Esq.<br>Email: Benjamin.a.hackman@usdoj.gov |
| **Counsel to the Debtors**<br>Milbank LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Attn: Dennis F. Dunne<br>Matthew L. Brod<br>Lauren C. Doyle<br>Telephone:    (212) 530-5000<br>Facsimile:    (212) 530-5219<br>Email: ddune@milbank.com<br>mbrod@milbank.com<br>ldoyle@milbank.com | **Co-Counsel to the Debtors**<br>Richards, Layton, & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Attn: Mark D. Collins<br>Michael J. Merchant<br>Amanda R. Steele<br>Telephone: (302) 651-7700<br>Facsimile:    (302) 651-7701<br>Email: collins@rlf.com<br>merchant@rlf.com<br>steele@rlf.com |
| **Counsel to the Ad Hoc Crossholder Group**<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Attn: Brian Schartz, P.C.<br>Derek I. Hunter<br>Email: brian.schartz@kirkland.com<br>derek.hunter@kirkland.com<br><br>-and-<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Attn: Patrick J. Nash, Jr., P.C.<br>Alan McCormick<br>Email: patrick.nash@kirkland.com<br>  alan.mccormick@kirkland.com | **Counsel to the Ad Hoc First Lien Group**<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Attn: Jason L. Hufendick<br>Dennis Twomey<br>Email: jhufendick@sidley.com<br>dtwomey@sidley.com |

9.     **IF ANY OBJECTION TO THE CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN.**

10.     *Additional Information.*  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting and tabulation agent, Omni, by (i) writing: Ligado Networks, LLC Ballot Processing c/o Omni Agent Solutions, Inc. 5955 De Soto Ave., Suite 100 Woodland Hills, CA 91367, (ii) by email at LigadoInquiries@OmniAgnt.com, or (iii) at the following telephone numbers: (866) 956-2139 (domestic toll free) or (747) 288-6357 (international).  Interested parties may also review the Disclosure Statement and the Plan free of charge at https://omniagentsolutions.com/Ligado or by scanning the QR code below.  In addition, the Disclosure Statement and Plan are on file and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

### NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PROPOSED PLAN

11.     **Releases, Exculpation, and Injunctions.  Please be advised that Article VIII of the Plan provides the following:**

A.     **Compromise and Settlement**

**The Confirmation Order will constitute the Bankruptcy Court's finding and determination that the settlements reflected in the Plan are (1) in the best interests of the Debtors, their Estates, and all holders of Claims or Interests, (2) fair, equitable, and reasonable, (3) made in good faith, and (4) approved by the Bankruptcy Court pursuant to applicable bankruptcy law.  In addition, the allowance, classification, and treatment of any Allowed Claims of a Released Party take into account any Causes of Action, whether under the Bankruptcy Code or otherwise under applicable non-bankruptcy law, that may exist between the Debtors and any Released Party and, as of the Effective Date, any and all such Causes of Action are settled, compromised, and released as set forth in the Plan.  The Confirmation Order shall authorize and approve the releases by all Entities of all such contractual, legal, and equitable subordination rights and Causes of Action that are satisfied, compromised, and settled pursuant hereto.  Nothing in the Plan shall compromise or settle, in any way whatsoever, any Causes of Action that the Debtors or Reorganized Debtors, as applicable, may have against any Entity that is not a Released Party.**

**In accordance with the provisions of the Plan, and pursuant to Bankruptcy Rule 9019, without any further notice to, or action, order, or approval of, the Bankruptcy Court or the Canadian Court, after the Effective Date, the Reorganized Debtors may, in their sole and absolute discretion, compromise and settle (1) Claims (including Causes of Action) against and Interests in the Debtors not previously Allowed (if any) and (2) claims (including Causes of Action) against other Entities.**

