# **EXHIBIT 1**

**Blackline of Solicitation Version Plan**

Case 25-10006-TMH    Doc 701-1    Filed 06/24/25    Page 1 of 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) ) ) | Case No. 25-10006 (TMH) |
| Debtors. | ) ) ) | (Jointly Administered) |

**JOINT CHAPTER 11 PLAN OF LIGADO NETWORKS LLC
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

| **MILBANK LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| Dennis F. Dunne, Esq. **(*pro hac vice*)** | Mark D. Collins, Esq. (Bar No. 2981) |
| Matthew L. Brod, Esq. **(*pro hac vice*)** | Michael J. Merchant, Esq. (Bar No. 3854) |
| Lauren C. Doyle, Esq. **(*pro hac vice*)** | Amanda R. Steele, Esq. (Bar No. 5530) |
| 55 Hudson Yards | 920 North King Street |
| New York, New York 10001 | Wilmington, DE 19801 |
| Telephone:    (212) 530-5000 | Telephone:    (302) 651-7700 |
| Facsimile:    (212) 530-5219 | Facsimile:    (302) 651-7701 |
| Andrew M. Leblanc | |
| 1850 K Street, NW, Suite 1100 | |
| Washington, DC 20006 | |
| Telephone:    (202) 835-7500 | |
| Facsimile:    (202) 263-7586 | |
| *Counsel ~~to the Debtors and~~**for** Debtors in Possession* | *Co-Counsel ~~to the Debtors and~~**for** Debtors in Possession* |

Dated: June ~~13~~**24**, 2025

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

#4935-3900-1635V22

**TABLE OF CONTENTS**

ARTICLE I DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME, AND GOVERNING LAW ........................ 1

    A. Defined Terms ........................ 1
    B. Rules of Interpretation ........................ 18
    C. Computation of Time ........................ 19
    D. Governing Law ........................ 19
    E. Reference to Monetary Figures ........................ 19
    F. Reference to the Debtors or the Reorganized Debtors. ........................ 19
    G. Consultation, Information, Notice, and Consent Rights. ........................ 19

ARTICLE II ADMINISTRATIVE CLAIMS AND OTHER UNCLASSIFIED CLAIMS ........................ 20

    A. General Administrative Claims ........................ 20
    B. Professional Fee Claims ........................ 20
        1. Final Fee Applications ........................ 20
        2. Professional Fee Escrow Account ........................ 21
        3. Post-Effective Date Fees and Expenses ........................ 22
    C. DIP Claims ........................ 22
    D. Priority Tax Claims ........................ 22

ARTICLE III CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ........................ ~~23~~**22**

    A. Classification of Claims and Interests ........................ ~~23~~**22**
    B. Treatment of Claims and Interests ........................ 24
        1. Class 1 – Priority Non-Tax Claims ........................ 24
        2. Class 2 – Other Secured Claims ........................ 24
        3. Class 3 – First Lien Claims ........................ ~~25~~**24**
        4. Class 4 – 1.5 Lien Term Loan Claims ........................ 25
        5. Class 5 – Second Lien Notes Claims ........................ ~~26~~**25**
        6. Class 6 – General Unsecured Claims ........................ 26
        7. Class 7 – Intercompany Claims ........................ 26
        8. Class 8 – Intercompany Interests ........................ 27
        9. Class 9 – Existing Series A-0 Preferred Units ........................ 27
        10. Class 10 – Existing Series A-1 Preferred Units ........................ 27
        11. Class 11 – Existing Series A-2 Preferred Units ........................ ~~28~~**27**
        12. Class 12 – Existing Series B Preferred Units ........................ 28
        13. Class 13 – Existing Series C Preferred Units ........................ 28
        14. Class 14 – Existing Series A Common Units ........................ 28
        15. Class 15 – Existing Series B Common Units ........................ 29
    C. Special Provision Governing Unimpaired Claims, Executory Contracts and Unexpired Leases ........................ 29
    D. Intercompany Interests ........................ 29

ARTICLE IV ACCEPTANCE OR REJECTION OF PLAN ...................................................... 29

    A.    Voting Classes .................................................................................................. 29
    B.    Presumed Acceptance of the Plan ................................................................... 30
    C.    Confirmation Pursuant to Section 1129(a)(10) of the Bankruptcy Code ........ 30
    D.    Elimination of Vacant Classes ......................................................................... 30
    E.    Subordinated Claims ....................................................................................... 30

