## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. No. 826, 827, 830 & 831** |
| | **Obj. Deadline: August 27, 2025 at 4:00 p.m. (ET)** |
| | **Hearing Date: September 3, 2025 at 3:00 p.m. (ET)** |

### DEBTORS' MOTION TO FILE UNDER SEAL
### (A) THE *DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE AST ORDER AND MEDIATED AGREEMENT AND (II) GRANTING RELATED RELIEF* AND (B) THE *DECLARATION OF PATRICK S. CAMPBELL IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE AST ORDER AND MEDIATED AGREEMENT AND (II) GRANTING RELATED RELIEF*

The above-captioned debtors and debtors in possession (the "Debtors"), by and through

their undersigned counsel, hereby file this motion (the "Seal Motion") for the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the

Debtors to file under seal (a) the *Debtors' Motion for an Order (I) Enforcing the AST Order and*

*Mediated Agreement and (II) Granting Related Relief* [Sealed Docket No. 826, Redacted Docket

No. 827] (the "Motion to Enforce") and (b) the *Declaration of Patrick S. Campbell in Support of*

*Debtors' Motion for an Order (I) Enforcing the AST Order and Mediated Agreement and (II)*

*Granting Related Relief* [Sealed Docket No. 830, Redacted Docket No. 831] (the "Campbell

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).  The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

Declaration" and, with the Motion to Enforce, the "Motion and Declaration") to protect from disclosure certain confidential commercial information contained therein.  In support of this Seal Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Seal Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Venue of the above-captioned chapter 11 cases (the "Chapter 11 Cases") and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Seal Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

3.      On January 5, 2025, the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases for relief under the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), nor has a trustee or examiner been appointed in the Chapter 11 Cases.

4.    Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of the Chapter 11 Cases, are set forth in detail in the *Declaration of Douglas Smith, Chief Executive Officer of Ligado Networks LLC, in Support of Chapter 11 Pleadings and First Day Petitions* [Docket No. 2] (the "<u>First Day Declaration</u>").

5.    On March 22, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief* [Sealed Docket No. 352, Redacted Docket No. 359] (the "<u>AST Motion</u>"), seeking entry of an order, among other things, approving the Debtors' entry into and performance under the AST Definitive Documents (as defined in the AST Motion).

6.    The Debtors, Inmarsat Global Limited ("<u>Inmarsat</u>"), and AST engaged in mediation with regards to the AST Definitive Documents, culminating in a resolution (the "<u>Mediated Agreement</u>") between the Debtors and Inmarsat.  On June 13, 2025, the Debtors filed the *Notice of Filing of Revised Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief* [Docket No. 651].  Attached thereto as <u>Exhibit 1</u> was a copy of the Mediated Agreement.

7.    On June 23, 2025, the Court entered an order approving the entry into the AST Definitive Documents (the "<u>AST Order</u>").  *See* Docket No. 692.  The AST Order expressly provides that "[t]he Mediated Agreement is approved in its entirety and the parties agree to perform in accordance with and be bound by the terms set forth therein."  AST Order ¶ 6.

8.    On August 14, 2025, the Debtors filed the Motion and Declaration requesting that the Court enter an order to enforce Inmarsat's compliance with the AST Order and the Mediated Agreement.  Discussed and excerpted within the Motion are confidential portions of an amended

and restated cooperation agreement (the "Cooperation Agreement") between the Debtors and Inmarsat. Excerpts of the Cooperation Agreement are also attached as Exhibit C to the Campbell Declaration. Accordingly, the Motion and Declaration contain confidential commercial information, including the confidential terms of the Cooperation Agreement (the "Confidential Information").

## RELIEF REQUESTED

9.       By this Seal Motion, the Debtors seek entry of the Proposed Order authorizing the Debtors to (i) file under seal the Motion and Declaration and (ii) granting further relief as may be just and proper.

10.       The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BASIS FOR RELIEF REQUESTED

11.       Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the parties to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13.     Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(d). Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).  Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection.  *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *Orion Pictures Corp.,* 21 F.3d at 28.  Nor does section 107(b) require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

14.     Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature.  *Id.* at 27; *see also In re Global*

*Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.  *See Global Crossing Ltd.*, 295 B.R. at 725.

15.    Cause exists to seal and redact the Confidential Information contained in the Motion and Declaration because such information constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as it concerns the private, confidential commercial information of the Debtors and Inmarsat.  Specifically, the Confidential Information includes the Cooperation Agreement and certain exhibits thereto that contain material non-public commercially sensitive terms regarding the parties coordinated use of certain L-band spectrum.  Indeed, the Debtors and Inmarsat view such Confidential Information as highly sensitive and do not make information such as the Confidential Information available to competitors or the public.  If the Confidential Information were disclosed, the disclosure could result in harm to both the Debtors and Inmarsat by providing competitors and third parties with commercial information related to the agreements between the Debtors and Inmarsat.  Moreover, the Cooperation Agreement requires that the Debtors and Inmarsat maintain the confidentiality of the terms of the Cooperation Agreement.  Importantly, Inmarsat also elected to file the Confidential Information contained in the Cooperation Agreement under seal.

16.    Accordingly, the Debtors respectfully request that the Court permit the Debtors to file the Motion and Declaration under seal and to redact certain Confidential Information in publicly filed versions of the Motion and Declaration, as described herein, and to provide

unredacted copies to the Court, the U.S. Trustee, counsel to Inmarsat, and any other parties in interest as the Court may order.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

17.     To the best of the knowledge, information, and belief of the undersigned counsel to the Debtors, the Motion and Declaration contain information that is confidential, as contemplated by Local Rule 9018-1(d)(iii).  Prior to the filing of this Seal Motion, the Debtors conferred with counsel to Inmarsat regarding the Confidential Information the Debtors seek to seal, and Inmarsat does not oppose the requested sealing of the Confidential Information.  The proposed redacted form of the Motion to Enforce [Docket No. 827] and Campbell Declaration [Docket No. 831] includes the Debtors' proposed redactions.

## NOTICE

18.     The Debtors will provide notice of this Seal Motion to:  (i) the U.S. Trustee; (ii) counsel to Inmarsat; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that that the motion notice requirements have been satisfied, and that no further notice is required under the circumstances.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting: (i) the relief requested herein; and (ii) such other and further relief to the Debtors as the Court may deem proper.

Dated: August 19, 2025
Wilmington, Delaware

*/s/ Zachary J. Javorsky*_____
Mark D. Collins, Esq. (Bar No. 2981)
Michael J. Merchant, Esq. (Bar No. 3854)
Amanda R. Steele, Esq. (Bar No. 5530)
Zachary J. Javorsky, Esq. (Bar No. 7069)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:        collins@rlf.com
              merchant@rlf.com
              steele@rlf.com
              javorsky@rlf.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Matthew L. Brod, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
Email:        ddunne@milbank.com
              mbrod@milbank.com
              ldoyle@milbank.com

Andrew M. Leblanc, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Ave., NW
Washington DC 20005
Telephone:    (202) 835-7500
Facsimile:    (202) 263-7586
Email:        aleblanc@milbank.com

*Co-Counsel for Debtors in Possession*

8