## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: August 29, 2025 at 1:00 p.m. (ET)** |
| | **Objection Deadline: At the hearing** |
| | **Re: Dkt. Nos. 896 & 904** |

### AST'S MOTION TO (I) REDACT AND FILE UNDER SEAL THE AST OBJECTION AND JOINDER AND EXHIBITS THERETO AND (II) GRANT RELATED RELIEF

AST & Science LLC ("**AST**") hereby submit this motion (this "**Motion**") to redact and file under seal *AST's (A) Objection to Inmarsat's Motion for Entry of Order Enforcing and Implementing the Mediated Agreement and (B) Joinder in Support of Debtors' Motion for Order Enforcing the AST Order and Mediated Agreement* (Dkt. No. 896) (the "**AST Objection and Joinder**") and certain exhibits thereto, and respectfully states as follows:

### RELIEF REQUESTED

1.      By this Motion, AST seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing AST to (a) redact and file under seal the AST Objection and Joinder and certain exhibits thereto and (b) granting further relief as may be just and proper.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to rule 9013-1(f) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), AST consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution

3.      Venue of the above-captioned chapter 11 cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 9018 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Local Rule 9018-1(d).

## BACKGROUND

5.      On March 22, 2025, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into the AST Definitive Documents and (II) Granting Related Relief* (Dkt. Nos. 352 (sealed), 359 (redacted)) (the "**AST Transaction Motion**"), seeking authority to enter into the AST Transaction and AST Definitive Documents (each as defined in the AST Transaction Motion).  On April 25, 2025, Inmarsat Global Limited ("**Inmarsat**") filed the *Inmarsat Global*

*Limited's Objection to Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter into the AST Definitive Documents* (Dkt. No. 462) (the "**Inmarsat Objection**").

6.      Following the filing of the Inmarsat Objection, AST, the Debtors, and Inmarsat engaged in mediation.  After months of negotiations, the parties reached a settlement agreement with respect to the Inmarsat Objection that, among other things, allowed for approval by this Court of the AST Definitive Documents (the "**Mediated Agreement**").  On June 23, 2025, the Court held a hearing with respect to the AST Transaction Motion and entered the *Order (I) Authorizing the Debtors to Enter into the AST Definitive Documents and (II) Granting Related Relief* (Dkt. No. 692) (the "**AST Order**"), authorizing the AST Transaction and approving the Mediated Agreement in the form attached to the AST Order as Exhibit 1.

7.      On August 14, 2025, Inmarsat filed the *Motion of Inmarsat Global Limited for Entry of an Order Enforcing and Implementing the Mediated Agreement* (Dkt. Nos. 824 (sealed), 825 (redacted)) (the "**Inmarsat Motion to Compel**").  Also on August 14, 2025, the Debtors filed the *Debtors' Motion for an Order (I) Enforcing the AST Order and Mediated Agreement and (II) Granting Related Relief* (Dkt. Nos. 827) (the "**Debtors' Motion to Compel**").  On August 21, 2025, the Court held a status conference with respect to the Inmarsat Motion to Compel and the Debtors' Motion to Compel and set a hearing date with respect to each motion for August 29, 2025.  *See* Dkt. Nos. 870, 872.

8.      On August 27, 2025, AST filed the AST Objection and Joinder.  Discussed and excerpted within the AST Objection and Joinder are confidential portions of the Strategic Collaboration and Spectrum Usage Agreement, between Ligado Networks LLC and Spectrum USA I, LLC, an affiliate of AST, dated as of March 22, 2025 (Dkt. No. 359-3) (the "**Collaboration Agreement**").  In particular, the AST Objection and Joinder excerpts and attaches thereto

Exhibit 6 to the Collaboration Agreement ("**Exhibit 6**") which contains confidential information concerning Ligado and AST's coordination of L-Band spectrum rights in North America. In addition, when this Court ordered Ligado to produce a fully unredacted version of Exhibit 6 to Inmarsat, it ordered that Inmarsat's access to Exhibit 6 shall be limited to Inmarsat's external counsel. *See* Dkt. No. 456 at ¶ 1. Accordingly, the AST Objection and Joinder contains confidential commercial information belonging to AST and Ligado, including certain confidential terms of Exhibit 6 to the Collaboration Agreement (collectively, the "**Confidential Information**").

## **BASIS FOR RELIEF**

9.      Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the parties to file the Confidential Information under seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Such information provides a broader exception than is available under common law. *In re ESML Holdings Inc*, 135 F.4th 80 (3d Cir. 2025).

