IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) Case No. 25-10006 (TMH) |
| Debtors. | ) (Jointly Administered) |

DECLARATION OF
MICHAEL HEALY IN SUPPORT OF CONFIRMATION
OF THE JOINT CHAPTER 11 PLAN OF LIGADO NETWORKS LLC
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

I, Michael Healy, hereby make this declaration pursuant to 28 U.S.C. § 1746:

1. I submit this declaration (the "Declaration") in support of the Joint Chapter 11 Plan of Ligado Networks LLC and its Affiliated Debtors and Debtors in Possession, filed on June 24, 2025 [Docket No. 696] (as it may be amended or modified, the "Plan").[2]

2. I am a Senior Managing Director at FTI Consulting, Inc. ("FTI"), a leading global business advisory firm with 103 offices worldwide and over 8,100 professionals in 33 countries and territories. I have more than 25 years of restructuring experience, and have advised companies, lenders, creditors, corporate boards, and equity sponsors across a diverse range of industries both domestically and internationally. My experience includes advising on complex restructuring and turnaround situations in out-of-court restructurings and in formal bankruptcy proceedings. Specific

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] Capitalized terms not otherwise defined herein have the respective meanings ascribed to them in the Plan.

areas of my experience include business plan development, cash flow forecasting, cash management, development and implementation of cost reduction plans, negotiating restructuring plans, bankruptcy planning, and negotiating business and asset sales. I have advised companies, lenders, and investors in a variety of industries and in select instances served as Chief Restructuring Officer, including Speedcast International Limited, F+W Media, Inc., All American Group, Inc., and TransCentra, Inc.

3. As an advisor, I have conducted numerous financial, valuation, and liquidation analyses for various companies, including CHC Group, Diagnostic Imaging Group, First Trade Union Bank, Foodarama Supermarkets, HMX Group, Jobson Medical Information, Linens' n Things, Pathfinder Bancorp, Penn Traffic, PRACS Institute, Precision Parts International, Reichhold Industries, Remedy Health Media, Signstrut Ltd., St. Louis Post-Dispatch, Transcentra Inc, and World Health Alternatives.

4. FTI has been engaged as a financial advisor of the Debtors since April 12, 2020. I understand that on February 20, 2025, the Court entered *Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisor for the Debtors* [Docket No. 251]. I am generally familiar with the Debtors' operations, business and financial affairs, and books and records.

5. The statements in this Declaration are based on my personal knowledge, my discussions with the Debtors' employees or advisors, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Debtors' financial affairs. If called upon to testify, I would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.'

**The Plan Satisfies the Best Interest Test**

6. I understand from my general knowledge and professional experience that to satisfy the "best interests" test under section 1129(a)(7) of the Bankruptcy Code, a debtor must demonstrate that each holder of a claim or equity interest in an impaired class has either (i) accepted the Plan or (ii) is receiving or retaining at least as much value under the Plan as it would receive in a hypothetical liquidation under chapter 7 of the Bankruptcy Code.

7. To determine whether the Plan satisfies the "best interests" test, the Debtors, with the assistance of FTI, prepared a liquidation analysis, which is attached to the *Disclosure Statement for the Joint Chapter 11 Plan of Ligado Networks LLC and Its Affiliated Debtors and Debtors in Possession* [Docket No. 697] (the "<u>Disclosure Statement</u>") as Exhibit D (the "<u>Liquidation Analysis</u>"). I oversaw the preparation of the Liquidation Analysis and worked closely with a team of FTI staff in its development. The Liquidation Analysis was completed after due diligence by the Debtors personnel and their advisors, and was based on a variety of assumptions, which I believe are sound and reasonable. The Liquidation Analysis takes into account the realizable value of the Debtors' assets and the extent to which the assets are subject to liens and security interests.

8. To evaluate whether the Debtors' Plan satisfies the "best interests" test, The Liquidation Analysis was prepared based on a variety of assumptions, which are detailed in the Liquidation Analysis, and which I believe are reasonable under the circumstances, which included, among others: (i) assuming the Debtors converted their Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code on or around June 30, 2025; (ii) a twelve to eighteen month liquidation period; (iii) primary sources of recovery in such hypothetical liquidation are expected to consist of cash on hand and spectrum asset sales; and (iv) a chapter 7 trustee will oversee the liquidation of the Debtors' Estates and professionals to support the liquidation. The assumptions and estimates

in the Liquidation Analysis are based upon the knowledge and expertise of the Debtors' advisors and personnel who have extensive knowledge of the Debtors' business and financial affairs as well as relevant industry and financial experience.

9.  Recoveries under the Liquidation Analysis were compared to recoveries under the Plan to demonstrate that each holder of a claim or interest in an impaired class will receive at least as much, if not more, under the Plan as such holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. Based on the Liquidation Analysis, a liquidation of the Debtors' assets would produce less value for distribution to creditors and equity interest holders than that recoverable under the Plan. Consequently, it is my conclusion that the Plan is in the best interests of creditors and interest holders and satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: August 28, 2025

*/s/ Michael Healy*

Name: Michael Healy

Title: Senior Managing Director