**Exhibit B**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LIGADO NETWORKS LLC *et al.*,[1] | ) Case No. 25-10006 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket Nos. [x]696, 920, |
| | ) 957, 958 |
| | ) |

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER
CONFIRMING JOINT CHAPTER 11 PLAN OF REORGANIZATION**

**WHEREAS**, on June 24, 2025, after notice and a hearing, this Court entered the Order *(I) Approving Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan, and (V) Granting Related Relief* [Docket No. 694] (the "Disclosure Statement Order"), which, among other things, approved the *Disclosure Statement for the Joint Chapter 11 Plan of Ligado Networks LLC and its Affiliated Debtors and Debtors in Possession* [Docket No. 697] (as it may be amended from time to time, the "Disclosure Statement");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

**WHEREAS**, on July 17, 2025, the Debtors filed the Plan Supplement [Docket No. 750] (the "Plan Supplement");

**WHEREAS**, on August 28, 2025, the Debtors filed (i) the *Debtors' Memorandum of Law in Support of Confirmation of the Plan* [Docket No. [●]916] (the "Confirmation Brief"), (ii) the declarations of Douglas Smith [Docket No. [●]919] (the "Smith Declaration") and Michael Healy [Docket No. [●]917] (the "Healy Declaration") in support of the confirmation of the Plan (collectively, the "Confirmation Declarations"), and (iii) the *Declaration of Jeriad R. Paul Regarding the Solicitation and Tabulation of Votes on, and Elections to Opt Out to the Third Party Release Contained in the Joint Chapter 11 Plan of Ligado Networks LLC and Its Affiliated Debtors and Debtors in Possession* [Docket No. [●]918] (the "Voting Report");

**WHEREAS**, on [●, 2025], this Court entered the *Order Authorizing the Debtors to (I) Amend the DIP Credit Agreement and (II) Enter into the Letter Agreement and AST Power of Attorney* [Docket No. [●]] (the "DIP Amendment Order");

**WHEREAS**, on [September 3]22, 2025[,] this Court held the Confirmation Hearing;

**WHEREAS**, this Court has considered all of the pleadings and other materials filed in connection with the Confirmation Hearing, as well as the arguments of counsel and the evidence presented, proffered, and adduced at the Confirmation Hearing; and

**WHEREAS**, this Court is familiar with, and has taken judicial notice of, the entire record of these Chapter 11 Cases;

**NOW, THEREFORE**, based on the foregoing, and after due deliberation and sufficient cause appearing therefor, this Court hereby finds as follows:

3

implement, and evidence the terms and conditions of the Plan Documents and the Restructuring Transactions without the need for any further approvals, authorization, or consents, except those expressly required by the Plan Documents. Subject to the occurrence of, the Effective Date, whenever an act or event is deemed to have been done or to have occurred under the Plan, it shall be deemed to have been done or to have occurred without any further act by any party.

5. <u>Restructuring Transactions.</u> On and after the entry of this Order, but subject to the occurrence of the Effective Date, the Debtors and Reorganized Debtors shall be authorized to take all actions consistent with this Order and the Plan as may be necessary or appropriate to effectuate the Restructuring Transactions. Notwithstanding anything to the contrary in any assumed Executory Contract or Unexpired Lease, on and after the Effective Date, the Restructuring Transactions shall occur without the requirement of any additional notice or consent.

6. <u>Approval of the New Organizational Documents.</u> The form of each of the New Organizational Documents, including the *Second Amended and Restated Operating Agreement* filed as part of the Plan Supplement, is hereby approved; *provided*, that, (i) notwithstanding the ~~forgoing~~**foregoing** approval of the form of the New Organizational Documents included in the Plan Supplement as of the date hereof, the parties to the Restructuring Support Agreement shall retain their applicable consent rights set forth therein with respect to the New Organizational Documents, (ii) the New Organizational Documents may be modified after the date hereof with consent of the Required Ad Hoc Holders (as defined in the DIP Order), and (iii) the final form of the New Organizational Documents shall be acceptable to the Required Ad Hoc Holders in all respects. The Reorganized Debtors are authorized, without further approval of the Court or any other party, to execute, deliver, and file, as applicable, the

New Organizational Documents and all agreements, documents, instruments, and certificates relating thereto and to take such actions as reasonably deemed necessary to perform their obligations thereunder. As of the Effective Date, the New Organizational Documents shall be effective, operative, and binding on, and enforceable against, the Reorganized Debtors.

7. <u>Board of Directors/Officers.</u> On the Effective Date, (i) the terms of the current members of the Debtors' boards of directors or managers, as applicable, shall expire, and such directors and managers shall be deemed to have resigned their positions, solely in their capacities as such, without the necessity of taking any further action and (ii) the members of the New Boards and the officers of the Reorganized Debtors shall be appointed as set forth in the Plan Supplement.

8. <u>Management Incentive Plan.</u> Effective as of the Effective Date of the Plan, the New Board shall adopt, approve or ratify, as applicable, the Management Incentive Plan.~~.~~**;** ***provided*, that, (i) the Management Incentive Plan may be modified after the date hereof with consent of the Required Ad Hoc Holders (as defined in the DIP Order), and (iii) the final form of the Management Incentive Plan shall be acceptable to the Required Ad Hoc Holders in all respects.**

9. <u>Preservation of Causes of Action.</u> Except as provided in the Plan or in any Plan Document, and subject to the AST Definitive Agreements Order and the Boeing Order, in accordance with section 1123(b)(3) of the Bankruptcy Code and Article V.M of the Plan, the Reorganized Debtors shall retain all of the Debtors' and the Estates' Causes of Action, except for any claims or Causes of Action against any Released Party which shall be released under Article VIII of the Plan. On and after the Effective Date, the Reorganized Debtors may, in their sole discretion, pursue, enforce, or settle any claim or Cause of Action to the extent not released

31. <u>DIP Amendment Order</u>. **For the avoidance of doubt, entry of this Confirmation Order confirming the Plan shall constitute entry of an order confirming an Acceptable Plan (as such term is defined in the DIP Order) and shall satisfy the applicable condition to effectiveness in section 4(e)(ii) of the Amendment No. 1 to the Senior Secured Super-Priority Debtor-In-Possession Loan Agreement approved pursuant to the DIP Amendment Order. Accordingly, the "First Amendment Effective Date" (as defined in Amendment No. 1 to the Senior Secured Super-Priority Debtor-In-Possession Loan Agreement) shall be deemed to have occurred without the necessity of any other or further act, instrument, or notice upon entry of this Confirmation Order.** Notwithstanding anything else herein, the DIP Amendment Order shall remain in force following entry of this Confirmation Order.

32. <u>AST Definitive Agreements Order</u>. Notwithstanding anything else herein, the AST Definitive Agreements Order shall survive confirmation of the Plan, the entry of this Confirmation Order and the occurrence of the Effective Date.

33. <u>Reversal/Stay/Modification/Vacatur.</u> Except as otherwise provided in this Order, if any or all of the provisions of this Order are hereafter reversed, modified, vacated, or stayed by a subsequent Order of this Court or any other court of competent jurisdiction, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtors or the Reorganized Debtors, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any reversal, stay, modification, or vacatur of this Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Order prior