**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIGADO NETWORKS LLC *et al.*,[1] | ) ) ) | Case No. 25-10006 (TMH) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | | Re: Docket No. 1220 |

**DEBTORS' MOTION FOR AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS AND WAIVING LOCAL RULES 9006-1(c)(ii) AND 9006-1(d) WITH RESPECT TO THE *DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE AUTOMATIC STAY, (II) ENFORCING THE MEDIATED AGREEMENT, AND (III) GRANTING RELATED RELIEF* AND PRESERVING THE STATUS QUO**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully state as follows in support of this motion (the "Motion to Shorten"):

**BACKGROUND**

1. On January 5, 2025 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these cases, and no committees have been appointed or designated.

2. Additional detail regarding the facts and circumstances giving rise to the current dispute between the Debtors and Inmarsat is set forth in the *Debtors' Motion for an Order (I)*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

*Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief* (the "Debtors' Motion to Enforce"), filed concurrently herewith and incorporated herein by reference.

3. On March 22, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter into the AST Definitive Documents and (II) Granting Related Relief* [Sealed Docket No. 352, Redacted Docket No. 359] (the "AST Definitive Documents"), seeking this Court's approval for entry into the critical piece of the Debtors' restructuring: a long-term commercial transaction between the Debtors and AST (the "AST Transaction").

4. On April 25, 2025, Inmarsat Global Limited ("Inmarsat") filed *Inmarsat Global Limited's Objection to Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter Into the AST Definitive Documents* [Docket No. 462].

5. The Debtors, Inmarsat, and AST & Science, LLC ("AST") then engaged in mediation with regards to the AST Definitive Documents, culminating in a resolution (the "Mediated Agreement"). Critically, Inmarsat agreed to affirmatively **support** the initial regulatory applications for the satellite system contemplated under the AST Transaction if the Debtors' application to the Federal Communications Commission ("FCC") expressly stated that the system would be consistent with and remain within the technical, geographic and other limitations in the Amended Inmarsat Cooperation Agreement and requested that the FCC recognize as much.

6. On June 13, 2025, the Debtors filed the *Notice of Filing of Revised Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief* [Docket No. 651]. Attached thereto as Exhibit 1 was a copy of the Mediated Agreement.

7. On June 23, 2025, the Court entered the *Order (I) Authorizing the Debtors to Enter Into the AST Definitive Documents and (II) Granting Related Relief* [Docket No. 692] (the "AST

2

Order"), approving entry into the AST Definitive Documents and approving the terms of the Mediated Agreement in its entirety.

8. On June 24, 2025, the Debtors filed the *Joint Chapter 11 Plan of Ligado Networks LLC and its Affiliated Debtors and Debtors in Possession* [Docket No. 696] (the "Plan"). Days before a scheduled hearing on confirmation of the Plan, the parties reached an impasse on implementing the Mediated Agreement. As a result, on August 14, 2025, the Debtors and Inmarsat filed cross-motions to enforce the terms of the AST Order and the Mediated Agreement [Docket Nos. 824, 826]. On August 27, 2025, AST objected to Inmarsat's motion [Docket No. 896].

9. On September 2, 2025, the Court issued the *Order Regarding Motions to Enforce* [Docket No. 940] denying both motions and directing the Debtors and Inmarsat to incorporate the exact words of the Mediated Agreement into the new agreements and/or amendments contemplated thereunder. The parties did so on September 21, 2025. On September 8, 2025, the Debtors filed an amended Plan (the "Amended Plan") [Docket No. 957].

10. On September 29, 2025, the Court issued the *Revised Findings of Fact, Conclusions of Law, and Order Confirming Joint Chapter 11 Plan of Reorganization* [Docket No. 1007] (the "Confirmation Order").

11. Thereafter, the Debtors and AST upheld their obligations under the Mediated Agreement, including by paying Inmarsat $420 million and, on December 8, 2025, filing an application with the FCC (the "FCC Application") including the precise language called for under the Mediated Agreement.

