IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 1221** |

### MOTION BY AST & SCIENCE LLC FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS AND PRESERVING THE STATUS QUO WITH RESPECT TO AST'S EMERGENCY MOTION FOR ENTRY OF AN ORDER ENFORCING THE MEDIATED AGREEMENT AND RELATED ORDERS OF THIS COURT AGAINST INMARSAT GLOBAL LIMITED

AST & Science LLC ("**AST**"), in support of this motion (the "**Motion to Shorten**") for entry of an order, in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2002-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening the notice and objection periods with respect to the *Emergency Motion by AST & Science LLC for Entry of an Order Enforcing the Mediated Agreement and Related Orders of This Court Against Inmarsat Global Limited* (the

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); Ine Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).  The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

"**Emergency Motion to Enforce**"), which AST is filing contemporaneously herewith, respectfully states as follows:[2]

## PRELIMINARY STATEMENT

1. For the reasons set forth in greater detail in the Emergency Motion to Enforce, it is imperative that this Court promptly have a hearing and enter an order requiring Inmarsat to (A) comply with its obligations under the Mediated Agreement and related orders of this Court, including its Regulatory Support Obligations; (B) withdraw the NY State Action immediately because it not only contravenes the Mediated Agreement and prior orders of this Court but also constitutes a violation of the automatic stay; and (C) adhere to its Regulatory Support Obligations and immediately cease taking any step or action of any kind or nature that could be construed, directly or indirectly, as opposition to the FCC Application and any other application filed with the Regulatory Authorities.

2. Until the Court is able to rule on the Emergency Motion to Enforce, it is critical that this Court enter an order maintaining the status quo, barring Inmarsat from engaging or otherwise communicating with the FCC regarding the FCC Application (other than to express support therefor) or taking any action, such as communicating with other third parties, that would directly or indirectly violate this prohibition. AST and Ligado have an immediate and palpable risk that Inmarsat will communicate to the FCC (directly or indirectly) that it is opposed to the FCC Application, notwithstanding Inmarsat's Regulatory Support Obligations set forth in the Mediated Agreement. Once that genie is let out of the bottle, it cannot be put back in.

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Emergency Motion to Enforce.

3. Accordingly, by this Motion to Shorten, AST respectfully requests that this Court enter an order (i) with respect to the Emergency Motion to Enforce, shortening the notice period, setting a briefing schedule, and scheduling a hearing and (ii) maintaining the status quo until such time as the Court conducts a hearing to consider the Emergency Motion to Enforce.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

5. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and specifically 28 U.S.C. § 157(b)(2)(M), because the instant dispute concerns property rights with respect to the L-Band Spectrum that the FCC has licensed to Ligado. Therefore, any orders with respect to the same would be orders concerning the "use" of the Debtors' property.

6. Pursuant to Local Rule 9013-1(f), AST consents to the entry of a final judgment or order with respect to this Motion to Shorten if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The statutory and legal predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a) and 9006(c)(1), and Local Rules 2002-1(a)(ii) and 9006-1(c) and (e).

## BACKGROUND

8. As set forth in the Emergency Motion to Enforce, Ligado, Inmarsat and AST engaged in months of hard-fought mediation with regard to the AST Transaction, culminating in their entry into the Mediated Agreement, which was approved in its entirety by this Court in the

Mediation Order dated June 23, 2025. *See* Emergency Motion to Enforce ¶¶ 4, 15-17. As part of the Mediated Agreement, Inmarsat agreed to affirmatively support, and refrain from taking any action to oppose, the regulatory applications filed by Ligado with the Regulatory Authorities (such as the FCC) seeking approval of the AST Transaction. *Id.* ¶¶ 5, 19-20. **AST has already paid Inmarsat $420 million** of the aggregate $535 million that it agreed to pay Inmarsat for its regulatory support.

9. After this Court entered the Mediation Order, Inmarsat, Ligado and AST disputed the scope of coordination of L-Band Spectrum that was called for by the Mediated Agreement. Thus, in August 2025, the parties filed competing motions to compel compliance with the terms of the Mediated Agreement. *See* Dkt. Nos. 825, 827, & 904. To resolve such motions, this Court entered the Coordination Order, dated September 2, 2025, directing Inmarsat, Ligado and AST to incorporate the specific language of the Mediated Agreement into the Inmarsat-AST Agreement and the Amended Inmarsat Cooperation Agreement, as applicable. *See* Coordination Order ¶ 3.

10. On September 21, 2025, AST and Inmarsat executed the Inmarsat-AST Agreement, incorporating the language of Sections 2-3 of the Mediated Agreement *verbatim*, and giving each other the right to enforce directly against each other certain commitments made to each other in Sections 2 and 3 of the Mediated Agreement. Likewise, on September 21, 2025, Ligado and Inmarsat executed the Amended Inmarsat Cooperation Agreement.

