## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et. al.*[1] | Case No. 25-10006-TMH |
| Debtors. | Jointly Administered |
| | **Related Docket No. 1250** |

### INMARSAT GLOBAL LIMITED'S MOTION TO FILE UNDER SEAL CERTAIN PORTIONS OF DECLARATION IN SUPPORT OF OMNIBUS OBJECTION TO (A) DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE AUTOMATIC STAY, (II) ENFORCING THE MEDIATED AGREEMENT, AND (III) GRANTING RELATED RELIEF AND (B) EMERGENCY MOTION BY AST & SCIENCE LLC FOR ENTRY OF AN ORDER ENFORCING THE MEDIATED <u>AGREEMENT AND RELATED ORDERS</u>

Inmarsat Global Limited ("<u>Inmarsat</u>") states as follows in support of this motion (the "<u>Motion to Seal</u>"):

### <u>Relief Requested</u>

1.     Inmarsat seeks entry of an order (the "<u>Order</u>"), substantially in the form attached hereto as **Exhibit A**, authorizing Inmarsat to redact and file under seal certain confidential exhibits attached to the *Declaration of Kate Scherling in Support of Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders* [Docket No. 1250] (referred to herein as the "<u>Declaration</u>") and granting related relief.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

**Jurisdiction and Venue**

2.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Inmarsat confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(b).

**Background**

5.     On August 6, 2023 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 89].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee, trustee, or examiner has been appointed in these chapter 11 cases.

**Basis for Relief**

6.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

7.      Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that, "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Further, Local Rule 9037-1 provides, in relevant part, that when it may be practicable to redact confidential information from a document, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal." Del. Bankr. L.R. 9037-1.

8.      If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on

3

request of a party in interest."). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

9.      "Commercial information"—"information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28); *see also Glob. Crossing*, 295 B.R. at 725 (noting that the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

10.      Certain of the exhibits attached to the Declaration that Inmarsat seeks to seal include references to certain commercially sensitive information (the "Confidential Information").

The disclosure of the Confidential Information in the Declaration may result in harm to both Inmarsat and the Debtors by providing competitors and other third parties with commercial information related to the active disputes between the parties.

11.     For the reasons set forth herein, Inmarsat respectfully requests that the Court grant the Motion to Seal and seal the Confidential Information.

### Compliance with Local Rule 9018-1(d)

12.     To the best of the knowledge, information, and belief of the undersigned counsel to Inmarsat, the Confidential Information that Inmarsat is requesting to seal pursuant to the relief requested in this Motion to Seal contains information subject to the confidentiality rights of the Debtors and AST & Science LLC ("AST").  Inmarsat has conferred with counsel to Debtors and AST regarding the exhibits that Inmarsat seeks to seal.  The Debtors and AST agree with and do not oppose the requested sealing of those documents, and did not suggest any further modifications.  *See* Del. Bankr. L.R. 9018-1(d)(ii).

### Notice

13.     Inmarsat will provide notice of this Motion to Seal to: (a) the U.S. Trustee; (b) the Debtors; (c) AST & Science LLC; (d) counsel to any other potential holders of the Confidential Information; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, Inmarsat submits that no other or further notice is required.

### No Prior Request

14.     No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

WHEREFORE, Inmarsat respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: January 12, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones
Timothy P. Cairns
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
          tcairns@pszjlaw.com

STEPTOE LLP
Alfred M. Mamlet
1330 Connecticut Avenue, NW
Washington, DC  20036
Telephone:  (202) 429-3000
Email: amamlet@steptoe.com
          jrtaylor@steptoe.com

Charles Michael
1114 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 506-3900
Email: jreisner@steptoe.com
          cmichael@steptoe.com

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Benjamin Finestone
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000
Email: benjaminfinestone@quinnemanuel.com

Matthew Scheck
300 West 6th St., Suite 2010
Austin, TX  78701
Telephone: (737) 667-6100
Email: matthewscheck@quinnemanuel.com

*Counsel to Inmarsat Global Limited*