**<u>Exhibit A</u>**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et. al.*[1] | Case No. 25-10006-TMH |
| Debtors. | Jointly Administered |
| | **Related Docket No. _____** |

## ORDER SEALING CERTAIN PORTIONS OF
## DECLARATION IN SUPPORT OF INMARSAT GLOBAL LIMITED'S OMNIBUS OBJECTION TO (A) DEBTORS' MOTION FOR AN ORDER (I) ENFORCING THE AUTOMATIC STAY, (II) ENFORCING THE MEDIATED AGREEMENT, AND (III) GRANTING RELATED RELIEF AND (B) EMERGENCY MOTION BY AST & SCIENCE LLC FOR ENTRY OF AN ORDER ENFORCING THE MEDIATED AGREEMENT AND RELATED ORDERS

Upon the motion (the "Motion to Seal")[2] of Inmarsat Global Limited ("Inmarsat") for entry of an order (this "Order"): (a) authorizing Inmarsat to redact and file under seal certain confidential exhibits attached to the *Declaration of Kate Scherling in Support of Inmarsat Global Limited's Omnibus Objection to (A) Debtors' Motion for an Order (I) Enforcing the Automatic Stay, (II) Enforcing the Mediated Agreement, and (III) Granting Related Relief and (B) Emergency Motion by AST & Science LLC For Entry of An Order Enforcing the Mediated Agreement and Related Orders* [Docket No. _____] (the "Declaration"); and (b) granting related relief, all as more fully set forth in the Motion to Seal; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Seal.

28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having reviewed the Motion to Seal and having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Seal is GRANTED as set forth herein.

2.      Inmarsat is authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code:  (a) to file the Declaration under seal; and (b) to file redacted versions of the Declaration pursuant to Local Rule 9018-1.

3.      The Confidential Information shall remain under seal and shall not be made available to anyone, except that Inmarsat is authorized to cause the unredacted versions of the Declaration and any documents related thereto to be served on and made available, on a confidential basis, to:  (a) the Court; (b) the U.S. Trustee; and (c) the Debtors, and all parties receiving the Confidential Information shall maintain its confidentiality and the confidentiality of its subject matter, including in connection with any pleadings filed with the Court.

DE:4906-8092-5319.2 42241.00001

4.      The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion to Seal.

5.      Notice of the Motion to Seal as provided therein shall be deemed good and sufficient notice of such Motion to Seal, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6.      Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      Inmarsat is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DE:4906-8092-5319.2 42241.00001