# **EXHIBIT 2**

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
Washington, D.C. 20554

|  |  |  |
|---|---|---|
| In the Matter of | ) | ICFS File Nos. SAT-LOA-20250916- |
|  | ) | 00282, SAT-AMD-20251125-00339 |
| Application of SpaceX Requesting NGSO | ) |  |
| MSS Authorization and Supplemental | ) | GN Docket No. 25-340 |
| Coverage from Space Authorization and | ) |  |
| Waivers | ) |  |

**COMMENTS OF LIGADO NETWORKS LLC**

The Commission lacks a legal and factual basis to grant approval of the request from SpaceX (the "Application") to operate a new constellation of *15,000 satellites* outside of the United States in the same L-band spectrum that is assigned to Ligado Networks Subsidiary LLC, Debtor-in-Possession ("Ligado") and in which Ligado currently operates in the United States and elsewhere in North America.[1] In considering the Application, the Commission—which is a signatory to the 1996 Mexico City Memorandum of Understanding (the "Mexico City MoU")—must first account for the fact that this international coordination framework governing the North American L-band does not permit entry of new operators into the North American L-band as proposed in the Application. Thus, the Commission risks signaling to other national signatories that it is choosing not to abide by the terms of the Mexico City MoU unless any grant from the Commission for international L-band operating authority to SpaceX does not include North America. The Commission also cannot approve this request unless SpaceX demonstrates with

---

[1] *See Space Bureau and Wireless Telecommunications Bureau Accept for Filing Application of SpaceX Requesting NGSO MSS Authorization and Supplemental Coverage from Space Authorization and Seek Comment on Waivers*, DA 25-1018, GN Docket No. 25-340 (rel. Dec. 5, 2025). *See also* ICFS File Nos. SAT-LOA-20250916-00282 (filed Sept. 19, 2025) (initial application for new SpaceX constellation) and SAT-AMD-20251125-00339 (filed Nov. 25, 2025) (amendment to application for new constellation).

specific engineering analysis (an undertaking it did not even bother to try) that the proposed system will not pose risks of harmful interference to Ligado's licensed and coordinated operations. Ligado currently uses the L-band in connection with its SkyTerra-1 satellite to serve public safety users and millions of other MSS devices; these use cases could be at risk unless SpaceX can demonstrate that it will not cause harmful interference to Ligado's operations in this band.

As such, SpaceX's Application to operate internationally in the L-band is deficient and should not be granted as filed. Insofar as the Commission *does* grant SpaceX's Application, it should do so subject to the limitations that (a) any grant of operating authority to SpaceX excludes the North American L-band, and (b) SpaceX may not use L-band spectrum outside of North America, except on a non-interference, unprotected basis with respect to Ligado and other North American L-band operators, unless and until it has completed coordination with those operators.

I.  **GRANTING SPACEX AUTHORITY TO USE NORTH AMERICAN L-BAND SPECTRUM WOULD CLASH WITH INTERNATIONAL COORDINATION AGREEMENTS LONG IN PLACE FOR THIS SPECTRUM.**

SpaceX's request for Commission authority to provide MSS internationally in the North American L-band fails to account for the decades-old, internationally negotiated framework governing use of the North American L-band, which the Commission entered into in part to provide certainty to L-band operators and their partners and customers. The United States has been a signatory to the Mexico City MoU setting out the terms of this international coordination framework for nearly 30 years. Granting SpaceX authority to access North American L-band spectrum internationally would be at odds with the longstanding commitments embodied in that agreement.

The North American L-band presents a unique coordination environment. The Commission has observed that "[i]n the L-band, unlike other MSS bands, each MSS operator is licensed for the entire band, but must coordinate with other users of the L-band to determine which channels each MSS operator may use. Under an international agreement known as the [Mexico City MoU] . . . L-band MSS operators are to coordinate their use of the L-band."[2] It also has recognized that "[b]ecause the channels used by the L-band MSS operators are interleaved, inter-system interference protection is a significant challenge."[3] Any party seeking to use the L-band in North America, even with a license in hand, must first complete a lengthy coordination process with all of the relevant parties already licensed by national administrations and coordinated to operate in the North American L-band—including operators from not only the United States, but Canada, Mexico, Russia, and the United Kingdom. Importantly, the Mexico City MoU's coordination scheme depends on the existence of a stable set of coordinating operators, and is not compatible with the addition of new operators in the manner proposed by SpaceX's Application.

