

March 3, 2026

**VIA ECF**
Hon. Thomas M. Horan
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

Re: **Letter Motion to Compel Boeing to Produce Recommended Changes and OPI Analysis Documents**
<u>*In re Ligado Networks LLC, et al.*, Case No. 25-10006-TMH (Bankr. D. Del.)</u>

Dear Judge Horan,

We represent the Debtors Ligado Networks LLC and its affiliates[1] (collectively, "Ligado") and write to raise a discovery dispute regarding Boeing Satellite Systems, Inc. and The Boeing Company's (collectively, "Boeing") failure to provide vital documents supporting Boeing's continued contentions that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ligado requested production of these materials, and they are central to Boeing's claims. Without them, Ligado cannot defend against Boeing's conclusory allegations that it is entitled to tens of millions in additional performance incentives.

Ligado seeks an order compelling Boeing to identify and produce ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. It is unclear why Boeing has not provided (and is not agreeing to provide) central documents to support its position. Regardless, without these documents, Ligado is left without the critical data and information necessary to defend against Boeing's claims.

## FACTUAL BACKGROUND

This dispute concerns Boeing's claims to certain "Orbital Performance Incentives" ("OPIs") and "Liquidated Damages Earnbacks" ("LDEs") under the MSV-ATC-01 agreement (the "Contract") (the "Cure Dispute") in connection with the SkyTerra-1 satellite. On April 20, 2023, SkyTerra-1 suffered an in-orbit incident (the "April 2023 Anomaly"), ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Thus, under the Contract, Boeing is no longer entitled to these payments, and Boeing's claim is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

**Greenberg Traurig, LLP | Attorneys at Law**
2101 L Street NW | Suite 1000 | Washington, DC 20037 | T +1 202.331.3100 | F +1 202.331.3101

Abu Dhabi. Albany. Amsterdam. Aspen. Atlanta. Austin. Berlin: Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Dubai: Fort Lauderdale. Houston. Las Vegas. London:
Long Island. Los Angeles. Mexico City: Miami. Milan: Minneapolis. Munich: New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix.
Portland. Riyadh: Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo: Seoul: Shanghai. Silicon Valley. Singapore: Tallahassee. Tampa. Tel Aviv: Tokyo: Warsaw:
Washington, D.C. West Palm Beach. Westchester County.

www.gtlaw.com

March 3, 2026
Page 2

contrary to the plain terms of the Contract and the parties' long-standing course of performance concerning SkyTerra-1's operational parameters.

**Ligado Has Requested Documents Relevant** ███████████████████████████
███████████████████

On August 29, 2025, Ligado issued requests for production of documents ("Ligado's RFPs") to Boeing. Request No. 5 requested, among other items, all documents relating to ███████████████████████████████████████████████████████████████. **Ex. A**, Ligado's First RFPs, RFP No. 5. This Request specifically requested any studies or evaluations, internal or external. *Id*. Request No. 7, ███████████████████████████████
████████████████████████. **Ex. A**, RFP No. 7. ████████████████████████
██████████████████████ would be covered by these Requests and should have been produced.

Ligado also issued requests for ███████████████████████████████████████
████████████████████████████████████████████████████. *See* Ex. H, Request Nos. 2 (requesting documents concerning Boeing's claimed entitlement to OPIs and LDEs); 13 (requesting documents relating to any Boeing analyses conducted of SkyTerra-1); 19 (requesting documents relating to ██████████████████████████████); 22-23 (requesting documents relating to interference specifications); 24 (requesting documents of any analysis that ████
█████████████████████████████████████████████████████████████████).

Further, Request No. 3 requests all documents ███████████████████████
████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████ **Ex. A**, Request No. 3. All documents related to both topics referenced in this motion are clearly responsive to Ligado's RFPs and should have been produced.

