**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |
| | ) | |

**ORDER (I) TEMPORARILY**
**DELAYING LIGADO'S PERFORMANCE UNDER**
**THE MEDIATED AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order (this

"Order"), pursuant to section 105(a) of the Bankruptcy Code, (i) relieving the Debtors from

making the Upcoming Cure Payment by March 31, 2026 and extending the time to make the

Upcoming Cure Payment until the earlier of (a) the Effective Date or (b) if such amount is not

offset by damages owed by Inmarsat to Ligado and/or AST, final resolution of any potential

litigation arising from Inmarsat's breach of the Mediated Agreement following an FCC order on

the Application, (ii) ordering the Debtors to hold the Upcoming Cure Payment in escrow,

(iii) ordering no interest shall accrue on the amount of the Upcoming Cure Payment, and

(iv) granting related relief, all as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order*

*of Reference* of the United States District Court for the District of Delaware, dated February 29,

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).  The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2012, and paragraph 13 of the AST Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and this Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion was appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Motion is GRANTED as set forth herein.

2.     The Debtors are equitably relieved from making the Upcoming Cure Payment by March 31, 2026.  The Upcoming Cure Payment must be made upon the earlier of: (i) the Effective Date or (ii) if such amount is not offset by damages owed by Inmarsat to Ligado and/or AST, final resolution of any potential litigation arising from Inmarsat's breach of the Mediated Agreement following an FCC ruling on the Application.

3.     The Debtors shall hold the Upcoming Cure Payment in escrow until such payment is made or offset in accordance with paragraph 2 above.

4.     No interest shall accrue on the amount of the Upcoming Cure Payment to be made to Inmarsat in accordance with paragraph 2 above.

5.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6.     The Debtors are authorized to take all actions that are necessary and appropriate to effectuate the relief granted in this Order.

2

7.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.