**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGADO NETWORKS LLC *et al.,* | ) | Case No. 25-10006 (TMH) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: March 30, 2026 at 2:00 P.M. (EST)** |
|  | ) |  |
|  | ) | **Obj. Deadline: March 23, 2026 at 4:00 P.M. (EST)** |
|  | ) |  |

**JOINDER BY AST IN DEBTORS' MOTION FOR ENTRY OF AN ORDER
TEMPORARILY DELAYING LIGADO'S PERFORMANCE UNDER THE
MEDIATED AGREEMENT AND RESERVATION OF RIGHTS BY AST**

AST & Science LLC ("**AST**"), for its joinder in Debtors' motion for entry of an order temporarily delaying Ligado's performance under the Mediated Agreement (the "**Debtors' Motion**" (Dkt. No. 1508)),[2] and for its reservation of rights, respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Mediated Agreement[3] requires AST to advance $100 million to the Debtors on or about March 31, 2026, which amount was intended to fund Ligado's Upcoming Cure Payment to Inmarsat on that date. *See* Dkt. No. 692-1 at § 4. AST will advance the $100 million to Ligado on a timely basis.

2. Even though AST funded the payment of $420 million to Inmarsat in October 2025

---

[1] The debtors (the "**Debtors**" or "**Ligado**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2] References to a "Dkt. No." are to the docket numbers in the above-captioned Chapter 11 cases.

[3] Terms that are capitalized but not defined herein have the meaning ascribed to them in the Debtors' Motion.

as bargained-for consideration for Inmarsat's *support* of Ligado's FCC Application, Inmarsat breached the Mediated Agreement in at least two material respects (and maybe more).  It filed the Complaint in New York State Court, alleging that the Proposed NGSO System was not sufficiently coordinated (contrary to subsequent rulings by this Court and the Third Circuit).  And, it filed the Petition to Deny with the FCC, blatantly *opposing* Ligado's FCC Application.

3.      AST joins in the Debtors' Motion to temporarily withhold the Upcoming Cure Payment on equitable grounds.  In addition, AST has plainly been damaged as a result of the breaches described above; accordingly, it reserves all rights against Inmarsat and its affiliates regarding such breaches.

### JOINDER

4.      Pursuant to the Mediated Agreement, the cure payments made by Ligado to Inmarsat are "indefeasible."  Dkt. No. 692-1 § 4.  It is simply unfair to allow Inmarsat to take the money, indefeasibly, while it continues to breach the Mediated Agreement.  As of the date hereof, the Petition to Deny can still be accessed on the FCC website.  AST joins in Ligado's request that Ligado be permitted to withhold the Upcoming Cure Payment on equitable grounds.

### RESERVATION OF RIGHTS

5.      As described above, Inmarsat has breached the Mediated Agreement by commencing the action in New York State Court against AST and Ligado, and also by actively opposing Ligado's FCC Application.  AST has already been demonstrably damaged as a result of these breaches.  AST has had to pursue relief in the New York State Court, the New York District Court, the New York Bankruptcy Court, this Court, the Delaware District Court and the Third Circuit in order to protect its rights under the Mediated Agreement.  In addition, Inmarsat's breaches have served to introduce into the regulatory approval process the risk, delay and

uncertainty that AST paid nearly half a billion dollars to avoid. *See* Debtors' Motion at ¶¶ 31, 34-35, 40.

6.      When this Court approved the AST Transaction and the Mediated Agreement on June 23, 2025, *see* Dkt. No. 692, it reserved jurisdiction "with respect to all matters arising from or related to the . . . enforcement of the Mediated Agreement." *Id.* at ¶ 13. Like Ligado, AST may have substantial claims against Inmarsat for Inmarsat's repeated breaches of the Mediated Agreement. AST hereby reserves the right to assert those claims against Inmarsat before this Court at the appropriate juncture. And, AST also submits that the $100 million that Ligado proposes to hold in escrow should also be available to satisfy (in whole or in part) damages Inmarsat caused to AST.

[*Remainder of Page Intentionally Left Blank*]

Dated: March 20, 2026
Wilmington, Delaware

/s/ Jeremy W. Ryan
Jeremy W. Ryan (Bar No. 4057)
Katelin A. Morales (Bar No. 6683)
Sameen Rizvi (Bar No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
Telephone:   (302) 984-6000
Facsimile:   (302) 658-1192
Email:        jryan@potteranderson.com
              kmorales@potteranderson.com
              srizvi@potteranderson.com

-and-

Madlyn Gleich Primoff (admitted *pro hac vice*)
Henry Hutten (admitted *pro hac vice*)
Alexander Rich (admitted *pro hac vice*)
Sarah Margolis (admitted *pro hac vice*)
**FRESHFIELDS US LLP**
3 World Trade Center
174 Greenwich Street, 51st Floor
New York, New York 10007
Telephone:   (212) 277-4000
Facsimile:   (212) 277-4001
Email:        madlyn.primoff@freshfields.com
              henry.hutten@freshfields.com
              alexander.rich@freshfields.com
              sarah.margolis@freshfields.com

*Counsel for AST & Science LLC*