**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGADO NETWORKS LLC *et al.*, | ) | Case No. 25-10006 (TMH) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: March 30, 2026 at 2:00 P.M. (EST)** |
| | ) | |
| | ) | |
| | ) | |

**AST'S REPLY TO INMARSAT'S OBJECTION TO DEBTORS' MOTION TO
TEMPORARILY DELAY LIGADO'S PERFORMANCE UNDER THE MEDIATED
AGREEMENT AND JOINDER IN DEBTORS' REPLY TO INMARSAT'S OBJECTION**

AST & Science LLC ("**AST**"), for its reply to Inmarsat's objection (the "**Objection**," (Dkt. No. 1530)) to the Debtors' motion for entry of an order temporarily delaying Ligado's performance under the Mediated Agreement (the "**Debtors' Motion**" (Dkt. No. 1508)), and its joinder in the Debtors' reply (the "**Debtors' Reply**" (Dkt. No. 1542)) to the Objection of Inmarsat Global Limited ("**Inmarsat**"), respectfully states as follows:

1.      The consideration AST received from Inmarsat, in exchange for AST's promise to fund $535 million in payments to Inmarsat, was Inmarsat's binding promise to support the FCC Application.[2]  AST entered into the Mediated Agreement in good faith, has honored all of its

---

[1]     The debtors (the "**Debtors**" or "**Ligado**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A). The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2]     Terms that are capitalized but not defined herein have the meaning ascribed to them in the Debtors' Motion.

promises (including the payment of $420 million on or about October 31, 2025), and expected Inmarsat to act in good faith and do likewise.

2.    But rather than honor its straightforward commitment to support the FCC Application, Inmarsat accepted AST's $420 million and then breached its regulatory support obligations not once, but twice.  Indeed, first Inmarsat breached the Mediated Agreement (and violated the automatic stay in the process) by suing AST in New York State Court. Thereafter, it breached by filing the Petition to Deny the FCC Application with the FCC.

3.    AST readily acknowledges that the Mediated Agreement requires it to fund a $100 million payment on March 31, and it will do so. However, given that Inmarsat has already shown itself to be a two-time breacher of the Mediated Agreement—after it was paid the first installment of $420 million under the Mediated Agreement—the precatory step of putting the $100 million temporarily into escrow is an equitable attempt to assure Inmarsat's compliance with its critical bargained-and-paid-for regulatory support obligations.

4.    Contrary to Inmarsat's claims otherwise, AST is not looking to retain $100 million as a "prejudgment attachment" for potential damages based on "hypothetical future claims." Objection at ¶¶ 1, 56.  Rather, AST is asking for the Upcoming Cure Payment to be held in escrow temporarily because this Court *has found* (and the Third Circuit has resoundingly affirmed) that Inmarsat was obligated to support the FCC Application, *see* Opinion at 7, but utterly failed to do so.  Instead, it filed the Complaint in New York State Court, a gambit that this Court found to be a "*willful* stay violation." Dkt. No. 1325, Jan. 27, 2026 Bankruptcy Court Hr'g Tr. at 23:16-24 (emphasis added). This breach has already harmed Ligado and AST, given that they have been required to litigate in five different courts to remedy Inmarsat's breach.  *See* Joinder of AST in the Debtors' Motion (the "**Joinder**," (Dkt. No. 1525)) at ¶ 5.

5.      By filing the Petition to Deny with the FCC, Inmarsat committed a second breach of the Mediated Agreement and its regulatory support obligations. This additional breach has also harmed—and continues to harm—AST and Ligado in the form of oppositions to the FCC Application (including Inmarsat's) that the FCC and others plainly cannot "unsee" even if the Petition to Deny was subsequently withdrawn.  *See* Debtors' Motion at ¶¶ 33-35.

6.      To this day, Inmarsat's Petition to Deny remains publicly accessible on the FCC's website.  Inmarsat dismisses this point as "laughable," Objection ¶ 61 n.7, but it is Inmarsat's position that is untenable. Despite Inmarsat's obligation to "affirmatively support" the FCC Application and to "refrain[] from taking any public or private action contrary to" that support, *see* Dkt. No. 692-1 at § 2, Inmarsat's Petition to Deny can still be read by anyone, including the FCC, other stakeholders, and the public.  That is certainly not laughable to AST.  Rather, it shows that Inmarsat has irreparably introduced the very same risk and uncertainty to the regulatory approval process that AST has already paid Inmarsat $420 million to avoid.

7.      As Inmarsat's actions have shown, a clear contractual obligation, and even this Court's Enforcement Order, does not deter it from withholding regulatory support in violation of the Mediated Agreement.  Equitable relief is the only way to end Inmarsat's improper gamesmanship—along with the substantial harm it has caused, and will continue causing—and to ensure that Inmarsat will honor its regulatory support obligations.

8.      Thus, for the reasons stated above, in the Joinder, in the Debtors' Motion and in the Debtors' Reply, the latter of which AST incorporates by reference as if set forth fully herein, AST respectfully requests that this Court grant the Debtors' Motion.

Dated: March 25, 2026
Wilmington, Delaware

/s/ Jeremy W. Ryan

Jeremy W. Ryan (Bar No. 4057)
Katelin A. Morales (Bar No. 6683)
Sameen Rizvi (Bar No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
Telephone:    (302) 984-6000
Facsimile:    (302) 658-1192
Email:        jryan@potteranderson.com
              kmorales@potteranderson.com
              srizvi@potteranderson.com

-and-

Madlyn Gleich Primoff (admitted *pro hac vice*)
Henry Hutten (admitted *pro hac vice*)
Alexander Rich (admitted *pro hac vice*)
Sarah Margolis (admitted *pro hac vice*)
**FRESHFIELDS US LLP**
3 World Trade Center
174 Greenwich Street, 51st Floor
New York, New York 10007
Telephone:    (212) 277-4000
Facsimile:    (212) 277-4001
Email:        madlyn.primoff@freshfields.com
              henry.hutten@freshfields.com
              alexander.rich@freshfields.com
              sarah.margolis@freshfields.com

*Counsel for AST & Science LLC*

4

12850503v.2