**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*, | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 770, 890 & 1348** |

**JOINT CERTIFICATION OF COUNSEL REGARDING**
**COMPETING SCHEDULING PROPOSALS FOR THE BOEING CURE DISPUTE**

The respective undersigned counsel hereby certify as follows:

1.      On January 5, 2025 (the "Petition Date"), Ligado Networks, LLC and its above-captioned affiliates, as debtors and debtors in possession (collectively, the "Debtors" or "Ligado") filed a voluntary petition for relief under title 11 of chapter 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court").[1]

2.      On July 28, 2025, the Court entered the *Order Approving Stipulation Between Boeing and the Debtors (I) Resolving the Motion to Compel and (II) Establishing Scheduling Regarding Boeing Cure Dispute* [Docket No. 770].

3.      On August 26, 2025, the Court entered the *Order Approving Stipulation Between Boeing and the Debtors Establishing Schedule Regarding Boeing Cure Dispute* [Docket No. 890] (the "Scheduling Order"), which, among things, set out a schedule of discovery between the Debtors and Boeing Satellite Systems, Inc. ("Boeing" and, with the Debtors, each a "Party" and together the "Parties") with respect to the cure dispute pending between the Parties (the "Boeing Cure Dispute").

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Boeing Protective Order (as defined below).

4.      On February 9, 2026, the Court entered the *Order Approving Further Stipulation Between Boeing and the Debtors Extending Time to Resolve the Cure Dispute* [Docket No. 1348] (the "Amended Scheduling Order") which, among other things, modified and superseded certain of the deadlines set forth in the Scheduling Order.

5.      On March 11, 2026, the Court held a hearing (the "Hearing") regarding certain discovery issues with respect to the Boeing Cure Dispute.  At the Hearing, the Court directed the Parties to confer and select new dates to hear the Boeing Cure Dispute.

6.      Following the Hearing, the Parties conferred regarding revisions to the Amended Scheduling Order.  The Parties have been unable to agree on updated dates to hear the Boeing Cure Dispute.  The Parties' respective positions are set forth below.

**Boeing's Position**

Boeing's proposal, attached hereto as **Exhibit 1**, adopts the Court's preferred hearing dates (as provided to the parties at the March 11 discovery conference) of June 23-25, 2026. And as requested by the Court, Boeing's proposal would require the parties to submit pre-trial briefs two-weeks in advance of the hearing. In addition, Boeing has proposed interim dates for the close of document discovery (April 3), fact depositions (April 20 – May 8), opening (May 15) and rebuttal (June 1) expert reports, and other hearing preparation tasks. Based on the parties' progress to date, including the upcoming completion of document production, Boeing believes these dates are reasonable, achievable, and will allow both sides to present their cases effectively at a late June hearing.

At the Court's direction and in an effort to reach an agreement with Ligado that would incorporate the Court's preferred dates, Boeing presented its proposal to Ligado on the morning of March 24. That afternoon, Ligado reported to Boeing, for the first time, that one member of

Ligado's legal team cannot be available for the June hearing dates and will not be available to participate in a hearing until late September. On that basis, Ligado informed Boeing it would reject any schedule that set a hearing before this fall. And Ligado made no mention of document discovery as an impediment to the proposed June hearing dates during counsel's March 24 discussion. Nor is it one.

Ligado's page-long attempt below to relitigate the parties' document discovery efforts are a red herring, elide its own discovery shortcomings, and were fully aired at the Hearing before the Court expressed its desire for a June hearing on the Cure Dispute. While Boeing will not burden the Court by repeating all of its comments at the Hearing on discovery, suffice it to say that Boeing's final document productions in this matter have been driven by Boeing's decision to accommodate, rather than litigate, Ligado's late-breaking custodian proposals and demands for incredibly broad search terms. Proposals and demands that now appear specifically designed to delay the resolution of this matter. And Ligado's purported document concerns make no sense in light of: (i) its continued insistence that the Cure Dispute could have been heard in May yet cannot be ready by June; and (ii) Ligado's proposal of a March 27 document discovery deadline which is a week shorter than Boeing's proposed date.

