## EXHIBIT 1

**Boeing's Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[3] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 770, 890 & 1348** |

**[BOEING'S PROPOSED] SECOND FURTHER ORDER EXTENDING TIME
TO RESOLVE THE CURE DISPUTE**

This matter coming before the Court on the Joint Certification of Counsel Regarding Competing Scheduling Proposals for the Boeing Cure Dispute between Debtors and Boeing Satellite Systems, Inc. ("Boeing"); the Court having reviewed the Joint Certification; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Joint Certification was sufficient under the circumstances; and the Court having determined that good cause exists to approve Boeing's proposed schedule and grant the relief set forth therein;

**IT IS HEREBY ORDERED THAT:**

1.      Boeing's scheduling request is GRANTED as set forth herein.

---

[3] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

EXHIBIT 1 - 1

2.    The following schedule shall govern litigation regarding the Cure Dispute and modifies and supersedes the schedules set forth in: Paragraphs 1(a)(iii)-1(l) of Exhibit 1 to the Order Approving Stipulation Between Boeing and the Debtors Establishing Schedule Regarding Boeing Cure Dispute, dated August 26, 2025 [Docket No. 890] and Paragraphs 2(c)-2(l) -of Exhibit 1 to the Order Approving Further Stipulation Between Boeing and the Debtors Extending Time to Resolve the Cure Dispute, dated February 9, 2026 [Docket No. 1348]. All other provisions of such prior Orders remain in full force and effect.

a.    Production of all documents responsive to any discovery requests, including Supplemental Discovery Requests, shall be completed on or before April 3, 2026.

b.    By April 8, 2026, each party shall serve a preliminary witness list identifying the fact witnesses it reasonably expects to call at the Cure Dispute Hearing (as defined below). The parties shall make a good faith effort to include only those fact witnesses they reasonably expect may testify. Failure to list a fact witness on a party's preliminary witness list will not preclude that witness from testifying, but parties must promptly update their lists if they reasonably expect to call additional fact witnesses and show good cause for adding a witness not included in the original April 8 list. If a fact witness is identified after this deadline, the opposing party may seek leave to depose that witness notwithstanding any limits on the number of depositions contained in the Cure Dispute Stipulation [Docket No. 770].

c.    Depositions of fact witnesses shall take place between April 20 and May 8,

EXHIBIT 1 - 2

2026, on specific dates to be mutually agreed to by the parties after conferring with each other in good faith.  Unless otherwise agreed to by the parties, depositions shall be conducted in-person at the deponent's preferred location.

d.   Notwithstanding Bankruptcy Rule 9014(c)(2), subdivision (a)(2) of Federal Rule of Civil Procedure 26 ("Rule 26(a)(2)") applies in the Contested Matter.

- The Debtors and Boeing shall make the disclosures required by Rule 26(a)(2) on or before May 15, 2026.

- The Debtors and Boeing shall be permitted to disclose any rebuttal witnesses and serve any rebuttal reports by third-party expert witnesses to address the initial Rule 26(a)(2) disclosures on or before June 1, 2026.

- For the avoidance of doubt: (i) nothing precludes the Debtors or Boeing from submitting a rebuttal report from the same expert used for the initial expert reports and (ii) the rebuttal reports shall not introduce any new factual evidence not already raised by the initial Rule 26(a)(2) disclosures.

- Fact discovery will be completed by, and no new facts shall be introduced after, May 8, 2026, and, to the extent new facts are introduced thereafter, the parties reserve rights to seek to take limited discovery (whether or not such discovery would exceed the limitation on depositions) on such new facts or to supplement any expert reports to the extent permissible under the applicable rules.

EXHIBIT 1 - 3

e.    Fact discovery shall be completed on or before May 8, 2026.

f.    The Debtors and Boeing shall serve on each other a final list of fact and expert witnesses that they intend to call at the evidentiary hearing on or before June 5, 2026.

g.    The Debtors and Boeing shall file pre-trial briefs on or before June 9, 2026.

h.    The Debtors and Boeing shall serve on each other a list of exhibits, including designations of depositions and/or requests for admissions and responses, that each party reserves the right to rely on at the evidentiary hearing on or before June 12, 2026 at 4:00 p.m. (Eastern time). The parties shall file any objections to the list of exhibits on or before June 17, 2026 at 4:00 p.m. (Eastern time).

i.    A hearing (the "Cure Dispute Hearing") shall be scheduled to commence on June 23, 2026, or at the Court's earliest availability thereafter, and continue for three (3) consecutive court days, or such other dates as the Court may direct.

j.    If the Court desires proposed findings of fact and conclusions of law, then the parties shall file them within twenty-one (21) days following the conclusion of the Cure Dispute Hearing, unless otherwise ordered.

k.    The parties shall jointly request expedited resolution of the Cure Dispute following the conclusion of the Cure Dispute Hearing.

3.    Deadlines contained in this Order may be extended by written agreement of the parties without approval of this Court; provided, however, in the event an extension affects any hearing date, the parties shall immediately inform the Court and request that a new hearing date be set at the Court's convenience.

4.    Except for the modification of the date for the Cure Dispute Hearing set forth at

EXHIBIT 1 - 4

Paragraph 2(i) herein, nothing in this Order vacates or modifies the Order Approving Stipulation Between Boeing and the Debtors (I) Resolving the Motion to Compel and (II) Establishing a Schedule Regarding the Boeing Cure Dispute, dated July 28, 2025 [Docket No. 770]. All other provisions of such prior Order remain in full force and effect.

This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge

EXHIBIT 1 - 5