## EXHIBIT 2

**Debtors' Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LIGADO NETWORKS LLC, *et al.*,[1] | Case No. 25-10006 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 770, 890 & 1348** |

**[DEBTORS' PROPOSED] ORDER (I) EXTENDING THE SCHEDULE FOR THE CURE
DISPUTE AND (II) SETTING HEARING DATES**

This matter coming before the Court on the Joint Certification of Counsel Regarding Competing Scheduling Proposals for the Boeing Cure Dispute between Debtors and Boeing Satellite Systems, Inc. ("Boeing"); the Court having reviewed the Joint Certification; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Joint Certification was sufficient under the circumstances; and the Court having determined that good cause exists to approve Boeing's proposed schedule and grant the relief set forth therein;

**IT IS HEREBY ORDERED THAT:**

1.      Debtors' scheduling request is GRANTED as set forth herein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).

EXHIBIT 2 - 1

2.    The following schedule shall govern litigation regarding the Cure Dispute and modifies and supersedes the schedules set forth in: Paragraphs 1(a)(iii)-1(l) of Exhibit 1 to the Order Approving Stipulation Between Boeing and the Debtors Establishing Schedule Regarding Boeing Cure Dispute, dated August 26, 2025 [Docket No. 890] and Paragraphs 2(c)-2(l) -of Exhibit 1 to the Order Approving Further Stipulation Between Boeing and the Debtors Extending Time to Resolve the Cure Dispute, dated February 9, 2026 [Docket No. 1348]. All other provisions of such prior Orders remain in full force and effect.

a.  Production of all documents responsive to any discovery requests shall be completed on or before March 27, 2026.

b.  By April 17, 2026, each party shall serve a preliminary witness list identifying the witnesses it reasonably expects to call at the Cure Dispute Hearing (as defined below). The parties shall make a good faith effort to include only those witnesses they reasonably expect may testify. Failure to list a witness on a party's preliminary witness list will not preclude that witness from testifying, but parties must promptly update their lists if they reasonably expect to call additional witnesses and show good cause for adding a witness not included in the original April 17 list. If a witness is identified after this deadline, the opposing party may seek leave to depose that witness notwithstanding any limits on the number of depositions contained in the Cure Dispute Stipulation [Docket No. 770].

c.  Fact discovery shall be completed on or before June 26, 2026.

d.  Notwithstanding Bankruptcy Rule 9014(c)(2), subdivision (a)(2) of Federal Rule of Civil Procedure 26 ("Rule 26(a)(2)") applies in the Contested

EXHIBIT 2 - 2

Matter.

- The Debtors and Boeing shall make the disclosures required by Rule 26(a)(2) on or before July 10, 2026.

- The Debtors and Boeing shall be permitted to disclose any rebuttal witnesses and serve any rebuttal reports by third-party expert witnesses to address the initial Rule 26(a)(2) disclosures on or before July 24, 2026.

- For the avoidance of doubt: (i) nothing precludes the Debtors or Boeing from submitting a rebuttal report from the same expert used for the initial expert reports and (ii) the rebuttal reports shall not introduce any new factual evidence not already raised by the initial Rule 26(a)(2) disclosures or any fact evidence submitted after June 26, 2026.

- It is the intention of the parties that fact discovery will be completed by, and no new facts shall be introduced after, June 26, 2026. To the extent new facts are introduced thereafter, the parties reserve rights to seek to take limited discovery (whether or not such discovery would exceed the limitation on depositions) on such new facts or to supplement any expert reports to the extent permissible under the applicable rules.

e. All discovery shall be completed on or before August 7, 2026.

f. The Debtors and Boeing shall serve on each other a final list of fact and expert witnesses that they intend to call at the evidentiary hearing on or

EXHIBIT 2 - 3

before August 14, 2026.

g.  The Debtors and Boeing shall file any motions in limine on or before August 21, 2026.

h.  The parties shall file any oppositions to motions in limine on or before August 28, 2026.

i.  The Debtors and Boeing shall serve on each other a list of exhibits, including designations of depositions, that each party reserves the right to rely on at the evidentiary hearing on or before September 2, 2026 at 4:00 p.m. (Eastern time).

j.  The parties shall file any objections to the lists of exhibits and deposition designations on or before September 11, 2026 at 4:00 p.m. (Eastern time).

k.  The Debtors and Boeing shall file pre-trial briefs on or before September 11, 2026.

l.  The evidentiary hearing on the Cure Dispute (the "Cure Dispute Hearing") shall be scheduled to commence on September 23, 2026, or at the Court's earliest availability thereafter, and continue for three (3) consecutive court days, or such other dates as the Court may direct.

m. If the Court desires post-trial briefs, then the parties shall file them within twenty-one (21) days following the conclusion of the Cure Dispute Hearing, unless otherwise ordered.

n.  The parties shall jointly request expedited resolution of the Cure Dispute following the conclusion of the Cure Dispute Hearing.

3.  Deadlines contained in this Order may be extended by written agreement of the parties without approval of this Court; provided, however, in the event an extension affects any

EXHIBIT 2 - 4

hearing date, the parties shall immediately inform the Court and request that a new hearing date be set at the Court's convenience.

4.      Except for the modification of the schedule as set forth herein, nothing in this Order vacates or modifies the Order Approving Stipulation Between Boeing and the Debtors (I) Resolving the Motion to Compel and (II) Establishing a Schedule Regarding the Boeing Cure Dispute, dated July 28, 2025 [Docket No. 770]. That Order remains in effect and binding on both Boeing and the Debtors.

This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.


Dated:
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge


EXHIBIT 2 - 5