B.      **Discharge of Claims and Termination of Interests**

**Except as otherwise provided in the Plan, effective as of the Effective Date: (1) the distributions, rights, and treatment that are provided in the Plan for all Claims and Interests shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, whether known or unknown, against or in the Debtors or any of their assets, property, or Estates, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date and any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date; (2) the Plan shall bind all holders of Claims and Interests, notwithstanding whether any such holders failed to vote to accept or reject the Plan or voted to reject the Plan; (3) all Claims and Interests shall be satisfied, discharged, and released in full, and the Debtors' liability with respect thereto shall be extinguished completely, including any liability of the kind specified under sections 502(g), 502(h), or 502(i) of the Bankruptcy Code; and (4) all entities shall be precluded from asserting against the Debtors, the Debtors' Estates, the Reorganized Debtors, their successors and assigns, and their assets and properties any other Claims or Interests based upon any documents, instruments, or any act or omission, transaction, or other activity of any kind or nature that occurred before the Effective Date.  Notwithstanding the foregoing, all Existing Common Units shall remain in full force and effect and shall be governed by the terms of the applicable New Organizational Documents, including the Second Amended and Restated Operating Agreement.  The Confirmation Order shall be a judicial determination, subject to the Effective Date occurring, of the discharge of all Claims and Interests except as otherwise expressly provided in the Plan.**

C.      **Release of Liens**

**Except as otherwise expressly provided in the Plan, or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, including the Exit First Lien Facility Documents, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and the effectiveness of the Exit First Lien Facility Documents, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall automatically revert to the Reorganized Debtors and each of their successors and assigns, and the Agents/Trustees and the DIP Agent shall be authorized to release any such mortgages, deeds of trust, Liens, pledges, or other security interests held by such holder and to take such actions as may be requested by the Reorganized Debtors to evidence the release of such mortgages, deeds of trust, Liens, pledges, or other security interests, including the execution, delivery, and filing or recording of any related releases or discharges as may be requested by the Reorganized Debtors or may be required in order to effectuate the foregoing.**

D.    **Releases of Released Parties**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to applicable bankruptcy law, of the releases described in this Article VIII.D and shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by this Article VIII.D; (3) in the best interests of the Debtors and all holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity (including the Debtors) asserting any claim or Cause of Action released pursuant to this Article VIII.D.**

1.    **Releases by the Debtors**

**As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan, the Definitive Documents, and the obligations contemplated by the Restructuring or as otherwise provided in any order of the Bankruptcy Court, on and after the Effective Date, to the fullest extent permitted by law, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, by and on behalf of each Debtor, each Reorganized Debtors, and each Estate, in each case, on behalf of itself and its respective successors, assigns, and representatives and any and all other Persons that may purport to assert any Cause of Action, whether prepetition or postpetition, derivatively, by or through the foregoing Persons, from any and all Claims and Causes of Action (including any Avoidance Actions and any derivative claims, asserted or assertable on behalf of the Debtors (including any of the Debtors' predecessors), the Reorganized Debtors, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, by statute, violations of federal or state securities laws, or otherwise that the Debtors (including any of the Debtors' predecessors), the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including any of the Debtors' predecessors), the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Restructuring Support Agreement, the Restructuring, the DIP Orders, any Canadian Court Recognition Order, the DIP Documents, the Disclosure Statement, the Exit First Lien Facility, the Definitive Documents, the Plan Supplement, and the Plan and related agreements, instruments, and other documents (including the Definitive Documents), or the solicitation of votes with respect to the Plan, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any Causes of Action identified in the Schedule of Retained**

**Causes of Action, (ii) any Causes of Action that the Debtors or Reorganized Debtors, as applicable, may have in connection with the Ligado Takings Case, (iii) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or Agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit First Lien Facility Documents, or any Claim or obligation arising under the Plan and (iv) the liability of any Released Party that is the result of any act or omission determined in a Final Order to have constituted gross negligence, intentional fraud, or willful misconduct.**