ARTICLE V MEANS FOR IMPLEMENTATION OF PLAN .............................................. 31

    A.    General Settlement of Claims and Interests ................................................... 31
    B.    Restructuring Transactions .............................................................................. 31
    C.    Sources of Consideration for Plan Distributions ............................................ 32
        1.    Cash ..................................................................................................... 32
        2.    Exit First Lien Facility ........................................................................ 32
        3.    The AST Transaction .......................................................................... 33
        4.    New Preferred Units ............................................................................ 33
    D.    Corporate Existence ........................................................................................ 33
    E.    Vesting of Assets in the Reorganized Debtors ............................................... 34
    F.    Cancellation of Loans, Securities, and Agreements ...................................... 34
    G.    Corporate and Other Entity Action ................................................................. 36
    H.    New Organizational Documents ..................................................................... 36
    I.    Directors and Officers of Reorganized Debtors ............................................. 37
        1.    Reorganized Parent Board ................................................................... 37
        2.    Officers of Reorganized Debtors ........................................................ 37
        3.    New Subsidiary Boards ....................................................................... 37
    J.    Exemption from Securities Laws .................................................................... 38
    K.    Effectuating Documents; Further Transactions .............................................. 38
    L.    Section 1146 Exemption .................................................................................. 38
    M.    Preservation of Causes of Action .................................................................... 39
    N.    Procedures for Treating Disputed Claims and Interests Under the Plan ....... 40
        1.    Allowance of Claims ........................................................................... 40
        2.    Prosecution of Objections to Claims or Interests ............................... 40
        3.    Estimation of Claims and Interests ..................................................... 41
        4.    Disallowance of Claims ....................................................................... 41
        5.    Distributions to Holders of Disputed Claims ..................................... 42

ARTICLE VI TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
        LEASES .................................................................................................................. 42

    A.    Assumption of Executory Contracts and Unexpired Leases ......................... 42
    B.    Cure of Defaults for Executory Contracts and Unexpired Leases Assumed ........ 43
    C.    Insurance Policies ............................................................................................ ~~43~~44
        1.    Insurance Policies ................................................................................ ~~43~~44
        2.    Directors and Officers Insurance Policies .......................................... 45
    D.    Indemnification Provisions ............................................................................. 45

|   |   |   |   |
|---|---|---|---|
|   | E. | Modifications, Amendments, Supplements, Restatements, or Other Agreements | ~~45~~46 |
|   | F. | Reservation of Rights | 46 |
|   | G. | Contracts and Leases Entered into after Petition Date | 46 |
|   | H. | Rejection Damages Claims | 46 |
|   | I. | Compensation and Benefits Programs | 46 |

**ARTICLE VII PROVISIONS GOVERNING DISTRIBUTIONS ... 47**

|   |   |   |   |
|---|---|---|---|
|   | A. | Timing and Calculation of Amounts to Be Distributed | 47 |
|   | B. | Disbursing Agent | 47 |
|   | C. | Rights and Powers of Disbursing Agent | ~~47~~48 |
|   |    | 1. Powers of the Disbursing Agent | ~~47~~48 |
|   |    | 2. Incurred Expenses | ~~47~~48 |
|   | D. | Delivery of Distributions and Undeliverable or Unclaimed Distributions | 48 |
|   |    | 1. Delivery of Distributions in General | 48 |
|   |    | 2. Delivery of Distributions to First Lien Trustee | 48 |
|   |    | 3. Delivery of Distributions to Second Lien Trustee | ~~48~~49 |
|   |    | 4. Delivery of Distributions to First Lien Agent | 49 |
|   |    | 5. Delivery of Distributions to 1.5 Lien Agent | ~~49~~50 |
|   |    | 6. Delivery of Distributions on DIP Claims | ~~49~~50 |
|   |    | 7. Minimum Distributions | 50 |
|   |    | 8. Undeliverable Distributions and Unclaimed Property | 50 |
|   | E. | Compliance with Tax Requirements | ~~50~~51 |
|   | F. | No Postpetition Interest on Claims and Interests | 51 |
|   | G. | Setoffs and Recoupment | 51 |
|   | H. | Claims Paid or Payable by Third Parties | ~~51~~52 |
|   |    | 1. Claims Paid by Third Parties | ~~51~~52 |
|   |    | 2. Claims Payable by Third Parties | 52 |
|   |    | 3. Applicability of Insurance Policies | ~~52~~53 |
|   | I. | Allocation Between Principal and Accrued Interest | ~~52~~53 |