10.      Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

11.     Further, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-1(d).  Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Orion Pictures Corp.,* 21 F.3d at 28; *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief.").  Nor does section 107(b) require a finding of "extraordinary circumstances or compelling need." *Orion Pictures Corp.,* 21 F.3d at 27.

11.     Rather, a party seeking the protection of section 107(b) need only demonstrate that

the information is "confidential" and "commercial" in nature.  *Id.*; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.  *See Global Crossing Ltd.*, 295 B.R. at 725.

12.     The Confidential Information contained in the AST Objection and Joinder should be sealed and redacted because such information constitutes "commercial information" within the meaning of section 107(b) of the Bankruptcy Code, insofar as it concerns the private, confidential commercial information of AST and the Debtors.  Specifically, the Confidential Information includes Exhibit 6 to the Collaboration Agreement, which contains material non-public commercially sensitive terms regarding the terms, conditions, limitations, operational requirements, regarding AST's use in North America of the portions of the L-Band Spectrum that Ligado has been granted licenses to use by American and Canadian regulators.  Indeed, AST and Ligado view such Confidential Information as highly sensitive and do not make information such as the Confidential Information available to competitors or the public.  If the Confidential Information were to be disclosed, such disclosure could result in harm to both AST and the Debtors by providing competitors and third parties with commercial information related to the agreements between AST and the Debtors.  In fact, the information is Exhibit 6 is sufficiently sensitive that this Court ordered that Inmarsat's access to a fully unredacted version of Exhibit 6 must be limited to Inmarsat's external counsel.  *See* Dkt. No. 456 at ¶ 1.

13.     Importantly, both Inmarsat and the Debtors also elected to file certain confidential

commercial information related to the Cooperation Agreement (as defined in the Collaboration Agreement) between Inmarsat and the Debtors under seal, which redacted portions of the Cooperation Agreement contain similar confidential commercial terms, such as certain use restrictions and limitations, as those set forth in Exhibit 6 to the Collaboration Agreement. Moreover, AST is only requesting to redact and file under seal such portions of the Collaboration Agreement, including Exhibit 6 thereto, that are strictly necessary to protect the Confidential Information.

14.     Accordingly, AST respectfully request that the Court permit AST to file the AST Objection and Joinder under seal and to redact certain Confidential Information in publicly filed versions of the AST Objection and Joinder, as described herein.  Unredacted copies will be provided only to the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel to the Debtors, counsel to Inmarsat, and any other parties in interest as the Court may order.

## <u>COMPLIANCE WITH LOCAL RULE 9018-1(d)</u>

15.     To the best of the knowledge, information, and belief of the undersigned counsel to AST, the AST Objection and Joinder contains information that is confidential, as contemplated by Local Rule 9018-1(d)(iii).  Prior to the filing of this Motion, AST conferred with counsel to the Debtors and the U.S. Trustee regarding the Confidential Information AST seeks to redact and seal, and to the best of AST's knowledge, they do not oppose the requested sealing of the Confidential Information.  The proposed redacted form of the AST Objection and Joinder (Dkt. No. 904) includes AST's proposed redactions.

## <u>NOTICE</u>

16.     AST will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the

Debtors; (iii) counsel to Inmarsat; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, AST respectfully requests that the Court enter the Proposed Order substantially in the form attached hereto as **Exhibit A**, granting: (i) the relief requested herein; and (ii) such other and further relief to AST as the Court may deem proper.

Dated: August 27, 2025
Wilmington, Delaware

/s/ *Katelin A. Morales*
Jeremy W. Ryan (No. 4057)
Katelin A. Morales (No. 6683)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
Telephone:    (302) 984-6000
Facsimile:    (302) 658-1192
Email:    jryan@potteranderson.com
kmorales@potteranderson.com
srizvi@potteranderson.com

-and-

Madlyn Gleich Primoff (admitted *pro hac vice*)
Henry Hutten (admitted *pro hac vice*)
Alexander Rich (admitted *pro hac vice*)
Sarah Margolis (admitted *pro hac vice*)
**FRESHFIELDS US LLP**
3 World Trade Center
174 Greenwich Street, 51st Floor
New York, New York 10007
Telephone:    (212) 277-4000
Facsimile:    (212) 277-4001
Email:    madlyn.primoff@freshfields.com
henry.hutten@freshfields.com
alexander.rich@freshfields.com
sarah.margolis@freshfields.com

*Counsel for AST & Science LLC*