12. The FCC has the discretion to place this FCC Application on "public notice" at any given time, which will require interested parties to file comments in support or opposition of the FCC Application within thirty (30) days after the date of such public notice. It is during this critical

30-day period (which the FCC can commence any day now) that Inmarsat is required by the Mediated Agreement to affirmatively support the FCC Application.

13. On December 19, 2025, Inmarsat filed a complaint (the "Complaint") in New York State Supreme Court, New York County in response to the Debtors' FCC Application. In the Complaint, Inmarsat seeks declaratory relief and an injunction and makes plain it intends to breach its obligations under the Mediated Agreement *by opposing* the FCC Application.

14. On December 29, 2025, the Debtors and AST notified Inmarsat via email that by filing the Complaint and publicly asserting that Inmarsat intends to oppose the FCC Application, it is in breach of its regulatory support obligations set forth the Mediated Agreement and demanding that Inmarsat immediately withdraw the Complaint and honor its regulatory support obligations in accordance with the terms of the Mediated Agreement. Inmarsat did not respond to this demand.

15. Consequently, on January 2, 2026, to enforce the plain terms of the Mediated Agreement and ensure the Debtors have Inmarsat's critical support before the FCC's public comment period closes, the Debtors filed the *Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief*.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated as of February 29, 2012 and paragraph 13 of the AST Order ("[t]his Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including enforcement of the Mediated Agreement"). Further, the Court has authority to enforce its own orders. *See* 11 U.S.C. § 105(a);

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 150 (2009) ("[W]here the plain terms of a court order unambiguously apply, as they do here, they are entitled to their effect.").

17.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

18.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

19.     The statutory bases for the relief requested herein are sections 105(a) and 362 of the Bankruptcy Code and the inherent power of the Court to interpret and enforce its own orders, including the AST Order.

## RELIEF REQUESTED

20.     By this Motion to Shorten, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening the notice and objection periods with respect to the Debtors' Motion to Enforce; (ii) scheduling consideration of the relief requested with respect to the Debtors' Motion to Enforce for January 14, 2026 at 11:00 am ET; (iii) waiving the requirements of Local Rule 9006-1(c)(ii) and setting the deadline to file objections with the Court, if any, to the relief requested by the Debtors' Motion to Enforce as January 9, 2026 at 4:00 pm ET; (iv) waiving the requirements of Local Rule 9006-1(d) and setting the deadline to file reply papers with the Court, if any, as January 13, 2026 at 11:00 am ET; and (v) preserving the status quo pending a ruling on the Debtors' Motion to Enforce.

**BASIS FOR RELIEF REQUESTED**

21. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers must be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date." Further, Local Rule 9006-1(c)(ii) requires that, "[w]here a motion is filed and served in accordance with Local Rule 9006-1(c)(i) less than twenty-one days prior to the hearing date, the deadline for objection(s) is seven (7) days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii). Further, Local Rule 9006-1(d) requires that, "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). However, Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) provide that the Court may shorten the time periods established by the Local Rules or the Bankruptcy Rules "for cause" or for "exigencies justifying shortened notice." Fed.R. Bankr. P. 9006(c); Del. Bankr. L.R. 9006-1(e). In addition, Bankruptcy Code section 105(a) permits this Court to issue any order or process necessary to carry out the provisions of the Code.

22. Here, cause exists to shorten notice in connection with the Debtors' Motion to Enforce and grant the relief requested in this Motion to Shorten. As described in the Debtors' Motion to Enforce, Inmarsat's noncompliance with the clear terms of the Mediated Agreement threatens the viability of these Chapter 11 Cases. The AST Transaction is vital to the approved Plan and the Debtors' restructuring.

23. For the AST Transaction to go forward, the Debtors need FCC approval for the new satellite system contemplated by the AST Transaction. Given the importance of the AST Transaction to the Debtors, the Debtors and AST determined that Inmarsat's cooperation in the FCC Application process would be beneficial to the overall regulatory proceeding. Indeed, it is a

vital component of the agreement reached under the Mediated Agreement and the Debtors and AST have already paid Inmarsat more than $420 million in exchange for Inmarsat's obligations—including Inmarsat's regulatory support obligations—agreed to under the Mediated Agreement.