11. On September 29, 2025, the Court conducted the confirmation hearing and, thereafter, entered the Confirmation Order confirming the Debtors' Chapter 11 Plan in these cases. *See* Dkt. No. 1007. The AST Transaction is the cornerstone of the Plan and, naturally, requires approval by the Regulatory Authorities. Approval of the AST Transaction by the Regulatory Authorities is a condition precedent to the Plan's Effective Date. *See* Plan, Art. IX(A)(17).

12. On December 8, 2025, Ligado submitted the FCC Application to the FCC for approval. *See* Emergency Motion to Enforce at ¶¶ 9, 29 & Ex. E. As set forth at length in the Emergency Motion to Enforce, the FCC Application satisfies the two conditions that are the sole prerequisites to triggering Inmarsat's Regulatory Support Obligations. *See id.* at ¶¶19-21, 30-32.

13. Rather than honor its Regulatory Support Obligations and despite **AST having paid Inmarsat $420 million** for those Regulatory Support Obligations, Inmarsat commenced the NY State Action on December 19, 2025, seeking declarations that AST and Ligado have failed to comply with obligations nowhere to be found in the Mediated Agreement, accusing Ligado of lying to the FCC in the FCC Application, and stating that Inmarsat will object to the FCC Application. *Id.* at ¶¶ 2, 33-34, 39. As explained in the Emergency Motion to Enforce, these actions are clear violations of Inmarsat's obligations under the Mediated Agreement, the Mediation Order, the Coordination Order and the automatic stay imposed by Section 362 of the Bankruptcy Code. *Id.* at ¶¶ 37-55. Inmarsat's conduct is plainly designed to throw a wrench into the regulatory approval process to the severe detriment of AST, Ligado, and all stakeholders. *Id.* at ¶¶ 36, 52.

## RELIEF REQUESTED

14. By this Motion to Shorten, AST seeks entry of the Proposed Order, attached hereto as **Exhibit A**, (i) shortening the notice and objection periods with respect to the Emergency Motion to Enforce so that it may be heard at the Court's earliest convenience, but no later than January 14, 2026, providing for objections to be filed and served no later than five (5) days before the hearing on the Emergency Motion to Enforce and replies to any such objections to be filed and served at least one day prior to the hearing on the Emergency Motion to Enforce and (ii) maintaining the status quo until such time as the Emergency Motion to Enforce is resolved.

**BASIS FOR RELIEF REQUESTED**

15.     Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers must be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date."  Further, Local Rule 9006-1(c)(ii) requires that, "[w]here a motion is filed and served in accordance with Local Rule 9006-1(c)(i) less than twenty-one days prior to the hearing date, the deadline for objection(s) is seven (7) days before the hearing date."  Local Rule 9006-1(c)(ii).  However, Bankruptcy Rule 9006(c) provides "when an act is required or allowed to be done at or within a specified time . . . , the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).  Local Rule 9006-1(e) further provides that a motion may be heard on less notice than as otherwise required if authorized by order of the Court, on written motion (served on all interested parties) specifying the compelling circumstances justifying shortened notice.  Moreover, Local Rule 2002-1(a)(ii) provides that "the Court may, *sua sponte* or upon request of a party in interest, schedule a special or emergency hearing date in a case for a specific motion . . . ."

16.     Further, Section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). Orders within the scope of Section 105(a) include those requiring compliance with a court's prior court orders.  *See In re WorldCorp., Inc.*, 252 B.R. 890, 894-95, 897 (Bankr. D. Del. 2000) (Walrath, J.).

17.     Here, with respect to the Emergency Motion to Enforce, cause exists to shorten notice, modify the objection period, set the hearing thereon as an emergency motion, and maintain the status quo until the emergency hearing is conducted.  As set forth in the Emergency Motion to Enforce, Inmarsat's commencement of the NY State Action is an ongoing violation of the

Mediated Agreement, the Mediation Order, the Coordination Order, and the automatic stay. Moreover, Inmarsat's commencement of the NY State Action and its announcement that it is flouting its Regulatory Support Obligations jeopardizes not only consummation of the AST Transaction, but also consummation of the Debtors' Chapter 11 Plan and Ligado's ability to emerge from Chapter 11.  *See* Emergency Motion to Enforce ¶¶ 8, 36.  Indeed, it is a condition precedent to the effectiveness of the Plan that "all governmental and third-party approvals and consents, including FCC and ISED approval, necessary in connection with the transactions contemplated by the Plan shall have been obtained . . ."  *See* Plan, Art. IX(A)(17); Confirmation Order ¶ 22.  **Inmarsat has already stated in the NY State Action that it "intends to oppose Ligado's FCC application."**  Complaint ¶ 7.

18. Time is of the essence to ensure Inmarsat's compliance (**as bargained-for and paid for by AST**) with the Mediated Agreement and mitigate the risks caused by the NY State Action.  The NY State Action—in which Inmarsat wrongly accuses Ligado of, *inter alia*, lying to the FCC in the FCC Application—is filed publicly in violation of Inmarsat's Regulatory Support Obligations concerning the FCC Application.