In addition to clashing with the structure of the Mexico City MoU, granting SpaceX authority to use international North American L-band spectrum would undermine existing operators' use of their coordinated spectrum. Ligado and other operators in the North American L-band have spent decades negotiating a series of multilateral operating agreements with governmental administrations and one another to coordinate use of the spectrum and avoid harmful interference. Ligado and other companies have established services and customers that

---

[2] *Flexibility for Delivery of Communications by Mobile Satellite Service Providers in the 2 GHz Band, the L-Band, and the 1.6/2.4 GHz Bands*, Memorandum Opinion and Order and Second Order on Reconsideration, 20 FCC Rcd 4616 ¶ 38 (2005).

[3] *Id*.

3

rely on the international L-band coordination structure agreed to by the Commission. Granting SpaceX an open-ended authorization to use L-band spectrum internationally in North America could trample upon spectrum rights carefully negotiated by Ligado under the Mexico City MoU for it to use the spectrum within North America. Accordingly—and consistent with the Mexico City MoU that the Commission entered into along with other nations—the Commission should limit any grant of authority to SpaceX to operations *outside* of the North American L-band.

## II.   SPACEX FAILED TO DEMONSTRATE THAT ITS PROPOSED SYSTEM WILL NOT CAUSE HARMUL INTERFERENCE TO LIGADO'S LICENSED OPERATIONS.

SpaceX has failed to present any technical information demonstrating that its use of L-band spectrum internationally would not cause harmful interference to Ligado's authorized satellite network. SpaceX also has not made any commitments in the Application to coordinate with Ligado to ensure that SpaceX's proposed operations will not cause harmful interference, and does not recognize that its operations must always conform to this requirement. Until SpaceX provides such information and commits to coordinating with Ligado and other L-band operators, which should be a condition imposed by the Commission, the Application is glaringly defective and should not be granted.

Consistent with the Mexico City MoU, Ligado has exclusive coordinated authority to operate in its L-band spectrum in North America, and has spent decades and substantial resources coordinating use of the L-band with other licensees and governmental administrations. As explained above, a grant of operating authority to SpaceX in the North American L-band would run counter to the United States' commitments in the Mexico City MoU. In addition, any use of North American spectrum by SpaceX clearly would threaten harmful interference to Ligado's existing satellite network—both in the United States and internationally—and this

4

matter should be of concern to Canadian and Mexican authorities. These concerns are not mere speculation. The Commission has already recognized the interference challenges associated with operating multiple MSS networks on an overlapping, co-frequency basis.[4] As devices that would be used with SpaceX's proposed system transmit using isotropic antennas, those devices will transmit towards, and potentially cause harmful interference to, all satellites visible from their positions in an approximately 162.6 degree orbital arc—even if those devices are located outside of North America.

For these reasons, if the Commission should grant SpaceX authority to use the L-band internationally outside of North America (which is not justified based on the lack of a technical showing and of any affirmative coordination commitments), any grant should specifically provide that SpaceX may not use such spectrum except on a non-interference, unprotected basis with respect to Ligado (and other North American L-band operators) unless and until it has completed coordination with those operators. Additionally, SpaceX must commit to respecting existing coordination agreements in the L-band, and ensuring that its operations do not cause harmful interference to existing L-band operations in North America.

---

[4] *See, e.g.*, Amendment of Part 2 of the Commission's Rules for Federal Earth Stations with Non-Federal Satellite Service Space Stations, Notice of Proposed Rulemaking and Notice of Inquiry, 28 FCC Rcd 6698 ¶ 13 n.25 (2013) (MSS earth stations "often use omni-directional antennas on portable devices which makes it extremely difficult to avoid causing interference to other satellites sharing the same spectrum.").

5

## CONCLUSION

    For the reasons discussed above, the Commission should not grant SpaceX's request for authority to use the L-band for MSS outside of the United States unless that authority is subject to the limitations and conditions described herein.

                                     Respectfully submitted,

                                       */s/ Gerard J. Waldron*

                                     Gerard J. Waldron
                                     John D. Bowers
                                     COVINGTON & BURLING LLP
                                     850 10th St NW
                                     Washington, D.C. 20001
                                     gwaldron@cov.com
                                     jbowers@cov.com

                                     *Counsel to Ligado Networks LLC*

January 5, 2026