Boeing told Ligado at a February 17, 2026, meet and confer that its production was complete with respect to Ligado's RFPs. On Friday, February 27, Ligado's counsel requested that Boeing ████████████████████████████████████████████████████████████████
████████████████████████████████████████. *See* **Ex. B**, 2/27/2026 Email from G. Levy to E. Stephens at 1. These █████████████████████████ are clearly responsive to Ligado's RFPs, and Ligado requested Boeing identify the corresponding Bates numbers responsive to this request (among others). *Id*. In light of the fast-approaching March 6 production deadline and the importance of these documents, counsel asked for a response by 2 p.m. Friday. **Ex. B**, 2/27/2026 Email from G. Levy to E. Stephens at 1.

In response, Boeing's counsel stated that they are preparing a response and will provide it "this afternoon [Friday]" "as promptly as possible." **Ex. B**, 2/27/2026 Email from G. Levy to E. Stephens. As of this filing, Boeing's counsel has yet to respond. Therefore, despite multiple written requests from Ligado and a reasonable search of Boeing's production, Boeing has failed to produce or identify within its production ████████████████████████████████████████████
████████████████████████████████.

March 3, 2026
Page 3

### Boeing's Assertions Regarding Recommended Changes for SkyTerra-1

The Contract provides that SkyTerra-1 ▮▮▮ *See generally*, Contract Ex. B, Article 3.5.6 (emphasis added). Notwithstanding this express contractual requirement, Boeing nonetheless argues ▮▮▮

Boeing claims ▮▮▮. *See, e.g.*, **Ex. C**, Boeing's First Requests for Production of Documents, RFP No. 15 at p. 17; **Ex. D,** Boeing's 2/3/2026 Ltr. re: "Ligado Production Deficiencies" at 3; *see also* Mot. for Entry of an Order (I) Setting a Special Hearing Date and (II) Shortening the Time for Notice of Boeing's Mot. to (A) Extend Time and (B) Require Escrow in Connection with Cure Dispute at ¶ 5 (Dkt. No. 1292) ▮▮▮ Boeing has neither identified what these ▮▮▮ Boeing also has not produced or identified within its production ▮▮▮

Although Boeing has not provided or identified ▮▮▮ Boeing's position is unsubstantiated.

### Boeing's Assertions Regarding OPI Analysis

Since the April 2023 anomaly, SkyTerra-1 no longer meets the contractual threshold for Boeing to receive OPIs and LDEs. *See generally* **Ex. E**, Ligado's 8/7/2024 Ltr. re: "Boeing Letter O-ES-3100-24-028 dated July 9, 2024." Boeing has provided no data to the contrary.

The documents Boeing *has* produced reflect that ▮▮▮. *See* **Ex. F**, 5/24/2024 Email from P. Werntz to G. Hefferman.[2] Ligado has conducted a reasonable search of Boeing's production, and it appears Boeing has not produced ▮▮▮

As noted in Ligado's Motion to Compel Boeing to Supplement Document Collection & Production, Ligado has concerns with the inability to access documents in these links. *See* Dkt. No. 1437. While Boeing has stated that it has produced the underlying "linked" documents in its productions, it is impossible for Ligado to identify which document is specifically referenced when

---

[2] This email does not refer to ▮▮▮. *See also* **Ex. H**, 5/3/2024 RCCA Report.

March 3, 2026
Page 4

reviewing Boeing's documents and communications which exchange documents in "link" form. Mr. Werntz's May 24, 2024 email is one of many examples where the importance of being able to match the email correspondence with a linked document is paramount. **Ex. E**, 5/24/2024 Email from P. Werntz to G. Hefferman. This is the same example Ligado references in its Motion to Compel Boeing to Supplement Document Collection & Production. Dkt. No. 1437. Rule 34 of the Federal Rules requires production of documents in a reasonably usable form, and this Court should compel production as Boeing has provided inaccessible links without identifying the underlying documents.

Similarly, in an email dated April 24, 2024, Boeing employees discuss a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See **Ex. G**, 4/24/2024 Email from B. Harms to D. Walker. In particular, Mr. Harms says that they needed to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. This ▓▓▓▓▓▓▓▓▓▓▓▓ is at the heart of this case, yet Boeing has not provided it.