Boeing cannot accept another three-month delay of the hearing date. Throughout this proceeding, Boeing has consistently accommodated competing demands on all counsels' schedules, but another three-month delay is far too long an accommodation. As the Court will recall, in order to avoid an objection that Boeing had prepared against the Debtors' Plan of Reorganization, the parties stipulated to a Cure Dispute schedule with a hearing in April 2026. [Docket No. 890]. That was no small compromise by Boeing: absent its agreement to that schedule, Boeing would have been entitled to a prompt cure upon Plan confirmation, which occurred on

September 29, 2025. Boeing originally sought to schedule the Cure Dispute around that date, but nevertheless agreed to schedule the hearing in April 2026 based on Debtors' representation that any cure payment would be funded through warrants that Debtors could not exercise until March 2026. [*See* Docket No. 1291].

Yet since striking that scheduling deal to avoid Boeing's Plan objection, Debtors have repeatedly tried to re-trade and this is not the first time Ligado has proposed a September 2026 hearing. In December 2025, Ligado proposed a new schedule moving the hearing to September and offered to escrow sufficient warrant proceeds sufficient to cover the full cure amount. Boeing was supportive, but at the eleventh hour, with definitive documentation already drafted, Ligado walked away from its own proposal without explanation. [Docket No. 1291, 1291-6 at Ex. 6]. Ligado's agreement to the escrow was critical to securing Boeing's agreement to a September hearing date, so after Ligado abandoned its own proposal, the parties reached a different compromise and committed to hearing dates in May. [Docket No. 1348]. It is simply not true that a September hearing date, without an escrow, was ever "workable" for Boeing.

With the ink barely dry on the February 9 Scheduling Order, Ligado is again trying to push the Cure Dispute hearing into September 2026—a full year after confirmation of the Debtors' Plan of Reorganization. A hearing date in September 2026 would substantially prejudice Boeing and deny Boeing the benefit of the bargain it struck last year when it agreed to forgo an objection to the Debtors' Plan in exchange for a streamlined schedule. And it would exacerbate the concerns that required Boeing to insist on a streamlined schedule and to consider a Plan objection in the first place. The essence of that objection was that the Plan treated similarly situated creditors unequally, because it approved hundreds of millions of dollars in irrevocable payments to one unsecured creditor (Inmarsat), some of which have already been made, while leaving no assurance that

Boeing would ever recover any cure under the contract Ligado elected to assume. If the Cure Dispute could be resolved promptly, then that disparity might not matter. But increasingly, it does matter. In recent weeks, Ligado has raised with the Court a new dispute with Inmarsat seeking an order permitting it to pay into escrow an additional $100 million cure payment owed to Inmarsat as part of those parties' mediated agreement. [*See* Docket Nos. 1508, 1530, 1542]. So once again, Boeing is left performing on an assumed contract, with no cure paid, while another, already paid creditor pursues even greater sums on a faster schedule. Against that backdrop, Boeing cannot accept Ligado's proposed September hearing and the attendant increased risk to Boeing's ability to recover on its cure claim.

Finally, Boeing's proposed schedule would not prejudice Ligado. It is unfortunate that one of the members of Ligado's outside legal team will be unavailable for a hearing until late September, but Ligado has a large team from one of the biggest and most sophisticated law firms in the world. Further, no depositions have been taken, no expert reports have been served, and under Boeing's proposed schedule, all of those upcoming deadlines are a month or more away. And under Boeing's proposed schedule, final witness and exhibit lists are not due for more than two months, all in preparation for a June hearing three months from now. Accordingly, Ligado still has plenty of time and opportunity for other members of its legal team to become more involved in the case, to the extent needed.