2.      **Releases by Holders of Claims or Interests**

**As of the Effective Date, except for (i) the rights that remain in effect from and after the Effective Date to enforce the Plan, the Definitive Documents, and the obligations contemplated by the Restructuring, (ii) the liability of any Released Party that is the result of any act or omission determined in a Final Order to have constituted gross negligence, intentional fraud, or willful misconduct, or (iii) the rights provided or reserved for under the AST Definitive Agreements Order, or (iv) as otherwise provided in any order of the Bankruptcy Court, on and after the Effective Date, to the fullest extent permitted by law, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, to the maximum extent permitted by law, by the Releasing Parties, in each case, from any and all Claims and Causes of Action whatsoever, whether prepetition or postpetition (including any Avoidance Actions and any derivative claims, asserted or assertable on behalf of the Debtors (including any of the Debtors' predecessors), the Reorganized Debtors, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including any of the Debtors' predecessors), the Reorganized Debtors, or the Estates, the Chapter 11 Cases the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors (including any of the Debtors' predecessors) or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors (including any of the Debtors' predecessors) and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Restructuring Support Agreement, the Restructuring, the DIP Orders, any Canadian Court Recognition Order, the DIP Documents, the Disclosure Statement, the Exit First Lien Facility, the Definitive Documents, the Plan Supplement, and the Plan and related agreements, instruments, and other documents, or the solicitation of votes with respect to the Plan, in all cases based upon**

any act or omission, transaction, agreement, event, or other occurrence taking place on or before Effective Date.

Entry of the Confirmation Order shall, subject to the occurrence of the Effective Date, constitute the Bankruptcy Court's approval of the releases contained in the Plan and a finding that each release described is (i) in exchange for the good and valuable consideration provided by the Released Parties, including without limitation, the Released Parties' contributions to implementing the Plan; (ii) a good-faith settlement and compromise of the Claims released by the holders of Claims and Interests, (iii) in the best interests of the Debtors and all Holders of Claims and Interests; (iv) fair, equitable, and reasonable; (v) given and made after due notice and opportunity for hearing; and (vi) a sound exercise of the Debtors' business judgment.

Nothing in this Plan prohibits, precludes, or enjoins any Governmental Unit from asserting or filing a proof of Claim on or before the Governmental Bar Date.[3]

E.      **Exculpation**

To the fullest extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party will be released and exculpated from, any Claim or Cause of Action based on any act or omission occurring from the Petition Date through the Effective Date in connection with or arising out of the administration of the Chapter 11 Cases, the negotiation and pursuit of the Restructuring Support Agreement, the Restructuring, the DIP Facility, the DIP Orders, the DIP Documents, any Canadian Court Recognition Order, the Disclosure Statement, the Exit First Lien Facility, the Definitive Documents, the Plan Supplement, and the Plan and related agreements, instruments, and other documents (including the Definitive Documents), or the solicitation of votes for, or confirmation of, the Plan, the funding of the Plan, the occurrence of the Effective Date, the administration of the Plan or the property to be distributed under the Plan, the issuance of securities under or in connection with the Plan, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, or the transactions in furtherance of any of the foregoing, other than Claims or Causes of Action arising out of or related to any act or omission of an Exculpated Party that is a criminal act or constitutes gross negligence, intentional fraud or willful misconduct as determined by a Final Order, but in all respects such Persons will be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.  The Exculpated Parties have acted in compliance with the applicable provisions of the Bankruptcy Code and have participated in good faith with regard to the solicitation and distribution of securities pursuant to the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan,

---

[3]      "Governmental Bar Date" shall have the meaning set forth in the *Order Establishing (I) Various Bar Dates for Filing Proofs of Claim, (II) Approving the Form and Manner of Filing Proofs of Claim, (III) Approving Notices of Bar Dates, and (IV) Granting Related Relief* [Docket No. 340].

including the issuance of securities thereunder.  The exculpation will be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability.

      F.      **Injunction**

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold claims or interests or Causes of Action or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities; (3) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities released or settled pursuant to the Plan.
***

UNDER THE PLAN, "RELEASING PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR CAPACITY AS SUCH, (I) THE DEBTORS, (II) THE REORGANIZED DEBTORS, (III) THE CONSENTING STAKEHOLDERS, (IV) THE AGENTS/TRUSTEES, (V) THE DIP AGENT AND THE DIP LENDERS, (VI) THE EXIT DEBT PARTIES, (VII) AST, (VIII) VIASAT (SUBJECT TO THE AST DEFINITIVE AGREEMENTS ORDER), AND (VII) WITH RESPECT TO EACH OF THE FOREGOING PERSONS IN CLAUSES (I) THROUGH (VIII), SUCH PERSONS' PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES (INCLUDING AFFILIATES OF ANY PREDECESSORS), CURRENT AND FORMER OFFICERS AND DIRECTORS, PRINCIPALS, EQUITY HOLDERS (INCLUDING EQUITY HOLDERS OF ANY PREDECESSORS), MEMBERS, PARTNERS, MANAGERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, AND NOMINEES, (VIII) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS

**SOLICITED BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH IN <u>ARTICLE VIIID.2</u>, AND (IX) THE HOLDERS OF ALL CLAIMS AND INTERESTS WHO WERE GIVEN NOTICE OF THE OPPORTUNITY AND SERVED WITH A PROVIDED FORM TO OPT OUT OF GRANTING THE RELEASES SET FORTH IN <u>ARTICLE VIIID.2</u> BUT DID NOT TIMELY OPT OUT.**

**UNDER THE PLAN, "RELEASED PARTIES" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR CAPACITY AS SUCH,  (I) THE DEBTORS, (II) THE REORGANIZED DEBTORS, (III) THE CONSENTING STAKEHOLDERS, (IV) EACH OF THE AGENTS/TRUSTEES, (V) THE DIP AGENT AND THE DIP LENDERS, (VI) THE EXIT DEBT PARTIES, (VII) AST, (VIII) VIASAT (SUBJECT TO THE AST DEFINITIVE AGREEMENTS ORDER), AND (IX) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (I) THROUGH (VIII), EACH OF SUCH PARTY'S CURRENT AND FORMER PREDECESSORS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, CURRENT AND FORMER OFFICERS AND DIRECTORS, PRINCIPALS, EQUITY HOLDERS, MEMBERS, PARTNERS, MANAGERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS, AND OTHER PROFESSIONALS, AND SUCH PERSONS' RESPECTIVE HEIRS, EXECUTORS, ESTATES, AND NOMINEES; PROVIDED, HOWEVER, THAT ANY HOLDER OF A CLAIM OR INTEREST THAT (X) FILES AN OBJECTION TO THE PLAN OR (Y) OPTS OUT OF THE RELEASES SET FORTH IN <u>ARTICLE VIIID.2</u>, AS APPLICABLE, SHALL NOT BE A "RELEASED PARTY."**

> **PLEASE BE ADVISED THAT IF:**
>
> A. **YOU ARE ENTITLED TO VOTE UNDER THE PLAN BUT DO NOT VOTE TO ACCEPT OR TO REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES IN ARTICLE VIII.D.2 OF THE PLAN;**
>
> B. **YOU VOTE TO ACCEPT OR REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES IN ARTICLE VIII.D.2 OF THE PLAN;**
>
> C. **YOU WERE GIVEN NOTICE OF THE OPPORTUNITY AND SERVED WITH A PROVIDED FORM TO OPT OUT OF GRANTING THE RELEASES AND DO NOT OPT OUT OF GRANTING THE RELEASES IN ARTICLE VIII.D.2 OF THE PLAN, OR**
>
> D. **YOU ARE A RELEASED PARTY**
>
> **IN EACH CASE, YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIII.D.2 OF THE PLAN.**

12.     The Plan also contains other provisions that may affect your rights against the Debtors.

13.     **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PROPOSED PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

**<u>Additional Information</u>**

Interested parties may also review the Disclosure Statement and the Plan free of charge at https://omniagentsolutions.com/Ligado or by scanning the QR code below.



Dated _____, 2025
Wilmington, Delaware

/s/ *DRAFT*
Mark D. Collins, Esq. (Bar No. 2981)
Michael J. Merchant, Esq. (Bar No. 3854)
Amanda R. Steele, Esq. (Bar No. 5530)
Emily R. Mathews, Esq. (Bar No. 6866)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              merchant@rlf.com
              steele@rlf.com
              mathews@rlf.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Matthew L. Brod, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:        ddunne@milbank.com
              mbrod@milbank.com
              ldoyle@milbank.com

Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1850 K Street, NW, Suite 1100
Washington DC 20006
Telephone:    (202) 835-7500
Facsimile:    (202) 263-7586
Email:        aleblanc@milbank.com

*Co-Counsel for Debtors in Possession*