**ARTICLE VIII SETTLEMENT, RELEASE, INJUNCTION, AND RELATED PROVISIONS ... ~~52~~53**

|   |   |   |   |
|---|---|---|---|
|   | A. | Compromise and Settlement | ~~52~~53 |
|   | B. | Discharge of Claims and Termination of Interests | 53 |
|   | C. | Release of Liens | ~~53~~54 |
|   | D. | Releases of Released Parties | 54 |
|   |    | 1. Releases by the Debtors | ~~54~~55 |
|   |    | 2. Releases by Holders of Claims or Interests | ~~55~~56 |
|   | E. | Exculpation | ~~56~~57 |
|   | F. | Injunction | ~~57~~58 |

**ARTICLE IX CONDITIONS TO CONFIRMATION AND EFFECTIVE DATE ... 58**

|   |   |   |   |
|---|---|---|---|
|   | A. | Conditions to Effective Date | 58 |

B. Waiver of Conditions ............................................................................. ~~59~~**60**

ARTICLE X MODIFICATION, REVOCATION, OR WITHDRAWAL OF PLAN ............... 60

    A. Modification and Amendments ........................................................... 60
    B. Effect of Confirmation on Modifications ........................................... ~~60~~**61**
    C. Revocation or Withdrawal of Plan ..................................................... ~~60~~**61**

ARTICLE XI RETENTION OF JURISDICTION ................................................................ 61

ARTICLE XII MISCELLANEOUS PROVISIONS ............................................................. ~~63~~**64**

    A. Immediate Binding Effect .................................................................. ~~63~~**64**
    B. Additional Documents ....................................................................... 64
    C. Payment of Statutory Fees ................................................................. ~~64~~**65**
    D. Reservation of Rights ........................................................................ ~~64~~**65**
    E. Successors and Assigns ..................................................................... 65
    F. Notices ............................................................................................... 65
    G. Term of Injunctions or Stays ............................................................. ~~67~~**68**
    H. Entire Agreement .............................................................................. 68
    I. Exhibits ............................................................................................. 68
    J. Nonseverability of Plan Provisions ................................................... 68
    K. Votes Solicited in Good Faith ........................................................... ~~68~~**69**
    L. Closing of Chapter 11 Cases ............................................................. 69
    M. Document Retention ......................................................................... 69
    N. Conflicts ........................................................................................... 69
    O. Restructuring Expenses ..................................................................... 69
    P. Agents/Trustees Expenses ................................................................. ~~69~~**70**

**Introduction**

Ligado Networks LLC ("Ligado"); ATC Technologies, LLC; Ligado Networks (Canada) Inc.; Ligado Networks Build LLC; Ligado Networks Corp.; Ligado Networks Finance LLC; Ligado Networks Holdings (Canada) Inc.; Ligado Networks Inc. of Virginia; Ligado Networks Subsidiary LLC; One Dot Six LLC; and One Dot Six TVCC LLC (each a "Debtor" and, collectively, the "Debtors"), jointly propose this plan of reorganization, as it may be amended, supplemented, restated, or modified from time to time (together with the Plan Supplement, the "Plan"), for the resolution of certain outstanding Claims against, and Interests in, the Debtors, pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended and as in effect on the Confirmation Date or otherwise applicable to the Chapter 11 Cases, the "Bankruptcy Code").  Capitalized terms used and not otherwise defined shall have the meanings ascribed to such terms in Article I.A.

Although proposed jointly for administrative purposes, the Plan constitutes a separate Plan for each Debtor for the resolution of outstanding Claims and Interests pursuant to the Bankruptcy Code.  The classifications of Claims and Interests set forth in Article III of the Plan shall be deemed to apply separately with respect to each Plan proposed by each Debtor, as applicable.  The Plan does not contemplate substantive consolidation of any of the Debtors.

Holders of Claims and Interests may refer to the Disclosure Statement for a discussion of the Debtors' history, businesses, assets, results of operations, historical financial information, and projections of future operations, as well as a summary and description of the Plan.

ALL HOLDERS OF CLAIMS AND INTERESTS ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

**ARTICLE I**
**DEFINED TERMS, RULES OF INTERPRETATION, COMPUTATION OF TIME, AND GOVERNING LAW**

A.   *Defined Terms*

As used in the Plan, capitalized terms have the meanings set forth below:

1. "*1.5 Lien Administrative Agent*" means U.S. Bank Trust Company, National Association, as administrative agent under the 1.5 Lien Credit Agreement.