24. The Debtors submitted the FCC Application on December 8, 2025. It is up to the discretion of the FCC to decide when to place the FCC Application on public notice, but the public notice period could open any day now and, in all likelihood, no later than early 2026. Once the public notice period opens, Inmarsat will have only thirty (30) days to file comments in support or opposition of the FCC Application.

25. It is critical that the Debtors' Motion to Enforce is resolved before the FCC public comment period opens such that Inmarsat has the opportunity to fulfill its obligation under the Mediated Agreement to support the Debtors' FCC Application. The AST Transaction is critical to these Chapter 11 Cases but by voicing that it intends to oppose the FCC Application in direct contravention of the Mediated Agreement, Inmarsat has publicly jeopardized this critical piece of the Debtors' Plan of reorganization. The Debtors and AST have upheld all obligations under the Mediated Agreement. Inmarsat must now be held to the same standard. For the sake of the Debtors' restructuring, the relief sought in the Debtors' Motion to Enforce cannot wait and must be resolved before Inmarsat has a chance to submit an opposition to the FCC Application once the 30-day public notice period opens.

26. Given the critical importance of the relief sought in the Debtors' Motion to Enforce, the Debtors request the Court enter an order maintaining the status quo pending a hearing and determination of the Debtors' Motion to Enforce. It is well-established that bankruptcy courts, pursuant to the broad statutory grant of equitable powers in section 105 of the Bankruptcy Code, have the inherent power to enforce court orders. In the AST Order, the Court expressly "retain[ed]

jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including enforcement of the Mediated Agreement." AST Order at 4 [Docket No. 692]. The Court thus has the inherent authority to enforce the terms of the AST Order and Mediated Agreement, including by issuing a status quo order. *See In re Near Intelligence, Inc.*, Case No. 23-11962 [Docket no. 382] (Bankr. D. Del.) (J. Horan) (issuing order preserving status quo pursuant to section 105(a)); *see also,* 11 U.S.C. § 105(a) (the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]").[2]

27. The Mediated Agreement is unequivocal; "[p]rovided the Applications meet the two conditions in the first paragraph of [Section 2], Inmarsat . . . shall affirmatively support before the FCC and ISED the initial regulatory applications seeking authority to operate the Proposed NGSO System within the L-Band in North America."[3] The Application meets both conditions.[4] There can be no doubt that Ligado and AST have upheld their obligations and Inmarsat must now uphold its obligation. By the Debtors' Motion to Enforce, the Debtors are merely seeking an order of the Court to enforce the Mediated Agreement as written.

28. In addition, the Debtors will suffer irreparable harm if this Court does not preserve the status quo. *In re Chateaugay Corp.*, 201 B.R. 48, 71 (Bankr. S.D.N.Y. 1996), *aff'd in part*, 213 B.R. 633 (S.D.N.Y. 1997) (harm exists if "the action to be enjoined is one that threatens the

---

[2] An order maintaining the status quo should be issued where the movant demonstrates "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured *pendente lite* if relief is not granted to prevent a change in the status quo." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotations omitted); *Gorman v. Salamone*, 2015 WL 4719681, at *8 n.49 (Del. Ch. July 31, 2015) ("When considering an application for a status quo order during the early stages of litigation, the Court is more focused on the existence of irreparable harm and the relative hardships than on the merits of a plaintiff's claims."). The Debtors easily satisfy these factors.

[3] Mediated Agreement §2.

[4] *See* Ex. B to the Debtors' Motion to Enforce (FCC Application) at 12; Mediated Agreement § 2.

reorganization process or which would impair the court's jurisdiction with respect to a case before it."); *In re Alert Holdings, Inc.*, 148 B.R. 194, 200 (Bankr. S.D.N.Y. 1992) ("Where there is a showing that the action sought to be enjoined would embarrass, burden, delay or otherwise impede the reorganization proceedings or if the stay is necessary to preserve or protect the debtor's estate and reorganization prospects, the Bankruptcy Court may issue injunctive relief.") (citing *Matter of Invs. Funding Corp. of N.Y., IFC Collateral Corp.*, 547 F.2d 13, 16 (2d Cir. 1976)).