19. The longer the Complaint lingers, the greater chance it will find its way to the FCC. Similarly, the more time that elapses before Inmarsat is restrained from its ongoing violations, the greater the opportunity Inmarsat has to deliver the Complaint to the FCC, or otherwise correspond or communicate with the FCC—all in violation of Inmarsat's Regulatory Support Obligations. Once the proverbial genie is out of the bottle with the FCC, there is a risk that it cannot be put back in.

20. Inmarsat will not be prejudiced by a notice period with respect to the Emergency Motion to Enforce that is shortened by a mere two (2) days, with objections to be filed by five (5)

days prior to the hearing on the Emergency Motion to Enforce. Indeed, Inmarsat would be afforded the full seven-day response time it would have if the Emergency Motion to Enforce was filed under the normal notice period under Local Rule 9006-1(c)(ii).

21. Moreover, the Emergency Motion to Enforce is not a surprise to Inmarsat. On December 29, 2025, in accordance with Section 5 of the Mediated Agreement, AST and Ligado issued notices to Inmarsat that it was in breach of the Mediated Agreement and reserved all rights in respect thereof. Thus, Inmarsat should be able to respond readily to the Emergency Motion to Enforce.

22. Finally, and for substantially the same reasons stated above, AST respectfully requests that the Court enter an order maintaining the status quo by prohibiting Inmarsat from continuing to violate the automatic stay and this Court's orders by communicating with, or relaying any information to, the FCC that is not supportive of the FCC Application until this Court can rule on the Emergency Motion to Enforce. Section 105(a) of the Bankruptcy Code gives the bankruptcy court the power and the jurisdiction to enforce its prior orders, *see In re WorldCorp., Inc.*, 252 B.R. at 894-95, 897, and thus, necessarily gives the Court the power to maintain the status quo while considering a motion to enforce its prior Orders, including the Mediation Order and the Coordination Order.

23. Furthermore, under Article XI(10) of the Plan, the Court expressly retained jurisdiction pursuant to sections 105(a) and 1142 of the Bankruptcy Code to "issue injunctions, enter, and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan and ensure compliance with the Plan." *See* Plan, Art. XI(10). The parties require such an order maintaining the status quo in accordance with Article XI(10) of the Plan to restrain further interference by

Inmarsat with consummation of the Plan. As described above, unless the status quo is maintained, there is an unacceptable risk that the regulatory approval process will be delayed or thwarted—potentially with material consequences for the success of the AST Transaction and the Debtors' Plan.

24. Therefore, AST respectfully requests that the Court enter the Proposed Order shortening the notice and objection periods with respect to the Emergency Motion to Enforce and maintaining the status quo until such time the Emergency Motion to Enforce is resolved.

## LOCAL RULE 9006-1(e) CERTIFICATION

25. In accordance with Local Rule 9006-1(e), the Emergency Motion to Enforce was filed on an emergency basis, and counsel for AST understands that counsel for the Debtors has requested a status conference with this Court on Tuesday, January 6, 2026 to discuss, *inter* alia, this Motion to Shorten. Counsel for AST will confer with counsel for the Debtors, Inmarsat and the U.S. Trustee in advance of such status conference about the relief requested this Motion to Shorten, including the request for shortened notice.

## NOTICE

26. Notice of this Motion to Shorten will be provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to Inmarsat; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

27. WHEREFORE, AST respectfully requests that the Court enter the Proposed Order, substantially in the forms attached hereto as **Exhibit A** and grant such other and further relief to which may be just and proper.

| | |
|---|---|
| Dated: January 2, 2026<br>Wilmington, Delaware | */s/ Jeremy W. Ryan*<br>Jeremy W. Ryan (No. 4057)<br>Katelin A. Morales (No. 6683)<br>Sameen Rizvi (No. 6902)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 984-6000<br>Facsimile: (302) 658-1192<br>Email: jryan@potteranderson.com<br> kmorales@potteranderson.com<br> srizvi@potteranderson.com<br><br>-and-<br><br>Madlyn Gleich Primoff (admitted *pro hac vice*)<br>Henry Hutten (admitted *pro hac vice*)<br>Alexander Rich (admitted *pro hac vice*)<br>Sarah Margolis (admitted *pro hac vice*)<br>**FRESHFIELDS US LLP**<br>3 World Trade Center<br>174 Greenwich Street, 51st Floor<br>New York, New York 10007<br>Telephone: (212) 277-4000<br>Facsimile: (212) 277-4001<br>Email: madlyn.primoff@freshfields.com<br> henry.hutten@freshfields.com<br> alexander.rich@freshfields.com<br> sarah.margolis@freshfields.com<br><br>*Counsel for AST & Science LLC* |