## LEGAL STANDARD

This Court maintains a liberal discovery policy favoring full disclosure. *Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999). Motions to compel discovery are governed by Federal Rules of Civil Procedure 26 and 37 (each applicable under Fed. R. Bankr. P. 9014). Discovery may be obtained regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is considered relevant "even if it only leads to other relevant information." *See American Media, Inc. v. Anderson Mgmt. Servs., Inc. (In re Anderson News, LLC)*, 615 B.R. 45, 50 (Bankr. D. Del. 2020).

"Rule 34 of the Federal Rules of Civil Procedure should be liberally, rather than narrowly, construed. If the documents called for are reasonably probable to be material in the case, the production and inspection of them should be allowed." *Jacobs v. Kennedy Van Saun Mfg. & Eng. Corp.*, 12 F.R.D. 523, 526 (M.D. Pa. 1952).

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Ligado's RFPs require Boeing to produce documents relevant ▓▓▓▓▓▓▓▓▓▓▓▓.[3] Ligado has asked for documents that show ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. **Ex. B**, 2/27/2026 Email from G. Levy to E. Stephens at 1; **Ex. A**, Ligado's First RFPs. Ligado is entitled to this information—which goes directly to the central issues in this Cure Dispute—to test Boeing's theory and determine any issues ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

---

[3] Boeing facially contends that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, **Ex. C**, Boeing's First Requests for Production of Documents, RFP No. 15 at p. 17 (requesting all documents regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓); **Ex. D,** Boeing's 2/3/2026 Ltr. re: "Ligado Production Deficiencies" at 3 (stating, "[b]ased on [Boeing's] review of Ligado's productions, however, we have located very few Ligado communications discussing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). But ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. If Boeing has such documents, it must produce them.

Boeing cannot argue that the requested discovery is "of such marginal relevance that the potential harm occasioned by discovery outweighs the ordinary presumption in favor of broad disclosure." *Ford v. City of Pittsburgh*, No. CV 13-1364, 2015 WL 12777652, at *1 (W.D. Pa. Aug. 17, 2015) (citation omitted). The requested documents serve as the factual support for ███████—the sole issue in the Cure Dispute. Boeing must produce the documents, analysis, and underlying information relating to its position as soon as possible, considering that the deadline for document production is this Friday, March 6.

Without this information, Ligado is unable to properly evaluate the basis of Boeing's claims and is unable to depose witnesses who authored any report or conducted any analysis. Failure to provide the ███████ would unfairly prejudice Ligado. *See Jacobs*, 12 F.R.D. at 526 (holding compelling documents are necessary notwithstanding defendants' burden concerns where the documents are necessary to plaintiff's claim and the documents may "throw such light of the questions involved" in the case).

### No Privilege or Other Doctrine Protects Disclosure of These Documents

Boeing has not provided any explanation as to why these responsive, relevant documents have not been produced. It is Boeing's burden to show that these documents are privileged, and should Boeing make a delayed attempt to do so, those arguments would fail. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir. 2006) (parties may not use privilege as both a "shield" and a "sword"). Boeing clearly must support its contentions that it ███████. As Ligado has requested any documents and underlying data, and Boeing has not produced them, Ligado would be prejudiced without being able to defend against Boeing's core contentions. *See, e.g.*, *Peil v. Nat'l Semiconductor Corp.*, 105 F.R.D. 463, 467 (E.D. Pa. 1984) (holding that while attorney selection constitutes work product, it does not automatically protect the underlying documents from discovery).

Boeing has provided neither its ███████, both of which Ligado has requested through discovery. The Court must compel Boeing to produce its withheld documents promptly.

### CONCLUSION

Ligado requests that the Court grant its motion to compel and order disclosure and identification of documents it has requested regarding ███████.

Best Regards,

*/s/Robert W. Angle*

Robert W. Engle
Shareholder