For all of these reasons, Boeing respectfully requests that the Court set the Cure Dispute for a hearing on its preferred dates of June 23-25 and so-order Boeing's proposed interim dates. A copy of Boeing's proposed order is attached hereto as **Exhibit 1**.

**Debtors' Position**

Ligado respectfully submits that the Court should adopt its proposed schedule, attached hereto as **Exhibit 2**, which provides for a hearing beginning on September 23, 2026, or as soon thereafter as the Court is available. Ligado's proposal is grounded in the parties' prior negotiations concerning scheduling, the current state of discovery, availability of one of Ligado's lead trial counsel, and the need to ensure a fair and orderly presentation of the issues for decision.

As an initial matter, Boeing previously agreed to proceed with a September hearing date—provided such a hearing date was accompanied by a $55 million escrow arrangement. Those discussions between the parties ultimately unraveled for various business reasons.  But a delay until September, at all times, remained workable for the parties.  Ligado's refusal to place $55 million into escrow is the only factor underlying that agreed-upon scheduling proposal that has changed. Boeing's attempt to manufacture prejudice from this brief delay is unfounded.

Indeed, Boeing repeatedly sought to impose an escrow requirement in this case—and failed each time. At the outset of the Cure Dispute, Boeing requested that the Court require Ligado to escrow alleged cure amounts as part of its June 2025 Motion to Compel [D.I. 627], which was resolved through the parties' Stipulated Order entered on July 28, 2025 [D.I. 770]. That Stipulated Order governs the Cure Dispute and does not include any escrow requirement, instead establishing the exclusive framework for payment of any cure amount. Boeing has never attempted to modify that Stipulated Order. Boeing renewed its escrow demand months later, in January 2026, through a separate motion seeking to compel a $55 million escrow [D.I. 1291], again without identifying a legal basis for such relief. Boeing ultimately did not pursue that request to a ruling. Having failed to obtain escrow through motion practice or negotiation, Boeing cannot now recycle the same demand as a basis to oppose a September hearing date.  Moreover, Ligado has since provided

6

assurances – to the Court's satisfaction – regarding the availability of funds sufficient to satisfy any cure obligation, which should satisfy Boeing. Thus, Boeing has already conceded that a September hearing date is feasible, and Boeing will not be prejudiced by delaying the hearing to accommodate that timing.

On the contrary, Ligado will face substantial prejudice if it is forced to proceed to a June trial date, for several reasons. First, Boeing's ongoing and incomplete document production makes a compressed schedule unworkable and prejudicial. As set forth in Ligado's Letter Motion to Compel Boeing to Supplement Document Collection & Production [D.I. 1437], which remains outstanding, Boeing has failed to meet its production obligations and continues to delay completion of its production. Boeing has repeatedly represented that its production would be complete, only to revise that position and push out its deadlines. For example, Boeing previously proposed a March 20 production deadline in an effort to preserve a May hearing date, but it has since become clear—even to Boeing—that such a deadline was not feasible. Boeing has now shifted its position again, proposing a June hearing date while extending its own document production into April.

During the parties' March 24 meet and confer, Boeing admitted that its production remains incomplete and could not provide any estimate of the volume of documents still to be produced. This is precisely the problem that necessitated Ligado's motion to compel and underscores why the schedule must be adjusted. The documents produced to date confirm that Boeing did not initially produce critical, highly relevant materials, and that its production remains ongoing. Ligado—and its experts—require a meaningful opportunity to review, analyze, and incorporate whatever materials Boeing ultimately produces into their case. Boeing's proposal, by contrast, would excuse its delayed production while forcing Ligado to proceed on a truncated and shifting

7

record, creating clear and unnecessary prejudice. Ligado's proposed schedule is designed to avoid precisely that outcome by ensuring that discovery is actually complete and that the parties have sufficient time to prepare based on a stable evidentiary record.