2. "*1.5 Lien Agents*" means the 1.5 Lien Administrative Agent and the 1.5 Lien Collateral Agent.

3. "*1.5 Lien Collateral Agent*" means U.S. Bank Trust Company, National Association, as collateral agent under the 1.5 Lien Term Loan Documents.

4. "*1.5 Lien Credit Agreement*" means that certain 1.5 Lien Term Loan Agreement, by and among Ligado, as borrower, the guarantors party thereto, the 1.5 Lien Lenders, and the

57. "*DIP New Money Loans*" means the new money superpriority senior secured term loans in an aggregate initial principal amount of up to $441,999,891 (together with any applicable capitalized amount) extended to the Debtors pursuant to the DIP Credit Agreement and DIP Orders and any incremental amounts (together with any applicable capitalized amounts) provided pursuant to the DIP Credit Agreement and DIP Orders.

58. "*DIP Roll-Up Claim*" means any Claim derived from or based upon the DIP Roll-Up Loans pursuant to the DIP Documents.

59. "*DIP Roll-Up Loans*" means, collectively, the superpriority senior secured DIP Loans resulting from the "roll-up" of the First Lien Notes and/or First Lien Term Loans, in an initial principal amount of $466,349,014.27 (together with any applicable capitalized amount) and any incremental amounts (together with any applicable capitalized amounts), pursuant to the DIP Credit Agreement and DIP Orders.

60. "*DIP Orders*" means the Interim DIP Order and Final DIP Order (including any amendments or supplemental orders in connection therewith.

61. "*Director*" means a member of the board of directors or board of managers, as applicable, of Reorganized Parent.

62. "*Disbursing Agent*" means one or more of the Reorganized Debtors and/or any other Entity or Entities selected by the Debtors or the Reorganized Debtors to make or facilitate distributions contemplated under the Plan.

63. "*Disclosure Statement*" means that certain *Disclosure Statement for the Joint Chapter 11 Plan of Ligado Networks LLC and its Affiliated Debtors and Debtors in Possession*, dated [●]**June 24**, 2025, as it may be amended, supplemented, restated, or modified from time to time, including all exhibits and schedules thereto and references therein, that is prepared and distributed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any other applicable law and as approved by the Bankruptcy Court.

64. "*Disputed*" means, with respect to a Claim, (a) that such Claim is disputed under Article V of the Plan or as to which the Debtors have interposed and not withdrawn an objection or request for estimation that has not been determined by a Final Order, (b) that proof of such Claim was required to be filed by order of the Bankruptcy Court but was not timely or properly filed, (c) that such Claim is listed in the Schedules, if any are filed, as unliquidated, contingent, or disputed, and that no request for payment or proof of such Claim has been filed, or (d) that such Claim is otherwise disputed by any of the Debtors or Reorganized Debtors in accordance with applicable law or contract, which dispute has not been withdrawn, resolved, or overruled by a Final Order.  To the extent the Debtors dispute only the amount of a Claim, such Claim shall be deemed Allowed in the amount the Debtors do not dispute, if any, and Disputed as to the balance of such Claim.

65. "*Distribution Record Date*" means the Effective Date or such earlier date as determined by the Reorganized Debtors.

7

#4935-3900-1635v22

directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, and such Persons' respective heirs, executors, estates, and nominees; *provided*, *however*, that any holder of a Claim or Interest that (x) files an objection to the Plan or (y) opts out of the releases set forth in ~~Article VIIID.2~~**Article VIII.D.2**, as applicable, shall not be a "Released Party."

160. "*Releasing Parties*" means, collectively, and in each case in their capacity as such, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Consenting Stakeholders, (iv) the Agents/Trustees, (v) the DIP Agent and the DIP Lenders, (vi) the Exit Debt Parties, (vii) AST, (viii) Viasat (subject to the AST Definitive Agreements Order), ~~and~~ (~~vii~~**ix**) with respect to each of the foregoing Persons in clauses (i) through (viii), such Persons' predecessors, successors, assigns, subsidiaries, affiliates (including affiliates of any predecessors), current and former officers and directors, principals, equity holders (including equity holders of any predecessors), members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals, and such Persons' respective heirs, executors, estates, and nominees, (~~viii~~**x**) the holders of all Claims or Interests whose vote to accept or reject the Plan is solicited but do not opt out of granting the releases set forth in ~~Article VIIID.2~~**Article VIII.D.2**, and (~~ix~~**xi**) the holders of all Claims and Interests who were given notice of the opportunity and served with a provided form to opt out of granting the releases set forth in ~~Article VIIID.2~~**Article VIII.D.2** but did not timely opt out.