29. Inmarsat has made plain it intends to oppose the FCC Application when the public notice period opens. The public notice period could open any day now. Inmarsat's planned opposition to the FCC Application could threaten the viability of the AST Transaction—a transaction that is vital to the approved Plan and the Debtors' restructuring. Thus, a shortened timeline and preservation of the status quo is important to protect the Debtors' carefully negotiated restructuring and the vital, Court-approved AST Transaction.

30. The Debtors further contend that neither Inmarsat nor any other party will be prejudiced by the request to shorten the notice period for the Debtors' Motion to Enforce because (i) such parties will have a full seven-day response period to file any objections and (ii) Inmarsat is fully aware of this dispute.

31. Accordingly, the Debtors respectfully submit that cause exists pursuant to Bankruptcy Rule 9006 and Local Rule 9006-1(e) to (i) shorten the notice and objection periods with respect to the Debtors' Motion to Enforce, (ii) schedule consideration for the relief requested with respect to the Debtors' Motion to Enforce for January 14, 2026 at 11:00 am ET, (iii) waive Local Rule 9006-1(c)(ii) and set the deadline to file objections, if any, to the Debtors' Motion to Enforce as January 9, 2026 at 11:00 am ET, and (iv) waive the requirements of Local Rule 9006-

1(d) and setting the deadline to file reply papers with the Court, if any, as January 13, 2026 at 11:00 am ET.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

32. The Debtors' Motion to Enforce and this Motion to Shorten have been filed on an emergency basis. The Debtors have requested a status conference be held on the Debtors' Motion to Enforce and this Motion to Shorten on January 6, 2026 at 11:00 am ET. Counsel to the Debtors will endeavor to confer with Inmarsat and any other parties required under Local Rule 9006-1(e) in advance of the requested status conference.

## NO PRIOR REQUEST

33. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

34. Notice of this Motion to Shorten will be provided to the Office of the United States Trustee for the District of Delaware and Inmarsat. The Debtors respectfully submit that no further notice is required.

[*Signature Page Follows*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief to the Debtors as the Court may deem proper.

| | |
|---|---|
| Dated: January 2, 2026<br>Wilmington, Delaware | */s/ Michael J. Merchant*<br>Mark D. Collins, Esq. (Bar No. 2981)<br>Michael J. Merchant, Esq. (Bar No. 3854)<br>Amanda R. Steele, Esq. (Bar No. 5530)<br>Zachary J. Javorsky, Esq. (Bar No. 7069)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone:   (302) 651-7700<br>Facsimile:    (302) 651-7701<br>Email:          collins@rlf.com<br>                    merchant@rlf.com<br>                    steele@rlf.com<br>                    javorsky@rlf.com<br>-and-<br>Dennis F. Dunne, Esq. (admitted *pro hac vice*)<br>Matthew L. Brod, Esq. (admitted *pro hac vice*)<br>Lauren C. Doyle, Esq. (admitted *pro hac vice*)<br>**MILBANK LLP**<br>55 Hudson Yards<br>New York, New York 10001<br>Telephone:   (212) 530-5000<br>Facsimile:    (212) 530-5219<br>Email:          ddunne@milbank.com<br>                    mbrod@milbank.com<br>                    ldoyle@milbank.com<br><br>Andrew M. Leblanc, Esq. (admitted *pro hac vice*)<br>Melanie Westover Yanez, Esq. (admitted *pro hac vice)*<br>**MILBANK LLP**<br>1101 New York Avenue, NW<br>Washington DC 20005<br>Telephone:   (202) 835-7500<br>Facsimile:    (202) 263-7586<br>Email:          aleblanc@milbank.com<br>                    mwyanez@milbank.com<br><br>*Co-Counsel for Debtors in Possession* |