Boeing's suggestion that Ligado's proposal and discovery efforts are "designed to delay the resolution of this matter" is incorrect and should be rejected. As Boeing is well aware based on the parties' multiple discussions and emails, Ligado raised the need for additional custodians and appropriate search parameters for months before Boeing ultimately agreed to expand its collection, and did so only when faced with motion practice. Those requests were not tactical— they were necessary to obtain core, highly relevant materials that Boeing had not produced. The resulting volume of documents and timing of their production is a direct consequence of Boeing's earlier refusal to collect from appropriate sources, not any gamesmanship by Ligado.

Nor is there any inconsistency in Ligado's position regarding timing. Ligado consistently sought to proceed on an expedited schedule and could have been prepared for a spring hearing had Boeing timely and substantially completed its document production. It is Boeing's failure to do so—and its subsequent mass, late-stage productions—that rendered the existing schedule unworkable. Under these circumstances, Ligado's proposal of a March 27 production deadline reflects the need to ensure that Boeing actually completes its production promptly so that Ligado and its experts have sufficient time to review and analyze the materials before the close of discovery. Boeing's attempt to characterize that proposal as inconsistent ignores the practical reality that the schedule must now account for its own delays.

In short, requiring Ligado to proceed to trial on an accelerated schedule under these conditions would improperly penalize Ligado for Boeing's discovery failures and lead to an inequitable result.

Second, Ligado would be substantially prejudiced by a June hearing date due to the unavailability of one of its lead trial counsel. As explained to Boeing during the parties' recent meet and confer, one of Ligado's key attorneys—who oversees the day-to-day management of this case and will serve as co-lead trial counsel—will be on medically necessary maternity leave by June 23.  Forcing a June hearing would therefore deprive Ligado of the full participation of a key member of its trial team. To the extent Boeing suggests that this timing reflects a strategic effort by Ligado to delay the hearing and force its desired September hearing date, that is incorrect. Until very recently, the parties were operating under a schedule that contemplated a May hearing date, which would have allowed participation from Ligado's full trial team. It is ***Boeing'***s failure to timely and substantially complete its document production that has necessitated these scheduling adjustments and the present Joint Application.

On Thursday, March 19, Ligado proposed the schedule reflected in **Exhibit 2** to Boeing, explaining that it was based on the parties' previously contemplated September schedule, with only modest adjustments to account for the current state of discovery and case development.  On Tuesday, March 24, Boeing countered that proposal with the June 23–25 trial dates it advances in this Joint Submission. That same afternoon, Ligado raised counsel's medical issue "for the first time" in a sincere expression of candor, in an attempt to avoid the current competing schedules and to explain to Boeing yet another equitable reason necessitating the September trial date outlined in Ligado's March 19 proposal. There was nothing strategic about counsel's medical disclosure or the timing thereof. Boeing's insinuations to the contrary are entirely unfounded. In other words, the need to move the hearing is driven by Boeing's failure to complete its document production—not any strategic maneuver by Ligado. It would be fundamentally unfair to require

Ligado to proceed to trial without one of its lead counsel as a consequence of Boeing's delays, which have necessitated moving the May trial date.

Finally, that prejudice is compounded by the current posture of the case. With Boeing's document production still ongoing and expert work yet to be completed, there is no justification for imposing an accelerated schedule that would both compress Ligado's ability to prepare its case and simultaneously require it to proceed without one of its lead trial attorneys—particularly where Boeing previously agreed to a September hearing date. As the Court emphasized at the March 11 hearing on Ligado's motion to compel, "what is most important here, to [the Court], is that the issues be presented with an opportunity for both parties to put on their cases as fully as possible." Hr'g Tr. Mar. 11, 2026, at 22:10–12.[2]

Ligado's proposed schedule achieves that objective by allowing the case to proceed on a complete record with full participation of counsel. Boeing's proposal would do the opposite— penalizing Ligado for Boeing's production failures and undermining the Court's stated goal. In contrast, Boeing's proposed schedule attempts to accommodate its own delayed document production while simultaneously compressing the remaining pretrial schedule into an unworkable timeframe. That approach would prejudice Ligado and reward Boeing's failure to timely produce discovery.