161. "*Reorganized Parent*" means Ligado, or any successor to any such entity, by merger, consolidation, or otherwise, in each case on or after the Effective Date.

162. "*Reorganized Parent Board*" means the initial board of Directors of the Reorganized Parent, as appointed pursuant to Article V.I.

163. "*Reorganized Debtors*" means, collectively, the Reorganized Parent and its direct and indirect subsidiaries, or any successors thereto, by merger, consolidation, or otherwise, in each case on or after the Effective Date.

164. "*Required Consenting Creditors*" shall have the meaning ascribed to such term in the Restructuring Support Agreement.

165. "*Restructuring*" shall have the meaning ascribed to such term in the Restructuring Support Agreement.

166. "*Restructuring Expenses*" means, collectively, (i) all of the Ad Hoc Crossholder Group's and Ad Hoc First Lien Group's reasonable and documented fees, costs, and expenses incurred through the Effective Date in connection with the Restructuring Transactions, including, without limitation, all reasonable and documented fees, costs, and expenses of the Ad Hoc Crossholder Group Advisors and Ad Hoc First Lien Group Advisors and (ii) the reasonable and documented fees, costs, and expenses of the AST Advisors incurred from the Petition Date through the Effective Date in connection with the Restructuring Transactions.

16

#4935-3900-1635v22

from, in whole or in part, the Debtors (including any of the Debtors' predecessors), the Chapter 11 Cases, the Restructuring, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Restructuring Support Agreement, the Restructuring, the DIP Orders, any Canadian Court Recognition Order, the DIP Documents, the Disclosure Statement, the Exit First Lien Facility, the Definitive Documents, the Plan Supplement, and the Plan and related agreements, instruments, and other documents (including the Definitive Documents), or the solicitation of votes with respect to the Plan, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before Effective Date.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any Causes of Action identified in the Schedule of Retained Causes of Action, (ii) any Causes of Action that the Debtors or Reorganized Debtors, as applicable, may have in connection with the Ligado Takings Case, (iii) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or Agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit First Lien Facility Documents, or any Claim or obligation arising under the Plan and (iv) the liability of any Released Party that is the result of any act or omission determined in a Final Order to have constituted gross negligence, intentional fraud, or willful misconduct.

2. Releases by Holders of Claims or Interests

As of the Effective Date, except for (i) the rights that remain in effect from and after the Effective Date to enforce the Plan, the Definitive Documents, and the obligations contemplated by the Restructuring, (ii) the liability of any Released Party that is the result of any act or omission determined in a Final Order to have constituted gross negligence, intentional fraud, or willful misconduct, ~~or~~ (iii) the rights provided or reserved for under the AST Definitive Agreements Order, or (iv) as otherwise provided in any order of the Bankruptcy Court, on and after the Effective Date, to the fullest extent permitted by law, the Released Parties will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, to the maximum extent permitted by law, by the Releasing Parties, in each case, from any and all Claims and Causes of Action whatsoever, whether prepetition or postpetition (including any Avoidance Actions and any derivative claims, asserted or assertable on behalf of the Debtors (including any of the Debtors' predecessors), the Reorganized Debtors, or the Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any

Dated:  June ~~13~~24, 2025

                                        Respectfully submitted,

                                        LIGADO NETWORKS LLC
                                        LIGADO NETWORKS CORP.
                                        LIGADO NETWORKS HOLDINGS (CANADA) INC.
                                        LIGADO NETWORKS (CANADA) INC.
                                        ATC TECHNOLOGIES, LLC
                                        LIGADO NETWORKS INC. OF VIRGINIA
                                        ONE DOT SIX LLC
                                        ONE DOT SIX TVCC LLC
                                        LIGADO NETWORKS SUBSIDIARY LLC
                                        LIGADO NETWORKS FINANCE LLC
                                        LIGADO NETWORKS BUILD LLC

                                        By:  __DRAFT_____
                                              Name: Douglas Smith
                                              Title: Chief Executive Officer