For these reasons, Ligado respectfully requests that the Court adopt its proposed schedule and set the hearing for September 23–25, 2026, or as soon thereafter as the Court's schedule

---

[2] Boeing's suggestion that the Court directed the parties toward a June hearing date overstates the record. After acknowledging the trial would need to be rescheduled during the March 11 hearing, the Court identified two potential three-day hearing windows on its calendar—June 23–25 and May 27–29—and noted that the latter fell immediately after Memorial Day weekend, indicating only a relative preference between those two options. Hr'g Tr. Mar. 11, 2026, at 22:21–25. The Court did not state or imply that the hearing should proceed on those dates or otherwise express a categorical preference for a June trial setting. *Id.*

permits. A copy of Ligado's proposed order establishing its proposed schedule is attached hereto as **<u>Exhibit 2</u>**.

WHEREFORE, the Debtors and Boeing each respectfully request that the Court enter their respective proposed order.

[*Remainder of page intentionally left blank*]

11

Dated: March 31, 2026
Wilmington, Delaware

*/s/ Robert C. Maddox*

| | |
|---|---|
| Mark D. Collins, Esq. (Bar No. 2981) | Jennifer A. Surpenant, Esq. (admitted *pro hac vice*) |
| Michael J. Merchant, Esq. (Bar No. 3854) | Richard A. Edlin, Esq. (admitted *pro hac vice*) |
| Amanda R. Steele, Esq. (Bar No. 5530) | GREENBERG TRAURIG, LLP |
| Robert C. Maddox, Esq. (Bar No. 5356) | One Vanderbilt Avenue |
| Zachary J. Javorsky, Esq. (Bar No. 7069) | New York, NY 10017 |
| Colin A. Meehan, Esq. (Bar No. 7237) | Telephone: (212) 801-9200 |
| RICHARDS, LAYTON & FINGER, P.A. | Email: SurprenantJ@gtlaw.com |
| One Rodney Square | EdlinR@gtlaw.com |
| 920 North King Street | |
| Wilmington, DE 19801 | Robert W. Angle, Esq. (admitted *pro hac vice*) |
| Telephone:  (302) 651-7700 | GREENBERG TRAURIG, LLP |
| Facsimile:  (302) 651-7701 | 1750 Tysons Boulevard |
| Email:  collins@rlf.com | McLean, VA 22102 |
| merchant@rlf.com | Telephone: (703) 749-1300 |
| steele@rlf.com | Email: AngleW@gtlaw.com |
| maddox@rlf.com | |
| javorsky@rlf.com | Jasmine Sharma, Esq. (admitted *pro hac vice*) |
| meehan@rlf.com | GREENBERG TRAURIG, LLP |
| | 2101 L Street NW, Suite 1000 |
| -and- | Washington, DC 20037 |
| | Telephone: (202) 331-3100 |
| | Email: Jasmine.Sharma@gtlaw.com |

*Counsel for the Debtors*

12

*/s/ Michael D. DeBaecke*

Michael D. DeBaecke (No. 3186)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 654-1888
Email: mdebaecke@ashbygeddes.com

-and-

Heather Lennox (admitted *pro hac vice*)
Oliver S. Zeltner (admitted *pro hac vice*)
Nick Buchta (admitted *pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Tel: (216) 586-3939
Email: hlennox@jonesday.com
        zeltner@jonesday.com
        nbuchta@jonesday.com

Eric P. Stephens (admitted *pro hac vice*)
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3916
Email: epstephens@jonesday.com

Stephen Cowen (admitted *pro hac vice*)
150 W. Jefferson, Suite 2100
Detroit, MI 48226-4438
Tel: (313) 230-7954
Email: scowen@jonesday.com

Matthew E. Papez (admitted *pro hac vice*)
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Tel: (202) 879-3881
Email: mpapez@jonesday.com

*Counsel for The Boeing Company and Boeing Satellite Systems, Inc.*

13